IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GIRAFA.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON WEB SERVICES LLC, AMAZON.COM, INC., ALEXA INTERNET, INC., IAC SEARCH & MEDIA, INC., SNAP TECHNOLOGIES, INC., YAHOO!, INC., EXALEAD S.A., and EXALEAD, INC., <br><br> Defendants. | Civil Action No. 07-787 (SLR) |

## SNAP TECHNOLOGIES, INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant Snap Technologies, Inc. (hereafter "Snap"), by and through its attorneys, responds to Plaintiff Girafa.com, Inc.'s ("Plaintiff" or "Girafa") Complaint as follows. The paragraph numbers set forth herein correspond to the same paragraph numbers in the Complaint.

## PARTIES

1. Snap admits that Girafa had brought this action against various defendants, including Snap, seeking monetary damages and injunctive relief for alleged patent infringement by the various defendants. Snap denies that Girafa is entitled to any of the relief sought against Snap, or that Snap has infringed United States Patent 6,864,904 ("'904 Patent" or "patent-in-

1

suit"). As to the other defendants, Snap is without sufficient information to admit or deny the allegations of paragraph 1 of the Complaint, and therefore denies same.

2. Snap is without sufficient information to admit or deny the allegations of paragraph 2 of the Complaint, and therefore denies same.

3. Snap is without sufficient information to admit or deny the allegations of paragraph 3 of the Complaint, and therefore denies same.

4. Snap is without sufficient information to admit or deny the allegations of paragraph 4 of the Complaint, and therefore denies same.

5. Snap is without sufficient information to admit or deny the allegations of paragraph 5 of the Complaint, and therefore denies same.

6. Snap is without sufficient information to admit or deny the allegations of paragraph 6 of the Complaint, and therefore denies same.

7. Snap is without sufficient information to admit or deny the allegations of paragraph 7 of the Complaint, and therefore denies same.

8. Admitted.

9. Snap is without sufficient information to admit or deny the allegations of paragraph 9 of the Complaint, and therefore denies same.

10. Snap is without sufficient information to admit or deny the allegations of paragraph 10 of the Complaint, and therefore denies same.

11. Snap is without sufficient information to admit or deny the allegations of paragraph 11 of the Complaint, and therefore denies same.

12. Snap is without sufficient information to admit or deny the allegations of paragraph 12 of the Complaint, and therefore denies same.

**JURISDICTION AND VENUE**

13. Admitted.

14. Admitted as to 28 U.S.C. §§ 1331 and §1338. Denied as to 28 U.S.C. § 1332.

15. Snap is without sufficient information to admit or deny the allegations of paragraph 15 of the Complaint, and therefore denies same.

16. Snap is without sufficient information to admit or deny the allegations of paragraph 16 of the Complaint, and therefore denies same.

17. Snap is without sufficient information to admit or deny the allegations of paragraph 17 of the Complaint, and therefore denies same.

18. Snap is without sufficient information to admit or deny the allegations of paragraph 18 of the Complaint, and therefore denies same.

19. Snap is without sufficient information to admit or deny the allegations of paragraph 19 of the Complaint, and therefore denies same.

20. Snap is without sufficient information to admit or deny the allegations of paragraph 20 of the Complaint, and therefore denies same.

21. Snap is without sufficient information to admit or deny the allegations of paragraph 21 of the Complaint, and therefore denies same.

22. Snap is without sufficient information to admit or deny the allegations of paragraph 22 of the Complaint, and therefore denies same.

23. Admitted that Snap is incorporated in Delaware. Otherwise, Snap denies the allegations in paragraph 23 of the Complaint. Snap does not purposefully direct the referenced activities into Delaware either directly or through third parties.

24. Snap admits that it is incorporated in the state of Delaware, and to the extent that fact subjects it to personal jurisdiction in the state of Delaware, Snap admits that personal jurisdiction in this Court is proper under Fed.R.Civ.P. 4(k)(1)(A). Otherwise, Snap denies that it is subject to personal jurisdiction in this Court as it does not presently have any direct customers in the state of Delaware; it denies that it has caused tortious injury in the state of Delaware; it does not regularly do or solicit business or otherwise engage in any persistent course of conduct in the state of Delaware; it does not derive substantial revenue from the state of Delaware; and, it does not own real property in the state of Delaware.

25. Snap is without sufficient information to admit or deny the allegations of paragraph 25 of the Complaint, and therefore denies same.

26. Snap is without sufficient information to admit or deny the allegations of paragraph 26 of the Complaint, and therefore denies same.

27. Snap is without sufficient information to admit or deny the allegations of paragraph 27 of the Complaint, and therefore denies same.

