IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GIRAFA.COM, INC.,<br><br>           Plaintiff,<br><br>    v.<br><br>AMAZON WEB SERVICES LLC;<br>AMAZON.COM, INC.; ALEXA INTERNET,<br>INC.; IAC SEARCH & MEDIA, INC.; SNAP<br>TECHNOLOGIES, INC.; YAHOO! INC.;<br>SMARTDEVIL, INC.; EXALEAD, INC.; and<br>EXALEAD S.A.,<br><br>           Defendants. | C.A. No. 07-787-SLR<br><br>TRIAL BY JURY DEMANDED |

## IAC SEARCH & MEDIA, INC.'S ANSWER TO GIRAFA.COM'S COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant and counterclaimant IAC Search & Media, Inc. ("IAC") by and through its undersigned counsel, answers the Complaint for Patent Infringement ("Complaint") of plaintiff and asserts counterclaims against counterdefendant Girafa.com, Inc. ("Plaintiff"), as follows:

1.    IAC admits that Plaintiff has brought this action seeking monetary damages and injunctive relief against the listed defendants. IAC denies that Plaintiff is entitled to the relief it seeks or any relief at all from IAC and specifically denies that IAC infringes United States Patent No. 6,864,904 (the "'904 patent"). IAC denies any remaining allegations in paragraph 1 of the Complaint.

### PARTIES

2.    IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint, and therefore denies them.

3. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint, and therefore denies them.

4. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint, and therefore denies them.

5. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint, and therefore denies them.

6. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint, and therefore denies them.

7. IAC admits the allegations in paragraph 7 of the Complaint.

8. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint, and therefore denies them.

9. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint, and therefore denies them.

10. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint, and therefore denies them.

11. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint, and therefore denies them.

12. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint, and therefore denies them.

## JURISDICTION AND VENUE

13. In response to paragraph 13 of the Complaint, IAC admits that the action purports to arise under the patent laws of the United States.

14. In response to paragraph 14 of the Complaint, IAC admits that this Court has subject matter jurisdiction over Plaintiff's action.

15. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint, and therefore denies them.

16. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint, and therefore denies them.

17. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint, and therefore denies them.

18. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint, and therefore denies them.

19. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint, and therefore denies them.

20. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint, and therefore denies them.

21. In response to paragraph 21 of the Complaint, IAC admits it is incorporated in the State of Delaware and conducts business in this District through, among other things, the Ask.com website. IAC denies the remaining allegations of paragraph 21.

22. In response to paragraph 22 of the Complaint, and solely for the purpose of this action, IAC admits that it is subject to personal jurisdiction in this District.

23. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Complaint, and therefore denies them.

24. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Complaint, and therefore denies them.

25. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Complaint, and therefore denies them.

RLF1-3243980-1

26. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 of the Complaint, and therefore denies them.

27. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27 of the Complaint, and therefore denies them.

28. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 of the Complaint, and therefore denies them.

29. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Complaint, and therefore denies them.

30. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 of the Complaint, and therefore denies them.

31. In response to paragraph 31 of the Complaint, and solely for the purpose of this action, IAC does not contest venue in this District. IAC admits that it resides in Delaware. IAC further admits that it provides website services to users in this District. IAC denies that it has committed any acts that give rise to this action. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 31 of the Complaint, and therefore denies them.

## BACKGROUND

32. IAC denies each and every allegation of paragraph 32 of the Complaint.

33. In response to paragraph 33 of the Complaint, IAC admits that non-provisional application 09/708,191 was apparently filed on November 8, 2000, and that this application purports to claim priority to provisional application 60/169,328. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 33 of the Complaint, and therefore denies them.

34. In response to paragraph 34 of the Complaint, IAC admits that the United States Patent and Trademark Office apparently issued the '904 patent, entitled "Framework for Providing Visual Context to WWW Hyperlinks," on March 8, 2005, but denies that the '904 patent was duly and legally issued.

35. In response to paragraph 35 of the Complaint, IAC admits that Exhibit A appears to be a true and correct copy of the '904 patent.

36. IAC denies the allegations in paragraph 36 of the Complaint that pertain to IAC. To the extent the allegations set forth in paragraph 36 relate to other defendants, IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

## PATENT INFRINGEMENT

37. In response to paragraph 37 of the Complaint, IAC reasserts and incorporates its responses to paragraphs 1 through 36.

38. IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 38 of the Complaint, and therefore denies them.

39. IAC denies the allegations in paragraph 39 of the Complaint that pertain to IAC. To the extent the allegations set forth in paragraph 39 relate to other defendants, IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

40. IAC denies the allegations in paragraph 40 of the Complaint that pertain to IAC. To the extent the allegations set forth in paragraph 40 relate to other defendants, IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

41. IAC denies the allegations in paragraph 41 of the Complaint that pertain to IAC. To the extent the allegations set forth in paragraph 41 relate to other defendants, IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

42. IAC denies the allegations in paragraph 42 of the Complaint that pertain to IAC. To the extent the allegations set forth in paragraph 42 relate to other defendants, IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

43. IAC denies the allegations in paragraph 43 of the Complaint that pertain to IAC. To the extent the allegations set forth in paragraph 43 relate to other defendants, IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations in paragraph, and therefore denies them.

