IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GIRAFA.COM, INC.,                              )
                                               )
            Plaintiff,                         )
                                               )
    v.                                         )
                                               )        C.A. No. 07-787 (SLR)
AMAZON WEB SERVICES LLC,                       )
AMAZON.COM, INC., ALEXA INTERNET,              )        JURY TRIAL DEMANDED
INC., IAC SEARCH & MEDIA, INC.,                )
SNAP TECHNOLOGIES, INC., YAHOO!                )
INC., SMARTDEVIL INC., EXALEAD, INC.           )
and EXALEAD S.A.,                              )
                                               )
            Defendants.                        )

**EXALEAD S.A. AND EXALEAD, INC.'S ANSWER TO
GIRAFA.COM, INC.'S COMPLAINT FOR PATENT INFRINGEMENT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendants Exalead S.A. and Exalead, Inc. (collectively, "Exalead") by its undersigned counsel

hereby answers Girafa.com, Inc.'s Complaint for Patent Infringement and Counterclaims for Declaratory

Judgment of Non-Infringement and Invalidity as follows:

1.      Plaintiff Girafa.com, Inc. ("Girafa" or "Plaintiff"), by and through its attorneys,
brings this action seeking monetary damages and injunctive relief against Defendants Amazon Web
Services LLC ("AWS"), Amazon.com, Inc. (Amazon), Alexa Internet, Inc., ("Alexa"), IAC
Search & Media, Inc. ("IAC"), Snap Technologies, Inc., ("Snap"), Yahoo! Inc., ("Yahoo"), Smartdevil Inc.,
("Smartdevil"), Exalead, Inc., ("Exalead, Inc."), and Exalead S.A., (Exalead, S.A.) (collectively
"Defendants"), to remedy Defendants' infringement of United States Patent No. 6,864,904 ("the '904
Patent"), in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 et seq., and the harm caused
thereby.

**RESPONSE TO NO. 1:**

Exalead admits that Girafa has brought this action against various defendants, including

Exalead, seeking monetary damages and injunctive relief for alleged patent infringement.

Exalead denies that Girafa is entitled to any of the relief sought against Exalead, or that Exalead

has infringed United States Patent 6,864,904 ("'904 Patent"). As to the other defendants,

Exalead is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1, and therefore denies such averments.

## PARTIES

2.    Plaintiff Girafa is a corporation organized and existing under the laws of Delaware, having its principal place of business at 1313 N. Market Street, Suite 5100, Wilmington, Delaware 19801.

**RESPONSE TO NO. 2:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 2, and therefore denies such averments.

3.    Plaintiff Girafa owns the entire right, title, and interest in United States Patent No. 6,864,904, described below, for a framework for providing visual context to WWW hyperlinks.

**RESPONSE TO NO. 3:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 3, and therefore denies such averments.

4.    On information and belief, Defendant AWS is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at 1200 12th Avenue South, Seattle, Washington 98144-2734.

**RESPONSE TO NO. 4:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 4, and therefore denies such averments.

5.    Defendant Amazon is a corporation organized and existing under the laws of Delaware, with a principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144-2734.

**RESPONSE TO NO. 5:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 5, and therefore denies such averments.

6.    Defendant Alexa is a corporation organized and existing under the laws of California, with a principal place of business at Presidio of San Francisco, Building 37, P.O. Box 29141, San Francisco, California 94129.

**RESPONSE TO NO. 6:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of

the averments in paragraph 6, and therefore denies such averments.

7.    Defendant IAC is a corporation organized and existing under the laws of Delaware, with a principal place of business at 555 12th Street, Suite 500, Oakland, California 94607.

**RESPONSE TO NO. 7:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of

the averments in paragraph 7, and therefore denies such averments.

8.    Defendant Snap is a corporation organized and existing under the laws of Delaware, with a principal place of business at 130 West Union Street, Pasadena, California 91103.

**RESPONSE TO NO. 8:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of

the averments in paragraph 8, and therefore denies such averments.

