Stephen Lim (Smartdevil Inc.)
2156 Rousseau, Montreal, Quebec, H8N 1K7 Canada
Tel: 514-823-9401    Email: stephen@smartdevil.com

March 25, 2008

Judge Sue L. Robinson
844 North King Street, Lockbox 18
Wilmington, Delaware, 19801 USA

Re: Girafa.com Inc vs. Amazon LLC et al., Case No. 07-787-SLR (see complaint attach.)

Dear Judge Robinson,

    Mr. Kevin Brady, the ombudsman, referred me to your attention. My company, Smartdevil Inc., is one of the defendants sued by Girafa on alleged patent infringement. Smartdevil is a Canadian company based out of my home in Montreal and we are unable to engage a U.S attorney due to our financial limitation (see ANNEXE 1). We wish to ask the Court to dismiss the case due to lack of representation or set aside the default judgment, if any, until the plaintiff has proved the validity of the patent.

    We've repeatedly asked the plaintiff to extend our deadline to allow us to find a Delaware attorney (see ANNEXE 2). After months of searching, we're unable to negotiate an attorney to represent us at an affordable cost.

    Smartdevil believes that the Girafa patent is invalid due to the substantial prior arts obtained by us and other defendants. Additionally, the Girafa application for patent in Canada has not been approved (see ANNEXE 3). Without an attorney to respond to the complaint, the plaintiff may seek default judgment against us. We feel it's unfair to declare a default judgment, if any, on Smartdevil simply because we cannot afford to defend ourselves in a foreign country.

    In response to allegations of patent infringement, we would like to ask the Court's favor to dismiss the case due to lack of representation or set aside the default judgment until the plaintiff has proven the validity of their patent with the other defendants who are seeking to invalidate the Girafa patent as evident in their responses to the complaint. Please advise me of other options. Should your Honor require any information or documents about Smartdevil, please do not hesitate to contact me.

Sincerely,

[signature]

Stephen Lim

RECEIVED
MAR ? ?
SUE L. ROBINSON
U.S. DISTRICT JUDGE

1

**ANNEXE 1 – About Smartdevil**

Smartdevil Inc. is a privately owned company incorporated in Quebec, Canada since 2001 without external funding. The company physically operates from home located in Montreal, Quebec. We provide web thumbnail images as a free and paid service over the Internet. Due to the nature of the Internet, anyone from anywhere in the world is able to download our free images. The company has not been profitable since its inception and remains a small business.

## ANNEXE 2 – Email to Plaintiff about Smartdevil's inability to engage an attorney.

```
Date: Sunday, March 16, 2008 10:59:11 PM
To: SBalick@ashby-geddes.com, jday@ashby-geddes.com
CC: tlydon@ashby-geddes.com,
jenniferkash@quinnemanuel.com,stephen@smartdevil.com

From: jhlim@smartdevil.com
Subject: Re: Girafa v. Amazon, et al.
```

Hi Steven,

Unfortunately, we're a very small Canadian company and we're still unable to secure a U.S attorney because we simply cannot afford the attorney/retainer fees. Thumbshots is just a sideline website we run without any VC or angels funding. Your clients already know we have not innovated over the last few years (no toolbars, our stale website, etc.) because this website barely covers the cost and we may expect to lose more money with increasing server costs.

We don't think we violated your patent but we are not able to defend ourselves due to our financial inability to afford the protection of the law from an attorney. We like the court to grant us additional Extension in time because we're still actively looking for an affordable lawyer.

Can you explain what does this Preliminary Injunction means to us as well as what are our options? I think it's disserving the public interest (end users of the internet) that we are forced to stop providing our services when this case has not been proven to have infringed.

What happens if we cannot afford an attorney? It doesn't sound fair that a business should default on the judgement just because it's not able to pay for an attorney to defend itself.

Justin

Please make sure that our interest has been appropriately heard by the court.

**ANNEXE 3 – Girafa Canadian patent filing has not yet been approved**

http://patents.ic.gc.ca/cipo/cpd/en/patent/2428227/summary.html

AO 440 (Rev. 8/01) Summons in a Civil Action

## UNITED STATES DISTRICT COURT

District of _____ Delaware

GIRAFA.COM, INC.,

SUMMONS IN A CIVIL CASE

Plaintiff

V.

