IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GIRAFA.COM, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 07-787 (SLR) |
| ) | |
| AMAZON WEB SERVICES LLC, ) | |
| AMAZON.COM, INC., ALEXA ) | |
| INTERNET, INC., IAC SEARCH & ) | |
| MEDIA, INC., SNAP TECHNOLOGIES, ) | |
| INC., YAHOO! INC., SMARTDEVIL ) | |
| INC., EXALEAD, INC., and EXALEAD ) | |
| S.A., ) | |
| ) | |
| Defendants. ) | |

## YAHOO!'S ANSWER, DEFENSES, AND COUNTERCLAIMS

Yahoo! Inc. ("Yahoo") respectfully submits this Answer in response to the like numbered paragraphs of the Complaint of Girafa.com, Inc. ("Girafa"), and its Defenses and Counterclaims, as follows:

1.   Yahoo admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, but denies any wrongdoing or liability. Yahoo further denies that Girafa is entitled to any of the relief sought against Yahoo, or that Yahoo has infringed United States Patent No. 6,864,904 ("the '904 patent"). Yahoo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint and, on that basis, denies them.

## PARTIES

2.  On information and belief, Yahoo admits that Girafa is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1313 N. Market Street, Suite 5100, Wilmington, Delaware 19801.

3.  Yahoo denies that the '904 patent validly covers "a framework for providing visual context to WWW hyperlinks." Yahoo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint and, on that basis, denies them.

4.  Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, on that basis, denies them.

5.  Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and, on that basis, denies them.

6.  Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and, on that basis, denies them.

7.  Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and, on that basis, denies them.

8.  Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and, on that basis, denies them.

9.  Yahoo admits that it is a corporation organized and existing under the laws of the State of Delaware and that its principal place of business is 701 First Avenue, Sunnyvale, CA 94089.

10. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and, on that basis, denies them.

11. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and, on that basis, denies them.

12. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and, on that basis, denies them.

### JURISDICTION AND VENUE

13. Yahoo admits that the Complaint alleges acts of infringement of a United States patent under 35 U.S.C. § 101 *et seq.* Yahoo denies any allegation, express or implied, that it has infringed the '904 patent.

14. Yahoo admits that the Court has jurisdiction over actions for patent infringement generally under 28 U.S.C. §§ 1331 and 1338.

15. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and, on that basis, denies them.

16. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and, on that basis, denies them.

17. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and, on that basis, denies them.

18. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and, on that basis, denies them.

19. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and, on that basis, denies them.

20. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and, on that basis, denies them.

21. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and, on that basis, denies them.

22. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and, on that basis, denies them.

23. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and, on that basis, denies them.

24. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and, on that basis, denies them.

25. Yahoo admits that certain of its products and services are available via the www.mybloglog.com website, the Yahoo! Bookmarks service, and the "Del.icio.us" website. Yahoo admits that it is incorporated in the State of Delaware. As to the remaining allegations of paragraph 25 of the Complaint, Yahoo is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

26. Yahoo admits that it is subject to personal jurisdiction in this judicial district. Yahoo denies any allegation, express or implied, that it has infringed the '904 patent.

27. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and, on that basis, denies them.

28. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and, on that basis, denies them.

29. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and, on that basis, denies them.

30. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and, on that basis, denies them.

31.  Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and, on that basis, denies them.

## BACKGROUND

32.  Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and, on that basis, denies them.

33.  Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and, on that basis, denies them.

34.  Yahoo denies that the '904 patent was "duly and legally issued" by the United States Patent and Trademark Office. Yahoo admits that the face of the '904 patent lists March 8, 2005 as the issue date and "Framework for Providing Visual Context to WWW Hyperlinks" as the title.

35.  Yahoo admits that a copy of a document purporting to be the '904 patent is attached to the Complaint as Exhibit A.

36.  Yahoo denies that it has offered and continues to offer products and services which infringe the '904 patent. To the extent the allegations of paragraph 36 of the Complaint concern the other Defendants named in this case, Yahoo is without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies them.

## PATENT INFRINGEMENT

37.  Yahoo incorporates its responses to paragraphs 1-36 above as though fully set forth herein.

38.  Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and, on that basis, denies them.

39. Yahoo denies that it infringes any claim of the '904 patent. Yahoo further denies that it makes, uses, imports, offers to sell, markets, provides, or sells, directly or through third parties, "computer and computer-related products and services, including thumbnail images of websites and websites displaying thumbnail images of other websites" to the extent that description in paragraph 39 of the Complaint is intended to be a description of the claims of the '904 patent. To the extent the allegations of paragraph 39 of the Complaint concern the other Defendants named in this case, Yahoo is without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies them.

40. Yahoo denies this paragraph in its entirety with respect to Yahoo. To the extent the allegations of paragraph 40 of the Complaint concern the other Defendants named in this case, Yahoo is without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies them.

41. Yahoo denies this paragraph in its entirety with respect to Yahoo. To the extent the allegations of paragraph 41 of the Complaint concern the other Defendants named in this case, Yahoo is without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies them.

