IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GIRAFA.COM, INC.,

Plaintiff,

v.

AMAZON WEB SERVICES LLC, AMAZON.COM, INC., ALEXA INTERNET, INC., IAC SEARCH & MEDIA, INC., SNAP TECHNOLOGIES, INC., YAHOO!, INC., SMARTDEVIL, INC., EXALEAD S.A., AND EXALEAD, INC.,

Defendants.

C.A. NO. 07-787 (SLR)

**SNAP TECHNOLOGIES, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF IN RESPONSE TO GIRAFA.COM, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION**

Snap Technologies, Inc. ("Snap") moves for leave to file the attached Sur-reply in Response to Girafa.com, Inc.'s Reply Brief in Support of Its Motion for Preliminary Injunction ("Reply") to respond to Girafa's new and contradictory claim construction positions, and other significant factual inaccuracies raised for the first time by Girafa in its Reply and in the Rebuttal Declaration of Brad A. Myers.[1] A copy of Snap's proposed Sur-reply Brief is attached hereto as Exhibit A. Snap also joined in a proposed Sur-reply Brief filed by the Amazon Defendants approximately concurrently herewith.

Snap is compelled to file a Sur-reply Brief for the following reasons:

(1) Girafa's Reply contained a claim construction for "annotated web page" that

[1] Pursuant to District of Delaware Local Rule 7.1.1, counsel for Snap contacted counsel for Girafa prior to filing the instant Motion. Counsel for Girafa would not consent to the filing of this Motion and attached Sur-reply.

contradicted Girafa's expert Prof. Myers' earlier deposition testimony concerning the construction of "annotated web page." Girafa, in its Reply, then misconstrued the claim term "annotated web page" to allow for the annotations to be something other than images of web pages. It did this to "shoehorn" several of Snap's services into the corresponding claim language even though Girafa's suggested construction finds no contextual support in the '904 Patent, contradicts Prof. Myers' earlier testimony. Thus, Girafa's new construction should disregarded.

(2) Girafa's Reply also grossly misstated the evidence by suggesting that Snap's expert conceded infringement, which is simply untrue. In doing so, Girafa has resorted to inaccurate statements regarding Snap's application of the construction of "thumbnail visual image" to its services, and Girafa has also fundamentally mischaracterized an exhibit from Snap's non-infringement expert's deposition regarding the ubiquitous claim language "providing … at least partially concurrently." Notably, Girafa did not disagree with Snap's proposed construction of "providing" as "transmitting and displaying," which should now be accepted as correct by the Court. Nonetheless, Girafa's twisting of the record should not be allowed to stand without a response.

///

///

///

      Therefore, Snap respectfully requests that its Motion for Leave to File Sur-reply be granted.

Dated: July 14, 2008

By: /s/Arthur G. Connolly, III

Arthur G. Connolly, III (#2667)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
Email: AConnollyIII@cblh.com

*Of Counsel*:
Daniel M. Cislo, Esq.
Mark D. Nielsen, Esq.
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
Telephone: (310) 451-0647
Telefax: (310) 394-4477
Attorneys for Defendant/Counterclaim Plaintiff Snap Technologies, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

GIRAFA.COM, INC.,

Plaintiff,

v.

AMAZON WEB SERVICES LLC, AMAZON.COM, INC., ALEXA INTERNET, INC., IAC SEARCH & MEDIA, INC., SNAP TECHNOLOGIES, INC., YAHOO!, INC., SMARTDEVIL, INC., EXALEAD S.A., AND EXALEAD, INC.,

Defendants.

C.A. NO. 07-787 (SLR)

**ORDER**

Having considered Snap Technologies Inc.'s Motion for Leave to File Sur-reply (the "Motion"), IT IS HEREBY ORDERED, this ________ day of ____________________, 2008, that the Motion is GRANTED. Snap Technologies, Inc.'s Sur-reply (Exhibit A to the Motion) is deemed filed and served as of the date of this Order.