28. Snap is without sufficient information to admit or deny the allegations of paragraph 28 of the Complaint, and therefore denies same.

29. Snap is without sufficient information to admit or deny the allegations of paragraph 29 of the Complaint, and therefore denies same.

30. Snap is without sufficient information to admit or deny the allegations of paragraph 30 of the Complaint, and therefore denies same.

31. Snap is without sufficient information to admit or deny that Girafa is a Delaware corporation, and therefore denies same. Snap is likewise without information as to the remainder of the allegations in paragraph 31 of the Complaint as to the other defendants. Snap admits that

this Court is a possible venue for itself as to this case, but denies that this is the proper or most convenient venue

## BACKGROUND

32. Denied. According to the patent-in-suit and the PTO records, the provisional patent application in question was filed on December 6, 1999.

33. Admitted that Girafa filed non-provisional application 09/708,191 on November 8, 2000 and made a priority claim therein to provisional application 60/169,328. Snap does not admit that the provisional application was sufficient to support the scope of the disclosure and claims in the non-provisional application. Except as expressly admitted herein, Snap otherwise denies the allegations of paragraph 33 of the Complaint.

34. Admitted that the '904 Patent issued on March 8, 2005. Otherwise, Snap is without sufficient information to admit or deny the other allegations of paragraph 34 of the Complaint, and therefore denies same.

35. Admitted.

36. Denied.

## PATENT INFRINGEMENT

37. Snap hereby incorporates its responses with respect to paragraphs 1 through 36 hereof as though fully set forth herein.

38. Snap is without sufficient information to admit or deny the other allegations of paragraph 38 of the Complaint, and therefore denies same.

39. Snap admits that it makes, uses, and provides computer and/or computer-related products and/or services including displaying thumbnail images of other websites. Except as expressly admitted, Snap denies the remaining allegations of paragraph 39 of the Complaint.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Prior Use By Others – 35 U.S.C. § 102(a))

45. Certain of the claims of the patent are unpatentable because "the invention was known or used by others in this country … before the invention thereof by the applicant for patent."

### SECOND AFFIRMATIVE DEFENSE

(Prior Publication – 35 U.S.C. § 102(b))

46. Certain of the claims of the patents-in-suit are unpatentable because "the invention was patented or described in a printed publication in this or a foreign country … more than one year prior to the date of the application for patent in the United States."

### THIRD AFFIRMATIVE DEFENSE

(Public Use – 35 U.S.C. § 102(b))

47.     Certain of the claims of the patents-in-suit are unpatentable because "the invention was in public use ... in this country, more than one year prior to the date of the application for patent in the United States."

**FOURTH AFFIRMATIVE DEFENSE**

(Obviousness – 35 U.S.C. § 103)

48.     Certain of the claims of the patents-in-suit are unpatentable for lack of non-obviousness.

**FIFTH AFFIRMATIVE DEFENSE**

(Indefiniteness – 35 U.S.C. § 112, ¶ 2)

49.     Certain of the claims of the patents-in-suit are unpatentable as indefinite pursuant to 35 U.S.C. § 112, ¶ 2.

**SIXTH AFFIRMATIVE DEFENSE**

(Lack of Causation)

50.     To the extent any infringements occurred, which Snap denies, Plaintiff is not entitled to recover any damages due to lack of causation.

**SEVENTH AFFIRMATIVE DEFENSE**

(Valid Competition)

51. Some or all of the claims for relief in the Complaint are barred because the conduct alleged by Plaintiff was privileged to the extent that Snap may be considered a competitor of Plaintiff and the actions alleged concern matters within the scope of such privilege.

### EIGHTH AFFIRMATIVE DEFENSE

(Intent to Injure Competition/Restraint of Free Trade)

52. Plaintiff has used, and continues to use, whatever patent rights it may have, the existence of which are specifically denied, with the intent and result of restraining trade and of injuring competition, such that Plaintiff's alleged patent rights are unenforceable in this action.

### NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

53. Plaintiff is not entitled to recover damages in any amount because it has failed to mitigate its damages at all times relevant herein.

### TENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

54. Plaintiff's claims are barred because any damages possibly available in connection therewith are speculative and uncertain.

### ELEVENTH AFFIRMATIVE DEFENSE

(Inconvenient Venue)

55. This district is not the most convenient district for this case, as Snap's principal place of business, documents, and witnesses, are located in the Central District of California.

## COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff, Snap, for its counterclaims against Plaintiff and Counterclaim-Defendant, Girafa, Cislo & Thomas LLP, hereby alleges as follows:

56. This counterclaim seeks a declaratory judgment of non-infringement and invalidity of the '904 Patent under the provisions of 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code.