44. IAC denies the allegations in paragraph 44 of the Complaint that pertain to IAC. To the extent the allegations set forth in paragraph 44 relate to other defendants, IAC is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

**PRAYER FOR RELIEF**

IAC denies that Plaintiff is entitled to any or all of the relief sought by its Prayer for Relief, set forth on page 7 of the Complaint.

**AFFIRMATIVE DEFENSES**

Without admitting or acknowledging that it bears the burden of proof as to any of them, IAC asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available.

RLF1-3243980-1

### FIRST AFFIRMATIVE DEFENSE
**Non-Infringement of the '904 patent**

IAC has not infringed, and is not infringing, any valid and enforceable claim of the '904 patent.

### SECOND AFFIRMATIVE DEFENSE
**Invalidity and/or Enforceability of the '904 patent**

The claims of the '904 patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE
**Prosecution History Estoppel**

The claims of the '904 patent are so limited by the prior art, by their terms, and/or by representations made to the United States Patent and Trademark Office during prosecution of the application which resulted in the '904 patent that none of the claims of the patent are infringed by IAC.

### FOURTH AFFIRMATIVE DEFENSE
**Unclean Hands**

On information and belief, the claims of the '904 patent are unenforceable due to Plaintiff's unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
**Lack of Standing**

On information and belief, Plaintiff lacks standing necessary to assert the claims of the '904 patent against IAC.

### SIXTH AFFIRMATIVE DEFENSE
**Lack of Notice, Marking**

Prior to receiving a copy of the Complaint in this action, IAC had neither actual nor constructive notice of the '904 patent. Upon information and belief, Plaintiff is not entitled to

any damages for any period prior to filing of the Complaint, by reason of the failure to properly mark products embodying the claims of the '904 patent as required by 35 U.S.C. § 287.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, IAC Search & Media, Inc. ("IAC") for its Counterclaims against Girafa.com, Inc. ("Plaintiff"), alleges as follows:

## PARTIES

1.  IAC is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Oakland, California.

2.  Plaintiff alleges that it is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Wilmington, Delaware.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## COUNTERCLAIMS

5.  The '904 patent was issued, albeit improperly, by the United States Patent and Trademark Office on March 8, 2005. Plaintiff claims to be the exclusive licensee with all substantial rights to the '904 patent.

6.  Plaintiff has alleged that certain acts by IAC infringe the '904 patent. IAC has denied that it infringes any valid or enforceable claim of the '904 patent.

7.  An actual controversy exists between IAC and Plaintiff regarding the validity, enforceability, and infringement of any valid and enforceable claim of the '904 patent.

## FIRST CAUSE OF ACTION
**Declaratory Judgment of Non-Infringement**

8. IAC incorporates the allegations in paragraphs 1 through 44 of its Answer, its Affirmative Defenses, and paragraphs 1 through 7 of these Counterclaims as if fully set forth herein.

9. IAC has not infringed, and is not infringing, any valid and enforceable claim of the '904 patent.

## SECOND CAUSE OF ACTION
**Declaratory Judgment of Invalidity and/or Unenforceability**

10. IAC incorporates the allegations in paragraphs 1 through 44 of its Answer, its Affirmative Defenses, and paragraphs 1 through 9 of these Counterclaims as if fully set forth herein.

11. The '904 patent is invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

## EXCEPTIONAL CASE

12. On information and belief, this is an exceptional case entitling IAC to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Plaintiff's assertion of the '904 patent against IAC with the knowledge that the '904 patent is not infringed and/or is invalid.

RLF1-3243980-1

## RELIEF REQUESTED

WHEREFORE, IAC respectfully requests the following relief:

1. A judgment in favor of IAC denying Plaintiff all relief requested in its Complaint in this action and dismissing Plaintiff's Complaint for patent infringement with prejudice;

2. A judgment declaring that each claim of the '904 patent is invalid and/or unenforceable;

3. A judgment declaring that IAC has not infringed, and is not infringing, any valid and/or enforceable claim of the '904 patent, and that IAC has not contributed to or induced, and is not contributing to or inducing, infringement of any valid and/or enforceable claim of the '904 patent;

4. A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding IAC its costs, expenses, and reasonable attorneys' fees; and

5. That the Court award IAC such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), IAC demands a trial by jury on all issues so triable.

Of Counsel:
Claude M. Stern
Jennifer A. Kash
Antonio Sistos
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6600

/s/ Anne Shea Gaza
Jeffrey L. Moyer (#3309)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7525
Moyer@RLF.com
Gaza@RLF.com
*Attorneys for IAC Search & Media, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2008, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Steven J. Balick, Esquire
John G. Day, Esquire
Tiffany Geyer Lydon, Esquire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

I hereby certify that on January 15, 2008, I sent by Federal Express the foregoing document to the following non-registered participants:

William H. Mandir, Esquire
John F. Rabena, Esquire
Sughrue Mion, PLLC
2100 Pennsylvania Ave., N.W.
Washington D.C. 20037

Anne Shea Gaza (#4093)
gaza@rlf.com