9.    Defendant Yahoo is a corporation organized and existing under the laws of Delaware, with a principal place of business at 701 First Avenue, Sunnyvale, California 94089.

**RESPONSE TO NO. 9:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of

the averments in paragraph 9, and therefore denies such averments.

10.    Defendant Smartdevil is a corporation organized and existing under the laws of Canada, with a principal place of business at 2156 Rousseau, Montreal QC H8N 1K7 Canada.

**RESPONSE TO NO. 10:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of

the averments in paragraph 10, and therefore denies such averments.

11.    Defendant Exalead, Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business at 90 Park Avenue, New York, New York 10016.

**RESPONSE TO NO. 11:**

Admitted.


12.    Defendant Exalead, S.A. is a corporation organized and existing under the laws of France, with a principal place of business at 10, place de la Madeleine, Paris, France 75008.

**RESPONSE TO NO. 12:**

Admitted.


## JURISDICTION AND VENUE

13.    This is an action arising under the patent laws of the United States.

**RESPONSE TO NO. 13:**

Admitted.


14.    This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.

**RESPONSE TO NO. 14:**

Admitted.


15.    AWS, directly and/or through third parties, is doing business in this judicial district by selling, offering to sell, and otherwise making available its products and services, including the "http://deveoper.amazonwebservices.com" website.

**RESPONSE TO NO. 15:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of

the averments in paragraph 15, and therefore denies such averments.


16.    Accordingly, this Court has personal jurisdiction over AWS pursuant to Fed. R. Civ. P. 4(k)(1)(A) and 10 Del. C. § 3104(b) and (c).

**RESPONSE TO NO. 16:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of

the averments in paragraph 16, and therefore denies such averments.

4

17.    Amazon, directly and/or through third parties, is doing business in this judicial district by selling, offering to sell, and otherwise making available its products and services, including the "Amazon.com" website.  Amazon is also incorporated in Delaware.

**RESPONSE TO NO. 17:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of

the averments in paragraph 17, and therefore denies such averments.

18.    Accordingly, this Court has personal jurisdiction over Amazon pursuant to Fed. R. Civ. P. 4(k)(1)(A) and 10 Del. C. § 3104(b) and (c).

**RESPONSE TO NO. 18:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of

the averments in paragraph 18, and therefore denies such averments.

19.    Alexa, directly and/or through third parties, is doing business in this judicial district by selling, offering to sell, and otherwise making available its products and services, including the "Alexa.com" website.

**RESPONSE TO NO. 19:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of

the averments in paragraph 19, and therefore denies such averments.

20.    Accordingly, this Court has personal jurisdiction over Alexa pursuant to Fed. R. Civ. P. 4(k)(1)(A) and 10 Del. C. § 3104(b) and (c).

**RESPONSE TO NO. 20:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of

the averments in paragraph 20, and therefore denies such averments.

21.    IAC, directly and/or through third parties, is doing business in this judicial district by selling, offering to sell, and otherwise making available its products and services, including the "Ask.com" website.  IAC is also incorporated in Delaware.

**RESPONSE TO NO. 21:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of

the averments in paragraph 21, and therefore denies such averments.

22.    Accordingly, this Court has personal jurisdiction over IAC pursuant to Fed. R. Civ. P. 4(k)(1)(A) and 10 Del. C. § 3104(b) and (c).

**RESPONSE TO NO. 22:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of

the averments in paragraph 22, and therefore denies such averments.

23.    Snap, directly and/or through third parties, is doing business in this judicial district by selling, offering to sell, and otherwise making available its products and services, including the "Snap.com" website, Snap Shots$^{TM}$, and the Snap Shots$^{TM}$ browser add-on. Snap is also incorporated in Delaware.

**RESPONSE TO NO. 23:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of

the averments in paragraph 23, and therefore denies such averments.

24.    Accordingly, this Court has personal jurisdiction over Snap pursuant to Fed. R. Civ. P. 4(k)(1)(A) and 10 Del. C. § 3104(b) and (c).