CASE NUMBER: 07-787

AMAZON WEB SERVICES LLC, AMAZON.COM, INC.,
ALEXA INTERNET, INC., IAC SEARCH & MEDIA, INC.,
SNAP TECHNOLOGIES, INC., YAHOO! INC.,
SMARTDEVIL INC., EXALEAD, INC., and EXALEAD S.A.,

Defendants.

TO: (Name and address of Defendant)
Smartdevil Inc.
2156 Rousseau
Montreal Quebec H8N 1K7
Canada

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)
Steven J. Balick
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO                         December 5, 2007
CLERK                                   DATE

(By) DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GIRAFA.COM, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 07-787 ) |
| AMAZON WEB SERVICES LLC, AMAZON.COM, INC., ALEXA INTERNET, INC., IAC SEARCH & MEDIA, INC., SNAP TECHNOLOGIES, INC., YAHOO! INC., SMARTDEVIL INC., EXALEAD, INC., and EXALEAD S.A., | ) ) DEMAND FOR JURY TRIAL ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff Girafa.com, Inc. ("Girafa" or "Plaintiff"), by and through its attorneys, brings this action seeking monetary damages and injunctive relief against Defendants Amazon Web Services LLC ("AWS"), Amazon.com, Inc. (Amazon), Alexa Internet, Inc., ("Alexa"), IAC Search & Media, Inc. ("IAC"), Snap Technologies, Inc., ("Snap"), Yahoo! Inc., ("Yahoo"), Smartdevil Inc., ("Smartdevil"), Exalead, Inc., ("Exalead, Inc."), and Exalead S.A., (Exalead, S.A.) (collectively "Defendants"), to remedy Defendants' infringement of United States Patent No. 6,864,904 ("the '904 patent"), in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 et seq., and the harm caused thereby.

For its Complaint against Defendants, Girafa alleges as follows:

**PARTIES**

2. Plaintiff Girafa is a corporation organized and existing under the laws of Delaware, having its principal place of business at 1313 N. Market Street, Suite 5100, Wilmington, Delaware 19801.

3. Plaintiff Girafa owns the entire right, title, and interest in United States Patent No. 6,864,904, described below, for a framework for providing visual context to WWW hyperlinks.

4. On information and belief, Defendant AWS is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at 1200 12th Avenue South, Seattle, Washington 98144-2734.

5. Defendant Amazon is a corporation organized and existing under the laws of Delaware, with a principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144-2734.

6. Defendant Alexa is a corporation organized and existing under the laws of California, with a principal place of business at Presidio of San Francisco, Building 37, P.O. Box 29141, San Francisco, CA 94129.

7. Defendant IAC is a corporation organized and existing under the laws of Delaware, with a principal place of business at 555 12th Street, Suite 500, Oakland, CA 94607.

8. Defendant Snap is a corporation organized and existing under the laws of Delaware, with a principal place of business at 130 West Union Street, Pasadena, CA 91103.

9. Defendant Yahoo is a corporation organized and existing under the laws of Delaware, with a principal place of business at 701 First Avenue, Sunnyvale, CA 94089.

23. Snap, directly and/or through third parties, is doing business in this judicial district by selling, offering to sell, and otherwise making available its products and services, including the "Snap.com" website, Snap Shots™, and the Snap Shots™ browser add-on. Snap is also incorporated in Delaware.

24. Accordingly, this Court has personal jurisdiction over Snap pursuant to Fed. R. Civ. P. 4(k)(1)(A) and 10 Del. C. § 3104(b) and (c).

25. Yahoo, directly and/or through third parties, is doing business in this judicial district by selling, offering to sell, and otherwise making available its products and services, including Yahoo's www.mybloglog.com website, Yahoo! Bookmarks service, and the "Del.icio.us" website. Yahoo is also incorporated in Delaware.

4

10. Defendant Smartdevil is a corporation organized and existing under the laws of Canada, with a principal place of business at 2156 Rousseau, Montreal QC H8N 1K7 Canada.

11. Defendant Exalead, Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business at 90 Park Avenue, New York, NY 10016.

12. Defendant Exalead, S.A. is a corporation organized and existing under the laws of France, with a principal place of business at 10, place de la Madeleine, Paris, France 75008.

## JURISDICTION AND VENUE

13. This is an action arising under the patent laws of the United States.

14. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.

26. Accordingly, this Court has personal jurisdiction over Yahoo pursuant to Fed. R. Civ. P. 4(k)(1)(A) and 10 Del. C. § 3104(b) and (c).

27. Smartdevil, directly and/or through third parties, is doing business in this judicial district by selling, offering to sell, and otherwise making available its products and services, including the "Thumbshots.com" and "thumbshots.org" website.