42. Yahoo denies this paragraph in its entirety with respect to Yahoo. To the extent the allegations of paragraph 42 of the Complaint concern the other Defendants named in this case, Yahoo is without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies them.

43. Yahoo denies this paragraph in its entirety with respect to Yahoo. To the extent the allegations of paragraph 43 of the Complaint concern the other Defendants named in

this case, Yahoo is without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies them.

44. Yahoo denies this paragraph in its entirety with respect to Yahoo. To the extent the allegations of paragraph 44 of the Complaint concern the other Defendants named in this case, Yahoo is without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, denies them.

## RESPONSE TO GIRAFA'S PRAYER FOR RELIEF

45. Yahoo denies that Girafa is entitled to an award of any relief at all or to the relief sought in its prayer for relief in the Complaint as against Yahoo, its agents, sales representatives, servants and employees, associates, attorneys, parents, successors and assigns, and against any persons or entities acting at, through, under or in active concert or participation with Yahoo.

## DEMAND FOR JURY TRIAL

46. This paragraph states only a legal assertion, and thus, no response is required.

## DEFENSES

47. As and for its defenses, Yahoo alleges as follows:

### First Defense – Failure to State a Claim

48. The Complaint fails to state a claim upon which relief can be granted.

### Second Defense – Noninfringement

49. Yahoo does not infringe and has not infringed, either directly, indirectly, contributorily, or by inducement, or in any other way, any claim of the '904 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

### Third Defense – Patent Invalidity

50. The '904 patent is invalid for failure to comply with the requirements of Title 35, United States Code, including but not limited to Sections 101-103, and/or 112.

### Fourth Defense – Inequitable Conduct

51. The '904 patent is unenforceable due to inequitable conduct.

52. Upon information and belief, prior to issuance of the '904 patent, one or more people substantively involved in the prosecution of the application leading to the '904 patent were aware of information material to the patentability of the claims of the '904 patent, but withheld that information from the Patent Office with the intent to deceive. The withheld information includes but is not limited to U.S. Pat. Nos. 6,011,537 to Slotznick, 6,016,494 to Isensee et al., 5,973,692 to Knowlton et al., and 6,101,510 to Stone et al., each of which the patentee had knowledge of no later than January 5, 2005. Specifically, the patentee disclosed the aforementioned references in a January 5, 2005 Information Disclosure Statement submitted in related application 11/029,995, but withheld these references from the Patent Office in the prosecution of the application leading to the '904 patent with an intent to deceive.

### COUNTERCLAIMS

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Yahoo asserts the following counterclaims against Girafa.

### Jurisdiction and Venue

53. Yahoo is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Sunnyvale, California.

54.   On information and belief, Girafa is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1313 N. Market Street, Suite 5100, Wilmington, Delaware 19801.

55.   These Counterclaims arise under the United States Patent laws, 35 U.S.C. § 101 *et seq*. These counterclaims seek declaratory relief for which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

56.   This Court has personal jurisdiction over Girafa because Girafa has consented to jurisdiction in the state of Delaware by bringing the present action.

57.   Venue is appropriate because Girafa has consented to the propriety of venue in this Court by filing its claim for patent infringement in this Court, in response to which these counterclaims are asserted.

58.   Girafa claims to be the owner of the '904 patent.

### A.   Declaration of Noninfringement

59.   Yahoo realleges and incorporates by reference the allegations set forth in paragraphs 37-44 above as though fully set forth herein.

60.   An actual and justiciable controversy exists between Yahoo and Girafa with respect to the non-infringement of the '904 patent because Girafa has brought this action against Yahoo alleging that it infringes the '904 patent, and Yahoo denies this allegation. Absent a declaration of noninfringement, Girafa will continue to wrongfully assert the '904 patent against Yahoo, and thereby cause Yahoo irreparable injury and damage.

61.   Yahoo has not infringed the '904 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise, and is entitled to a declaratory judgment to that effect pursuant to 28 U.S.C. §§ 2201-2202.

B.   **Declaration of Invalidity**

62. Yahoo realleges and incorporates by reference the allegations set forth in paragraph 50 above as if fully set forth herein.

63. An actual and justiciable controversy exists between Yahoo and Girafa with respect to the invalidity of the '904 patent because Girafa has brought this action against Yahoo alleging that it infringes the '904 patent, and Yahoo denies this allegation. Absent a declaration of invalidity, Girafa will continue to wrongfully assert the '904 patent against Yahoo, and thereby cause Yahoo irreparable injury and damage.

64. The '904 patent is invalid under the provisions of Title 35, United States Code, including, but not limited to Sections 101-103, and/or 112, and Yahoo is entitled to a declaratory judgment to that effect pursuant to 28 U.S.C. § 2201-2202.

C.   **Declaration of Unenforceability Due To Inequitable Conduct**

65. Yahoo realleges and incorporates by reference the allegations set forth in paragraphs 51-52 above as though fully set forth herein.