___________________________________
Hon. Sue L. Robinson
United States District Judge

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 14, 2008, the foregoing document was served on the following counsel of record in the manner indicated below:

| **Via Electronic Mail:**<br>Steven J. Balick<br>John G. Day<br>Tiffany Geyer Lydon<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Email: sbalick@ashby-geddes.com<br>Attorneys for Plaintiff | **Via Electronic Mail:**<br>William H. Mandir<br>John F. Rabena<br>Trevor C. Hill<br>Chandran B. Iyer<br>SHGHRUE MION, PLLC<br>2100 Pennsylvania Avenue, N.W.<br>Washington DC 20037<br>Email: jrabena@sughrue.com<br>Attorneys for Plaintiff |
|---|---|

| **Via Electronic Mail:**<br>Richard L. Horwitz<br>David E. Moore,<br>POTTER ANDERSON & COROON LLP<br>Hercules Plaza - Sixth Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19899<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br><br>Attorneys for Defendants<br>Amazon Web Services LLC, Amazon.com, Inc. and Alexa Internet, Inc. | **Via Electronic Mail:**<br>Thomas G. Pasternak<br>R. David Danoghue<br>DLA PIPER US LLP<br>203 N. LaSalle Street, Suite 1900<br>Chicago, IL 60601<br>Email: tom.pasternak@dlapiper.com<br><br>M. Elizabeth Day<br>Gregory J. Lundell<br>DLA PIPER US LLP<br>2000 University Avenue<br>East Palo Alto CA 94303<br>Email: elizabeth.day@dlapiper.com<br>Attorneys for Defendants<br>Amazon Web Services LLC, Amazon.com and Alexa Internet, Inc. |
|---|---|

| **Via Electronic Mail:**<br>Thomas C. Grimm<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>Email: tgrimm@mnat.com<br>Attorneys for Defendants Exalead Inc. and Exalead S.A. | **Via Electronic Mail:**<br>Scott A. Timmerman<br>Harold V. Johnson<br>NBC Tower, Suite 3600<br>445 North City Front Plaza Drive<br>Chicago, IL 60611-5599<br>Email: hjohnson@usebrinks.com<br>Attorneys for Defendants Exalead, Inc. and Exalead S.A. |
|---|---|
| **Via Electronic Mail:**<br>Jeffrey L. Moyer, Esq.<br>Anna Shea Gaza, Esq.<br>RICHARDS, LAYTON & FINGER. P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19899<br>moyer@rfl.com<br><br>Attorneys for Defendant<br>IAC Search & Media, Inc. | **Via Electronic Mail:**<br>Claude M. Stern<br>Jennifer A. Kash<br>Antonio R. Sistos<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>50 California Street, 22nd Floor<br>San Francisco CA 94111<br>Email: jenniferkash@quinnemanuel.com |
| **Via Electronic Mail:**<br>Jack B. Blumenfeld<br>Rodger D. Smith II<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>Email: jblumentfeld@mnat.com<br>dmoore@potteranderson.com<br><br>Matthew D. Powers<br>Douglas E. Lumish<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Email: matthew.powers@weil.com<br>Doug.lumish@weil.com<br>Attorneys for Defendant<br>Yahoo! Inc. | |

      /s/ Arthur G Connolly, III
    Arthur G. Connolly, III (#2667)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GIRAFA.COM, INC., Plaintiff, | ) | |
| v. | ) | C.A. NO. 07-787 (SLR) |
| AMAZON WEB SERVICES LLC, AMAZON.COM, INC., ALEXA INTERNET, INC., IAC SEARCH & MEDIA, INC., SNAP TECHNOLOGIES, INC., YAHOO!, INC., SMARTDEVIL, INC., EXALEAD S.A., AND EXALEAD, INC., Defendants. | ) | |

**SNAP TECHNOLOGIES, INC.'S SUR-REPLY BRIEF IN RESPONSE TO GIRAFA.COM, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION**

Arthur G. Connolly, III (I.D. #2667)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Telephone: (302) 658-9141
Email: AConnollyIII@cblh.com

*Of Counsel*:
Daniel M. Cislo (admitted pro hac vice)
Mark D. Nielsen (admitted pro hac vice)
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
Telephone: (310) 451-0647
Telefax: (310) 394-4477
Attorneys for Defendant/Counterclaim Plaintiff Snap Technologies, Inc.