## JURISDICTION

57. This Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

58. Girafa is subject to personal jurisdiction in this judicial district by virtue of its incorporation in the state of Delaware, its having its principal place of business in this judicial district, and its submitting to the jurisdiction of this Court by virtue of filing this action in this Court.

59. Venue as to Girafa in this judicial district is proper under 28 U.S.C. §§ 1391 and 1400.

60. Girafa alleges in its Complaint that Snap has infringed the patent-in-suit. Snap denies Girafa's allegations of infringement of the patent-in-suit. Snap does not, and has not, in any way infringed the patent-in-suit. As such, an actual and justiciable controversy therefore exists between Girafa and Snap with respect to Snap's alleged infringement of the patent-in-suit.

## COUNT I

(Declaratory Judgment of Non-Infringement)

61.     Snap repeats and incorporates the facts and allegations of paragraphs 1 through 60 of its Answer to Complaint, Affirmative Defenses, and Counterclaim, inclusive, as though fully set forth herein.

62.     Snap has not, nor has it ever, directly infringed, contributorily infringed, or induced others to infringe, any valid claim, if any, of the '904 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

63.     Snap's technology that Girafa contends infringes the '904 Patent is not covered by any valid claim, if any, of the '904 Patent, either literally or under the doctrine of equivalents.

64.     Accordingly, there exists an actual justiciable controversy between Girafa and Snap concerning whether any claims of the '904 Patent are infringed by Snap.

65.     Snap requests a judgment declaring that Snap does not, and has not, directly infringed, contributorily infringed, or induced others to infringe the '904 Patent.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the '904 Patent.

## COUNT II

(Declaratory Judgment of Invalidity)

66.     Snap repeats and incorporates the facts and allegations of paragraphs 1 through 60 of its Answer to Complaint, Affirmative Defenses, and Counterclaim, inclusive, as though fully set forth herein.

67. The '904 Patent and some or all of its claims have been, and are, invalid on the grounds that the subject matter sought to be patented therein fails to comply with the conditions and requirements for patentability set forth in Title 35, United States Code, including, but not limited to, the provisions of 35 U.S.C. §§ 102(a), 102(b), 103, and 112.

68. Accordingly, there exists an actual justiciable controversy between Girafa and Snap concerning whether some or all of the claims of the '904 Patent are invalid.

69. Snap requests a judgment declaring that the '904 Patent is invalid. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the '904 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Snap respectfully requests that this Court enter a judgment in its favor and against Girafa as follows:

(1) Striking Girafa's Complaint;

(2) Dismissing Girafa's Complaint with prejudice in its entirety, with Girafa to take nothing thereby;

(3) Denying Girafa any of the relief it has requested;

(4) Declaring that Snap does not infringe, and has not ever infringed U.S. Patent No. 6,864,904 directly, contributorily or by inducement, literally, under the doctrine of equivalents, willfully or otherwise;

(5) Declaring that each claim of U.S. Patent No. 6,864,904 is invalid and without any force or effect against Snap, its officers, agents, servants, employees, licensees, assigns, customers, and/or attorneys;

(6) Awarding Snap the relief requested in its Answer to Complaint, Affirmative Defenses, and Counterclaim;

(7) Deeming this to be an "exceptional case" within the meaning of 35 U.S.C. § 285, and awarding Snap its attorney's fees, expenses and costs incurred herein;

(8) Awarding Snap such other and further relief as this Court may deem just and proper.

**CONNOLLY BOVE LODGE & HUTZ LLP**

Dated: January 15, 2008

By: */s/ Arthur G. Connolly, III*
Arthur G. Connolly, III (#2667)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
Email: AConnollyIII@cblh.com

*Of Counsel*:
Daniel M. Cislo, Esq.
Mark D. Nielsen, Esq.
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
Telephone: (310) 451-0647
Telefax: (310) 394-4477
Attorneys for Defendant/Counterclaim
Plaintiff Snap Technologies, Inc.

## DEMAND FOR JURY TRIAL

Snap demands a trial by jury on all issue so triable, pursuant to Fed.R.Civ.P. 38.

                              **CONNOLLY BOVE LODGE & HUTZ LLP**

Dated: January 15, 2008          By: _/s/ Arthur G. Connolly, III_
                                          Arthur G. Connolly, III (#2667)
                                           1007 N. Orange Street
                                           P.O. Box 2207
                                           Wilmington, DE 19899
                                           Tel: (302) 658-9141
                                           Email: AConnollyIII@cblh.com

                                           Attorneys for Defendant/Counterclaim-
                                           Plaintiff Snap Technologies, Inc.

_Of Counsel_:
Daniel M. Cislo, Esq.
Mark D. Nielsen, Esq.
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
Telephone: (310) 451-0647
Telefax: (310) 394-4477

586255_1