**RESPONSE TO NO. 24:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of

the averments in paragraph 24, and therefore denies such averments.

25.    Yahoo, directly and/or through third parties, is doing business in this judicial district by selling, offering to sell, and otherwise making available its products and services, including Yahoo's www.mybloglog.com website, Yahoo! Bookmarks service, and the "Del.icio.us" website. Yahoo is also incorporated in Delaware.

**RESPONSE TO NO. 25:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of

the averments in paragraph 25, and therefore denies such averments.

26.    Accordingly, this Court has personal jurisdiction over Yahoo pursuant to Fed. R. Civ. P. 4(k)(1)(A) and 10 Del. C. § 3104(b) and (c).

**RESPONSE TO NO. 26:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of

the averments in paragraph 26, and therefore denies such averments.

27.    Smartdevil, directly and/or through third parties, is doing business in this judicial district by selling, offering to sell, and otherwise making available its products and services, including the "Thumbshots.com" and "thumbshots.org" website.

**RESPONSE TO NO. 27:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of

the averments in paragraph 27, and therefore denies such averments.

28.    Accordingly, this Court has personal jurisdiction over Smartdevil pursuant to Fed. R. Civ. P. 4(k)(1)(A) and 10 Del. C. § 3104(b) and (c).

**RESPONSE TO NO. 28:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of

the averments in paragraph 28, and therefore denies such averments.

29.    Exalead, Inc. and Exalead S.A., directly and/or through third parties, are doing business in this judicial district by selling, offering to sell, and otherwise making available their products and services, including the "Exalead.com" website and exalead one:search$^{TM}$, one:workgroup$^{TM}$, one:enterprise$^{TM}$, and one:datacenter$^{TM}$. Exalead Inc. is also incorporated in Delaware.

**RESPONSE TO NO. 29:**

Exalead admits that Exalead, Inc. is incorporated in Delaware and sells and offers for sale

the one:search$^{TM}$, one:workgroup$^{TM}$, one:enterprise$^{TM}$, and one:datacenter$^{TM}$ products. Exalead

admits that Exalead S.A. conducts business in this District through the website

http://www.exalead.com to individuals with access to the Internet. Except as expressly admitted,

Exalead denies the remaining allegations.

30.    Accordingly, this Court has personal jurisdiction over Exalead Inc. and Exalead S.A. pursuant to Fed. R. Civ. P. 4(k)(1)(A) and 10 Del. C. § 3104(b) and (c).

**RESPONSE TO NO. 30:**

Admitted.


31.    Girafa is a Delaware corporation. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) for at least the reasons that the Defendants reside in Delaware and/or each have committed acts within this judicial district giving rise to this action and do business in this district at least by providing website services to users in this district.

**RESPONSE TO NO. 31:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of

the averments in paragraph 31, and therefore denies such averments.


## BACKGROUND

32.    On December 9, 1999, Girafa filed provisional application 60/169,328 for a United States Patent.

**RESPONSE TO NO. 32:**

Denied.  The '904 Patent indicates that the provisional application 60/169,328 was filed

on December 6, 1999.


33.    On November 8, 2000, Girafa filed non-provisional application 09/708,191 for a United States Patent claiming priority based on provisional application 60/169,328.

**RESPONSE TO NO. 33:**

Admitted that Girafa filed non-provisional application 09/708,191 on November 8, 2000

and made a priority claim therein to provisional application 60/169,328.  Otherwise, Exalead is

without knowledge or information sufficient to form a belief as to the truth of the averments in

paragraph 33, and therefore denies such averments.


34.    On March 8, 2005, the patent application mentioned in paragraph 33 was duly and legally issued, by the United States Patent and Trademark Office, as United States Patent No. 6,864,904 BI ("the '904 Patent"), entitled "Framework for Providing Visual Context to WWW Hyperlinks."