28. Accordingly, this Court has personal jurisdiction over Smartdevil pursuant to Fed. R. Civ. P. 4(k)(1)(A) and 10 Del. C. § 3104(b) and (c).

29. Exalead, Inc. and Exalead S.A., directly and/or through third parties, are doing business in this judicial district by selling, offering to sell, and otherwise making available their products and services, including the "Exalead.com" website and exalead one:search™, one:workgroup™, one:enterprise™, and one:datacenter™. Exalead Inc is also incorporated in Delaware.

30. Accordingly, this Court has personal jurisdiction over Exalead Inc. and Exalead S.A. pursuant to Fed. R. Civ. P. 4(k)(1)(A) and 10 Del. C. § 3104(b) and (c).

31. Girafa is a Delaware corporation. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) for at least the reasons that the Defendants reside in Delaware and/or each have committed acts within this judicial district giving rise to this action and do business in this district at least by providing website services to users in this district.

**BACKGROUND**

32. On December 9, 1999, Girafa filed provisional application 60/169,328 for a United States Patent.

5

33. On November 8, 2000, Girafa filed non-provisional application 09/708,191 for a United States Patent claiming priority based on provisional application 60/169,328.

34. On March 8, 2005, the patent application mentioned in paragraph 33 was duly and legally issued, by the United States Patent and Trademark Office, as United States Patent No. 6,864,904 B1 ("the '904 patent"), entitled "Framework for Providing Visual Context to WWW Hyperlinks."

35. A true and correct copy of the '904 patent is attached hereto as Exhibit A.

36. On information and belief, Defendants have offered and continue to offer products and services which infringe the '904 patent.

**PATENT INFRINGEMENT**

37. Girafa incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth at length.

38. Plaintiff Girafa owns all right, title, and interest in the '904 patent, including the right to sue thereon and the right to recover for infringement thereof.

39. On information and belief, Defendants make, use, import, offer to sell, market, provide, and/or sell, directly or through third parties, computer and computer-related products and services, including thumbnail images of websites and websites displaying thumbnail images of other websites, in the United States and worldwide.

40. On information and belief, Defendants, through the activities and products listed and described in the paragraphs above, have infringed and are directly infringing the '904 patent, and are also aiding, abetting, and contributing to, and actively inducing infringement of the '904

6

patent by non-parties, in the United States and countries foreign thereto, in violation of 35 U.S.C. § 271.

41. By reason of Defendants' infringing activities, Girafa has suffered, and will continue to suffer, substantial damages in an amount yet to be determined.

42. Defendants' acts complained of herein have damaged and will continue to damage Girafa irreparably. Girafa has no adequate remedy at law for these wrongs and injuries. Girafa is therefore entitled to a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants, and employees, and all persons and entities acting on behalf thereof or in concert therewith, from infringing the claims of the '904 patent.

43. Defendants are not licensed or otherwise authorized to make, use, import, offer to sell, market, provide, or sell any product or method claimed in the '904 patent, and Defendants' infringing conduct is, in every instance, without Girafa's consent.

44. On information and belief, Defendants' infringement has been and continues to be willful.

**PRAYER FOR RELIEF**

WHEREFORE, Girafa respectfully requests that the Court grant the following relief:

a) enter judgment that Defendants infringe and have infringed the '904 patent;

b) declare that Defendants' infringement of the '904 patent has been willful;

c) enter a preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, and attorneys, and those persons and entities in active concert or participation with them, from further infringement of the '904 patent;

7

d) enter judgment awarding Girafa damages from Defendants adequate to compensate for Defendants' infringement, including interest and costs;

e) enter judgment awarding Girafa treble damages based on Defendants' copying and willful infringement of the '904 patent;

f) declare this case to be exceptional and enter judgment awarding Girafa increased damages under 35 U.S.C. § 284 and its reasonable attorney fees and costs under 35 U.S.C. § 285; and

g) award Girafa such further relief as this court deems just and proper.

**DEMAND FOR JURY TRIAL**

Girafa respectfully requests a trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38.

ASHBY & GEDDES

*/s/*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Girafa.com, Inc.*

*Of Counsel:*

William H. Mandir
John F. Rabena
SUGHRUE MION, PLLC
2100 Pennsylvania Ave., N.W.
Washington D.C. 20037
(202) 293-7060

Dated: December 5, 2007
186418.1

9