66. Yahoo is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that the '904 patent is unenforceable.

D.   **Exceptional Case**

67. This is an exceptional case entitling Yahoo to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**RELIEF**

WHEREFORE, Yahoo seeks the following relief:

a. That judgment be entered in favor of Yahoo and against Girafa on Girafa's Complaint;

      b.      That Girafa take nothing by its Complaint and that Girafa's Complaint be dismissed with prejudice;

      c.      That each and every claim of the '904 patent be declared not infringed, invalid, and/or unenforceable;

      d.      That pursuant to 35 U.S.C. § 285 and/or other applicable laws, this action be found to be an exceptional case and that Yahoo be awarded its attorneys' fees incurred in connection with this action;

      e.      That Yahoo be awarded its cost of suit incurred herein; and

      f.      That Yahoo be granted such other and additional relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
   *Attorneys for Defendant Yahoo! Inc.*

*Of Counsel*:

Matthew D. Powers
Douglas E. Lumish
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

April 18, 2008

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:.

        Steven J. Balick, Esquire
        John G. Day, Esquire
        Tiffany Geyer Lydon, Esquire
        ASHBY & GEDDES

        Thomas C. Grimm, Esquire
        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        Richard L. Horwitz, Esquire
        David E. Moore, Esquire
        POTTER ANDERSON & CORROON LLP

        Arthur G. Connolly, III, Esquire
        CONNOLLY BOVE LODGE & HUTZ LLP

        Jeffrey L. Moyer, Esquire
        Anne Shea Gaza, Esquire
        RICHARDS, LAYTON & FINGER, P.A.

I further certify that I caused to be served copies of the foregoing document on April 18, 2008 upon the following in the manner indicated:

| | |
|---|---|
| Steven J. Balick, Esquire<br>John G. Day, Esquire<br>Tiffany Geyer Lydon, Esquire<br>ASHBY & GEDDES<br>500 Delaware Avenue – 8th Floor<br>Wilmington, DE 19801<br>*Counsel for Plaintiff* | *VIA ELECTRONIC MAIL*<br>*and HAND DELIVERY* |
| William H. Mandir, Esquire<br>John F. Rabena, Esquire<br>SUGHRUE MION, PLLC<br>2100 Pennsylvania Avenue, N.W.<br>Washington, DC 20037<br>*Counsel for Plaintiff* | *VIA ELECTRONIC MAIL* |

Thomas C. Grimm, Esquire                                              *VIA ELECTRONIC MAIL*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP                                  *and HAND DELIVERY*
1201 North Market Street
Wilmington, DE  19801
*Counsel for Exalead, Inc. and Exalead S.A.*

Harold V. Johnson, Esquire                                            *VIA ELECTRONIC MAIL*
BRINKS HOFER GILSON & LIONE
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL  60611-5599
*Counsel for Exalead, Inc. and Exalead S.A.*

Richard L. Horwitz, Esquire                                           *VIA ELECTRONIC MAIL*
David E. Moore, Esquire                                               *and HAND DELIVERY*
POTTER ANDERSON & CORROON LLP
Hercules Plaza – 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Counsel for Amazon Web Services LLC,*
*Amazon.com, Inc. and Alexa Internet, Inc.*

Thomas G. Pasternak, Esquire                                          *VIA ELECTRONIC MAIL*
R. David Donoghue, Esquire
DLA PIPER US LLP
203 North LaSalle Street – Suite 1900
Chicago, IL  60601-1293
*Counsel for Amazon Web Services LLC,*
*Amazon.com, Inc. and Alexa Internet, Inc.*

M. Elizabeth Day, Esquire                                             *VIA ELECTRONIC MAIL*
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA  94303-2248
*Counsel for Amazon Web Services LLC,*
*Amazon.com, Inc. and Alexa Internet, Inc.*

Arthur G. Connolly, III, Esquire                                      *VIA HAND DELIVERY*
CONNOLLY BOVE LODGE & HUTZ LLP                                        *and ELECTRONIC MAIL*
1007 North Orange Street
Wilmington, DE  19801
*Counsel for Snap Technologies, Inc.*

| | |
|---|---|
| Daniel M. Cislo, Esquire<br>Mark D. Nielsen, Esquire<br>CISLO & THOMAS LLP<br>1333 2nd Street – Suite 500<br>Santa Monica, CA  90401<br>*Counsel for Snap Technologies, Inc.* | *VIA ELECTRONIC MAIL* |
| Jeffrey L. Moyer, Esquire<br>Anne Shea Gaza, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801<br>*Counsel for IAC Search & Media, Inc.* | *VIA ELECTRONIC MAIL<br>and HAND DELIVERY* |
| Claude M. Stern, Esquire<br>Jennifer A. Kash, Esquire<br>Antonio Sistos, Esquire<br>QUINN EMANUEL URQUHART OLIVER<br>  & HEDGES LLP<br>50 California Street – 22nd Floor<br>San Francisco, CA  94111<br>*Counsel IAC Search & Media, Inc.* | *VIA ELECTRONIC MAIL* |

/s/ Jack B. Blumenfeld

Jack B. Blumenfeld (#1014)