Dated: July 14, 2008

# TABLE OF CONTENTS

I. INTRODUCTION ....... ........................................................................................ 1

II. ARGUMENT...................................................................................................... 2

A. Girafa Misconstrued "Annotated Web Page" ....................................................... 2

B. Snap's Expert Did Not Concede Infringement...................................................... 3

1. Snap Accepted, But Clarified, Girafa's Construction of Thumbnail Visual Image ........................................................................................ 4

2. Girafa Misconstrued Prof. Robins' Regarding the Claim Language "Providing … At Least Partially Concurrently" ....................................... 6

III. CONCLUSION.................................................................................................. 8

# TABLE OF AUTHORITIES

## Cases

Phillips v. AWH Corp.,
415 F.3d 1303 (Fed. Cir. 2005) ........................................................................................3

## Statutes

35 U.S.C. § 112 ..........................................................................................................4

# I. INTRODUCTION

In addition to the Sur-reply Brief filed by the Amazon Defendants in which Snap Technologies, Inc. ("Snap") joined, Snap also files this separate Sur-reply Brief to address several additional issues that did not directly impact the Amazon Defendants and did not appear to be belong in their Sur-reply Brief. Much like the Amazon Defendants' Sur-reply Brief, Snap is compelled to file this Sur-reply Brief for the following reasons:

(1) Plaintiff Girafa.com, Inc.'s ("Girafa") Reply Brief in Support of Its Motion for Preliminary Injunction ("Reply") contained a claim construction for "annotated web page" that contradicted Girafa's expert Prof. Myers' earlier deposition testimony concerning the construction of "annotated web page." Girafa misconstrued the claim term "annotated web page" to allow for the annotations to be something other than images of web pages. It did this to "shoehorn" several of Snap's services into the corresponding claim language even though Girafa's suggested construction finds no contextual support in the '904 Patent, contradicts Prof. Myers' earlier testimony. Thus, Girafa's new construction should disregarded.

(2) Girafa's Reply grossly misstated the evidence by suggesting that Snap's expert conceded infringement, which is simply untrue. In doing so, Girafa has resorted to inaccurate statements regarding Snap's application of the construction of "thumbnail visual image" to its services. Girafa has also fundamentally mischaracterized an exhibit from Snap's non-infringement expert's deposition regarding the ubiquitous claim language "providing … at least partially concurrently." Notably, Girafa did not disagree with Snap's proposed construction of "providing" as "transmitting and displaying," which should now be accepted as correct by the Court. Nonetheless, Girafa's misstating of the record warrants a clarifying response.

Finally, because Girafa cannot settle on claim constructions for at least "image server"

(as discussed in the Joint Sur-reply Brief) and "annotated web page" as part of the necessary first step for proving patent infringement, and because Girafa has to misstate the record to attempt to make its case, how can Girafa claim that it can demonstrate a likelihood of success on the merits of its patent infringement claim? For these reasons, as well as those set forth below, the Court should deny Girafa's motion for preliminary injunction.

## II.    ARGUMENT

### A.    Girafa Misconstrued "Annotated Web Page"

Girafa asserts that Snap's non-infringement expert, Prof. Robins, incorrectly construed "annotated web page" to mean "a web page modified to include thumbnail visual images." Girafa's contention is wholly at odds with Prof. Myers' first declaration in support of Girafa's motion for preliminary injunction, Prof. Myers' deposition testimony, and the '904 Patent itself.

**First**, in his first declaration, Prof. Myers stated in connection with "annotated web page" that "the screenshot shows the annotated web page where the thumbnail is visible concurrently with the original web page." See e.g., Myers Decl. (D.I. 44) at Exh. D-7. Thus, Prof. Myers believed the annotations to be the thumbnails themselves.