**RESPONSE TO NO. 34:**

Admitted that the '904 Patent entitled "Framework for Providing Visual Context to WWW Hyperlinks" was issued on March 8, 2005, but denied that the '904 Patent was duly and legally issued.

35.    A true and correct copy of the '904 Patent is attached hereto as Exhibit A.

**RESPONSE TO NO. 35:**

Admitted.

36.    On information and belief, Defendants have offered and continue to offer products and services which infringe the '904 Patent.

**RESPONSE TO NO. 36:**

Denied as to Exalead.  Exalead is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 36, and therefore denies such averments.

## PATENT INFRINGEMENT

37.    Girafa incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth at length.

**RESPONSE TO NO. 37:**

Exalead hereby incorporates its responses with respect to paragraphs 1 through 36 as though fully set forth herein.

38.    Plaintiff Girafa owns all right, title, and interest in the '904 Patent, including the right to sue thereon and the right to recover for infringement thereof.

**RESPONSE TO NO. 38:**

Exalead is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 38, and therefore denies such averments.

39.    On information and. belief, Defendants make, use, import, offer to sell, market, provide, and/or sell, directly or through third parties, computer and computer-related products and services, including thumbnail images of websites and websites displaying thumbnail images of other websites, in the United States and worldwide.

**RESPONSE TO NO. 39:**

Exalead admits that it makes, uses, and provides computer and/or computer-related products and/or services including displaying thumbnail images of other websites.  Exalead is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 39, and therefore denies such averments.

40.    On information and belief, Defendants, through the activities and products listed and described in the paragraphs above, have infringed and are directly infringing the '904 Patent, and are also aiding, abetting, and contributing to, and actively inducing infringement of the '904 Patent by non-parties, in the United States and countries foreign thereto, in violation of 35 U.S.C. § 271.

**RESPONSE TO NO. 40:**

Denied as to Exalead.  Exalead is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 40, and therefore denies such averments.

41.    By reason of Defendants' infringing activities, Girafa has suffered, and will continue to suffer, substantial damages in an amount yet to be determined.

**RESPONSE TO NO. 41:**

Denied as to Exalead.  Exalead is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 41, and therefore denies such averments.

42.    Defendants' acts complained of herein have damaged and will continue to damage Girafa irreparably.  Girafa has no adequate remedy at law for these wrongs and injuries. Girafa is therefore entitled to a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants, and employees, and all persons and entities acting on behalf thereof or in concert therewith, from infringing the claims of the '904 Patent.

**RESPONSE TO NO. 42:**

Denied as to Exalead.  Exalead is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 42, and therefore denies such averments.

43.     Defendants are not licensed or otherwise authorized to make, use, import, offer to sell, market, provide, or sell any product or method claimed in the '904 Patent, and Defendants' infringing conduct is, in every instance, without Girafa's consent.

**RESPONSE TO NO. 43:**

Denied as to Exalead.  Exalead is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 43, and therefore denies such averments.

44.     On information and belief, Defendants' infringement has been and continues to be willful.

**RESPONSE TO NO. 44:**

Denied as to Exalead.  Exalead is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 44, and therefore denies such averments.

## <u>PRAYER FOR RELIEF</u>

Exalead denies that Plaintiff is entitled to any or all of the relief sought by its Prayer for Relief, set forth in Girafa's Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Noninfringement)

45.    Exalead does not and has not infringed any valid and enforceable claim of the '904 Patent literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
(Invalidity)

46.    The claims of the '904 Patent that are allegedly infringed by Exalead are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, Sections 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
(Prosecution History Estoppel)

47.    The claims of the '904 Patent are and were limited by amendment, by the prior art, by their terms, and/or by representations made to the United States Patent and Trademark Office during prosecution of the application which resulted in the '904 Patent, such that the claims of the '904 Patent are of insufficient scope to cover the accused products and methods.

## RESERVATION OF DEFENSES

48.    To the extent not already pled, Exalead reserves its right to add additional defenses pending further investigation and discovery.