**Second**, at his deposition, Prof. Myers testified that the annotations were thumbnails of one or more hyperlinks on a web page. Myers Depo. at 285:11-287:21 (attached to Declaration of Mark D. Nielsen in Opposition to Girafa.com's Motion for Preliminary Injunction (D.I. 77) ("Nielsen Decl.") at Exh. I). Again, Prof. Myers believed the annotations to be the thumbnails themselves.

**Third**, the support from the '904 Patent itself (referenced at page 10 of Snap's opposition) for Snap's construction of "annotated web page" demonstrates that nothing other

than thumbnail images of web pages are contemplated by the '904 Patent as serving as annotations, and a patent should not be divorced from its context when being construed. See, Phillips v. AWH Corp., 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc) (The person of ordinary skill in the art is deemed to read the claim term not only in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification, thus "we cannot look at the ordinary meaning of [a] term … in a vacuum. Rather, we must look at the ordinary meaning in the context of the written description and the prosecution history"). Furthermore, Girafa has not identified anything in its patent indicating that something other than thumbnail images are contemplated as serving as the annotations.

Girafa, however, attempted to improperly construe "annotated web page" in a vacuum, and now claims ***for the first time*** that the annotations are something other than the thumbnails associated with the web page containing hyperlinks. Not only is this an improper disclosure of a new argument in a reply brief, but it is simply incorrect. As such, the Court should reject Girafa's new position regarding "annotated web page," and accept Snap's construction as the correct one.

### B. Snap's Expert Did Not Concede Infringement

Girafa contends that Snap's expert conceded infringement in connection with the "thumbnail visual image" and "providing … at least partially concurrently" elements of the '904 Patent. To reach such a conclusion, Girafa was forced to misconstrue Snap's expert's statements regarding the meaning of "thumbnail," and misinterpret the evidence regarding how Snap's services function.

**1. Snap Accepted, But Clarified, Girafa's Construction of Thumbnail Visual Image**

While Snap agreed to Girafa's construction of "thumbnail visual image" as "a smaller version of a larger image" for purposes of the preliminary injunction motion, as far as that construction went, a question exists as to what "smaller" means in Girafa's construction of "thumbnail visual image." Thus, Girafa's construction is acceptable, but incomplete. After all, patent claim terms are to be particular and definite. See, 35 U.S.C. § 112 ¶ 2. Snap's expert, Prof. Robins clearly expressed his concern with Girafa's construction in deposition. See, Reply at Exh. 7 (depo. pages 127-130).

The answer to how "thumbnail visual image" should ultimately be construed should not be divorced from the context of what is a "thumbnail," and Prof. Robins, in considering "thumbnail visual image," started with Girafa's construction and attempted to accurately apply it by considering the meaning of "thumbnail." Robins Decl. (submitted with Snap's opposition papers) (D.I. 79) at ¶¶ 79-86. Thus, Prof. Robins' position does not contradict Girafa's construction, it merely gave it more clarity and specificity.

In fact, Prof. Robins' position is more consistent with the '904 Patent than Girafa's construction. The '904 Patent at Col. 9, lines 24-25 indicates that there is such a thing as a "thumbnail size." Figures 1 and 2 of the '904 Patent depict thumbnail images, and the images are small, not merely a smaller version of a larger image (e.g., such as in the absurd situation where an image that is 99.9999% the size of a larger image would qualify as a thumbnail). Therefore, Girafa's construction is correct, but not specific enough. Prof. Robins' position is the correct approach to applying "thumbnail visual image" to the accused services. As such, when Prof. Robins' clarified definition of "thumbnail visual image" is applied, Snap Enhanced does not infringe any of the claims of the '904 Patent.