## COUNTERCLAIMS

49.    Defendant and Counterclaimants Exalead S.A. and Exalead, Inc. (collectively, "Exalead") by its undersigned counsel hereby states its Counterclaims for Declaratory Relief:

**PARTIES**

50.     Counterclaimant Exalead S.A. is a corporation organized and existing under the laws of France, with a principal place of business at 10, place de la Madeleine, Paris, France 75008.

51.     Counterclaimant Exalead, Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 90 Park Avenue, New York, NY 10016.

52.     Girafa alleges that it is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Wilmington, Delaware.

**JURISDICTION AND VENUE**

53.     This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

54.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

**COUNTERCLAIMS**

55.     Girafa alleges in its Complaint that Exalead has infringed the '904 Patent. Exalead does not, and has not, infringed the '904 Patent.  As such, an actual and justiciable controversy exists between Girafa and Exalead with respect to Exalead's alleged infringement.

**FIRST COUNTERCLAIM**
(Declaratory Judgment of Noninfringement)

56.     Exalead incorporates the allegations in paragraphs 1-55 of its Answer, its Affirmative Defenses, and Counterclaims as if set forth herein.

57.     Exalead has not infringed, and is not infringing, any valid and enforceable claim of the '904 Patent.

## SECOND COUNTERCLAIM
(Declaratory Judgment of Invalidity)

58.     Exalead incorporates the allegations in paragraphs 1-57 of its Answer, its Affirmative Defenses, and Counterclaims as if set forth herein.

59.     The claims of the '904 Patent that are allegedly infringed by Exalead are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, Sections 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Exalead respectfully requests the following relief:

a)     A judgment in favor or Exalead and against Girafa on Exalead's Counterclaims;

b)     A judgment in favor of Exalead and against Girafa on Girafa's claims against Exalead for patent infringement;

c)     A judgment declaring that Exalead does not infringe, and has never infringed any valid and/or enforceable claim of the '904 Patent directly, contributorily or by inducement, literally, under the doctrine of equivalents, willfully, or otherwise;

d)     A judgment declaring that each claim of the '904 Patent is invalid and/or unenforceable;

e)     A judgment finding this case exceptional under Title 35 of the United States Code, Section 285, and ordering Girafa to pay Exalead its costs and reasonable attorneys' fees; and

f)      That the Court grant such other relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*

_____
Thomas C. Grimm (#1098)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
*Attorneys for Defendants Exalead, Inc.*
*and Exalead S.A.*

*OF COUNSEL:*

Harold V. Johnson
Scott A. Timmerman
BRINKS HOFER GILSON & LIONE
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL  60611-5599
(312) 321-4200

January 30, 2008
1435287

CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to all registered participants.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on January 30, 2008 upon the following individuals in the manner indicated:

**BY HAND & E-MAIL**

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
*Attorneys for Plaintiff*

**BY E-MAIL**

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
*Attorneys for Defendants*
*Amazon Web Services LLC, Amazon.com, Inc.,*
*and Alexa Internet, Inc.*


Arthur G. Connolly, III
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
*Attorneys for Defendant*
*Snap Technologies, Inc.*

**BY E-MAIL**

William H. Mandir
John F. Rabena
Trevor C. Hill
Chandran B. Iyer
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, N.W.
Washington, DC 20037


Thomas G. Pasternak
R. David Donoghue
DLA PIPER US LLP
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601

M. Elizabeth Day
Gregory J. Lundell
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303


Daniel M. Cislo
Mark D. Nielsen
CISLO & THOMAS LLP
1333 2ND Street, Suite 500
Santa Monica, CA 90401-4110

Jeffrey L. Moyer
Anne Shea Gaza
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
*Attorneys for Defendant*
*IAC Search & Media, Inc.*

Claude M. Stern
Jennifer A. Kash
Antonio R. Sistos
QUINN EMANUEL URQUHART OLIVER
   & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

*/s/ Thomas C. Grimm*

Thomas C. Grimm (#1098)
tgrimm@mnat.com

1435287