Notably, Girafa does not contest the treatment that Prof. Robins gave to "thumbnail visual image." Girafa merely contested an apparent discrepancy between Snap's claim that it accepted Girafa's construction of "thumbnail visual image" and Snap's expert's application of a clearer rendering of "thumbnail visual image" to Snap's services. Girafa had six weeks of notice of this apparent discrepancy, and had ample opportunity to contest (with expert rebuttal) the substance of Prof. Robins' treatment of "thumbnail visual image," but Girafa chose not to do so. As such, they should not be heard to challenge what is an improved treatment of "thumbnail visual image" by Prof. Robins relative to Dr. Myers' superficial treatment of "thumbnail visual image."

As to Exhibit 11 attached to Girafa's Reply, aside from the fact that it is not authenticated, there are several problems with it that preclude Girafa from relying upon it. First, there is no evidence that the person who sent the e-mail was a person of ordinary skill in the art such that what he said is an accurate representation of what constitutes a "thumbnail." In fact, the e-mail itself indicates that Mr. Wheeler was a "Market Analyst," not a computer technician or the like. Second, there is no reason why the e-mail could not have been provided and disclosed by Girafa in its moving papers, particularly where it had the burden of providing evidence for its construction of "thumbnail visual image," as well as proving that Snap's services meet the "thumbnail visual image" limitation of the '904 Patent claims. District of Delaware Local Rule 7.1.3(c)(2). The fact that Girafa held back such evidence should not be condoned.

Finally, as to Girafa's contention in footnote 6 of its Reply that Snap admitted in its answer that its previews were thumbnails, Girafa ignored the fact that Snap had filed an unopposed motion for leave to file and amended answer on June 23, 2008, and in its amended answer, Snap corrected its response to indicate that it did not provide a service that included

displaying thumbnail images of other websites. See, D.I. 102, Attachment 1, ¶ 39.[1]

For these reasons, Girafa's reply papers are in error regarding "thumbnail visual image" such that Snap Enhanced does not infringe any of the asserted claims of the '904 Patent.

**2. Girafa Misconstrued Prof. Robins' Regarding the Claim Language "Providing … At Least Partially Concurrently"**

Girafa misconstrued Prof. Robins' deposition testimony regarding the chart shown at the top of page 6 of Girafa's reply brief to create a factual inaccuracy in a desperate attempt to prove a likelihood of success on the merits. Initially, it should be noted that Girafa did not challenge Snap's construction of "providing" as "transmitting **and** displaying." This construction, when read in context of the original claim language, requires that both the transmission **and** display of a visual image of a web page take place "at least partially concurrently" with the transmission **and** display of a thumbnail visual image. Because Girafa has not challenged that construction, it should be accepted by the Court.

In the testimony referenced at page 6 of Girafa's reply brief, Prof. Robins stated that the search results web page and preview were *displayed* at overlapping points in time, but he did **not** state that there was at least partially concurrent *transmission* of the search results web page and the preview. And, based on the evidence already of record, which Girafa is aware of but chose to ignore, there is **not** a partially concurrent *transmission* of the search results web page and preview in Snap Classic, Snap Shots Browser Add-on, and Snap Shots for Publishers/Bloggers. Thus, based on the undisputed construction of "providing" as "transmitting **and** displaying,"

[1] Snap's Amended Answer has not been formally entered by the Court, but given that the Amazon Defendants' Unopposed Motion to Amend/Correct its Answer was granted, and its Amended Answer entered by the Court, there does not appear to be any reason to think that Snap's Amended Answer will not likewise be entered shortly.

Snap Classic, Snap Shots Browser Add-on, and Snap Shots for Publishers/Bloggers do not satisfy the claim requirement in all of the asserted claims of the ‘904 Patent that there be both a partially concurrent transmission **and** display of the search results web page containing one or more hyperlinks and the preview of a linked page. As such, Snap does not literally infringe any of the asserted claims of the ‘904 Patent.

///

///

///

## III. CONCLUSION

For the foregoing reasons, Snap respectfully requests that this Court disregard Girafa's arguments that the annotations contemplated by the '904 Patent are something other than thumbnail images of web pages, and that Snap's expert conceded infringement in connection with the claim elements "thumbnail visual image" and "providing … at least partially concurrently." For the reasons set forth herein, in the Joint Sur-reply Brief, and in the Snap's opposition papers, the Court should deny Girafa's motion for preliminary injunction in its entirety.

Dated: July 14, 2008

By: /s/ Arthur G. Connolly, III

Arthur G. Connolly, III (#2667)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
Email: AConnollyIII@cblh.com

*Of Counsel*:
Daniel M. Cislo, Esq.
Mark D. Nielsen, Esq.
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
Telephone: (310) 451-0647
Telefax: (310) 394-4477
Attorneys for Defendant/Counterclaim Plaintiff Snap Technologies, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 14, 2008, the foregoing document was served on the following counsel of record in the manner indicated below:

| **Via Electronic Mail:**<br>Steven J. Balick<br>John G. Day<br>Tiffany Geyer Lydon<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Email: sbalick@ashby-geddes.com<br>Attorneys for Plaintiff | **Via Electronic Mail:**<br>William H. Mandir<br>John F. Rabena<br>Trevor C. Hill<br>Chandran B. Iyer<br>SHGHRUE MION, PLLC<br>2100 Pennsylvania Avenue, N.W.<br>Washington DC 20037<br>Email: jrabena@sughrue.com<br>Attorneys for Plaintiff |
|---|---|

| **Via Electronic Mail:**<br>Richard L. Horwitz<br>David E. Moore,<br>POTTER ANDERSON & COROON LLP<br>Hercules Plaza - Sixth Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE 19899<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br><br>Attorneys for Defendants<br>Amazon Web Services LLC, Amazon.com, Inc. and Alexa Internet, Inc. | **Via Electronic Mail:**<br>Thomas G. Pasternak<br>R. David Danoghue<br>DLA PIPER US LLP<br>203 N. LaSalle Street, Suite 1900<br>Chicago, IL 60601<br>Email: tom.pasternak@dlapiper.com<br><br>M. Elizabeth Day<br>Gregory J. Lundell<br>DLA PIPER US LLP<br>2000 University Avenue<br>East Palo Alto CA 94303<br>Email: elizabeth.day@dlapiper.com<br>Attorneys for Defendants<br>Amazon Web Services LLC, Amazon.com and Alexa Internet, Inc. |
|---|---|

| **Via Electronic Mail:**<br>Thomas C. Grimm<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>Email: tgrimm@mnat.com<br>Attorneys for Defendants Exalead Inc. and Exalead S.A. | **Via Electronic Mail:**<br>Scott A. Timmerman<br>Harold V. Johnson<br>NBC Tower, Suite 3600<br>445 North City Front Plaza Drive<br>Chicago, IL 60611-5599<br>Email: hjohnson@usebrinks.com<br>Attorneys for Defendants Exalead, Inc. and Exalead S.A. |
|---|---|
| **Via Electronic Mail:**<br>Jeffrey L. Moyer, Esq.<br>Anna Shea Gaza, Esq.<br>RICHARDS, LAYTON & FINGER. P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19899<br>moyer@rfl.com<br><br>Attorneys for Defendant<br>IAC Search & Media, Inc. | **Via Electronic Mail:**<br>Claude M. Stern<br>Jennifer A. Kash<br>Antonio R. Sistos<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>50 California Street, 22nd Floor<br>San Francisco CA 94111<br>Email: jenniferkash@quinnemanuel.com |
| **Via Electronic Mail:**<br>Jack B. Blumenfeld<br>Rodger D. Smith II<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>Email: jblumentfeld@mnat.com<br>dmoore@potteranderson.com<br><br>Matthew D. Powers<br>Douglas E. Lumish<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Email: matthew.powers@weil.com<br>Doug.lumish@weil.com<br>Attorneys for Defendant<br>Yahoo! Inc. | |

       /s/ Arthur G Connolly, III
       Arthur G. Connolly, III (#2667)