IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GIRAFA.COM, INC., <br><br>　　　　Plaintiff, <br><br>v. <br><br>AMAZON WEB SERVICES LLC, <br>AMAZON.COM, INC., ALEXA <br>INTERNET, INC., IAC SEARCH & <br>MEDIA, INC., SNAP TECHNOLOGIES, <br>INC., YAHOO!, INC., EXALEAD S.A., and <br>EXALEAD, INC., <br><br>　　　　Defendants. | Civil Action No. 07-787 (SLR) |

## SNAP TECHNOLOGIES, INC.'S AMENDED ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant Snap Technologies, Inc. (hereafter "Snap"), by and through its attorneys, responds to Plaintiff Girafa.com, Inc.'s ("Plaintiff" or "Girafa") Complaint as follows. The paragraph numbers set forth herein correspond to the same paragraph numbers in the Complaint.

1.　　Snap admits that Girafa had brought this action against various defendants, including Snap, seeking monetary damages and injunctive relief for alleged patent infringement by the various defendants. Snap denies that Girafa is entitled to any of the relief sought against Snap, or that Snap has infringed United States Patent 6,864,904 ("'904 Patent" or "patent-in-suit"). As to the other defendants, Snap is without sufficient information to admit or deny the allegations of paragraph 1 of the Complaint, and therefore denies same.

1

## PARTIES

2. Snap is without sufficient information to admit or deny the allegations of paragraph 2 of the Complaint, and therefore denies same.

3. Snap is without sufficient information to admit or deny the allegations of paragraph 3 of the Complaint, and therefore denies same.

4. Snap is without sufficient information to admit or deny the allegations of paragraph 4 of the Complaint, and therefore denies same.

5. Snap is without sufficient information to admit or deny the allegations of paragraph 5 of the Complaint, and therefore denies same.

6. Snap is without sufficient information to admit or deny the allegations of paragraph 6 of the Complaint, and therefore denies same.

7. Snap is without sufficient information to admit or deny the allegations of paragraph 7 of the Complaint, and therefore denies same.

8. Admitted.

9. Snap is without sufficient information to admit or deny the allegations of paragraph 9 of the Complaint, and therefore denies same.

10. Snap is without sufficient information to admit or deny the allegations of paragraph 10 of the Complaint, and therefore denies same.

11. Snap is without sufficient information to admit or deny the allegations of paragraph 11 of the Complaint, and therefore denies same.

12. Snap is without sufficient information to admit or deny the allegations of paragraph 12 of the Complaint, and therefore denies same.

## JURISDICTION AND VENUE

13. Admitted.

14. Admitted as to 28 U.S.C. §§ 1331 and §1338. Denied as to 28 U.S.C. § 1332.

15. Snap is without sufficient information to admit or deny the allegations of paragraph 15 of the Complaint, and therefore denies same.

16. Snap is without sufficient information to admit or deny the allegations of paragraph 16 of the Complaint, and therefore denies same.

17. Snap is without sufficient information to admit or deny the allegations of paragraph 17 of the Complaint, and therefore denies same.

18. Snap is without sufficient information to admit or deny the allegations of paragraph 18 of the Complaint, and therefore denies same.

19. Snap is without sufficient information to admit or deny the allegations of paragraph 19 of the Complaint, and therefore denies same.

20. Snap is without sufficient information to admit or deny the allegations of paragraph 20 of the Complaint, and therefore denies same.

21. Snap is without sufficient information to admit or deny the allegations of paragraph 21 of the Complaint, and therefore denies same.

22. Snap is without sufficient information to admit or deny the allegations of paragraph 22 of the Complaint, and therefore denies same.

23. Admitted that Snap is incorporated in Delaware. Otherwise, Snap denies the allegations in paragraph 23 of the Complaint. Snap does not purposefully direct the referenced activities into Delaware either directly or through third parties.

24. Snap admits that it is incorporated in the state of Delaware, and to the extent that

fact subjects it to personal jurisdiction in the state of Delaware, Snap admits that personal jurisdiction in this Court is proper under Fed.R.Civ.P. 4(k)(1)(A). Otherwise, Snap denies that it is subject to personal jurisdiction in this Court as it does not presently have any direct customers in the state of Delaware; it denies that it has caused tortious injury in the state of Delaware; it does not regularly do or solicit business or otherwise engage in any persistent course of conduct in the state of Delaware; it does not derive substantial revenue from the state of Delaware; and, it does not own real property in the state of Delaware.

25. Snap is without sufficient information to admit or deny the allegations of paragraph 25 of the Complaint, and therefore denies same.

26. Snap is without sufficient information to admit or deny the allegations of paragraph 26 of the Complaint, and therefore denies same.

27. Snap is without sufficient information to admit or deny the allegations of paragraph 27 of the Complaint, and therefore denies same.

28. Snap is without sufficient information to admit or deny the allegations of paragraph 28 of the Complaint, and therefore denies same.

29. Snap is without sufficient information to admit or deny the allegations of paragraph 29 of the Complaint, and therefore denies same.

30. Snap is without sufficient information to admit or deny the allegations of paragraph 30 of the Complaint, and therefore denies same.

31. Snap is without sufficient information to admit or deny that Girafa is a Delaware corporation, and therefore denies same. Snap is likewise without information as to the remainder of the allegations in paragraph 31 of the Complaint as to the other defendants. Snap admits that this Court is a possible venue for itself as to this case, but denies that this is the proper or most

convenient venue

## BACKGROUND

32. Denied. According to the patent-in-suit and the PTO records, the provisional patent application in question was filed on December 6, 1999.

33. Admitted that Girafa filed non-provisional application 09/708,191 on November 8, 2000 and made a priority claim therein to provisional application 60/169,328. Snap does not admit that the provisional application was sufficient to support the scope of the disclosure and claims in the non-provisional application, and hence, does not admit that the priority claim applied to all aspects of what was disclosed and claimed in the '904 Patent. Except as expressly admitted herein, Snap otherwise denies the allegations of paragraph 33 of the Complaint.

34. Admitted that the '904 Patent issued on March 8, 2005. Otherwise, Snap is without sufficient information to admit or deny the other allegations of paragraph 34 of the Complaint, and therefore denies same.

35. Admitted.

36. Denied.

## PATENT INFRINGEMENT

37. Snap hereby incorporates its responses with respect to paragraphs 1 through 36 hereof as though fully set forth herein.

38. Snap is without sufficient information to admit or deny the other allegations of paragraph 38 of the Complaint, and therefore denies same.

39. Snap admits that it makes, uses, and provides computer and/or computer-related

products and/or services including displaying images of other websites. Except as expressly admitted, Snap denies the remaining allegations of paragraph 39 of the Complaint. To the extent the allegations of paragraph 39 of the Complaint pertain to the other named Defendants in the case, Snap is without sufficient information to admit or deny the other allegations of paragraph 39 of the Complaint, and therefore denies same.

40. Snap denies the allegations of paragraph 40 of the Complaint. To the extent the allegations of paragraph 40 of the Complaint pertain to the other named Defendants in the case, Snap is without sufficient information to admit or deny the other allegations of paragraph 40 of the Complaint, and therefore denies same.

41. Snap denies the allegations of paragraph 41 of the Complaint. To the extent the allegations of paragraph 41 of the Complaint pertain to the other named Defendants in the case, Snap is without sufficient information to admit or deny the other allegations of paragraph 41 of the Complaint, and therefore denies same.

42. Snap denies the allegations of paragraph 42 of the Complaint. To the extent the allegations of paragraph 42 of the Complaint pertain to the other named Defendants in the case, Snap is without sufficient information to admit or deny the other allegations of paragraph 42 of the Complaint, and therefore denies same.

43. Snap denies the allegations of paragraph 43 of the Complaint. To the extent the allegations of paragraph 43 of the Complaint pertain to the other named Defendants in the case, Snap is without sufficient information to admit or deny the other allegations of paragraph 43 of the Complaint, and therefore denies same.

44. Snap denies the allegations of paragraph 44 of the Complaint. To the extent the allegations of paragraph 44 of the Complaint pertain to the other named Defendants in the case,

Snap is without sufficient information to admit or deny the other allegations of paragraph 44 of the Complaint, and therefore denies same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Prior Use By Others – 35 U.S.C. § 102(a))

45.     Certain of the claims of the patent-in-suit are unpatentable because "the invention was known or used by others in this country ... before the invention thereof by the applicant for patent."

### SECOND AFFIRMATIVE DEFENSE

(Prior Patent or Publication – 35 U.S.C. § 102(a))

46.     Certain of the claims of the patent-in-suit are unpatentable because "the invention was ... patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent."

### THIRD AFFIRMATIVE DEFENSE

(Prior Patent or Publication – 35 U.S.C. § 102(b))

47.     Certain of the claims of the patent-in-suit are unpatentable because "the invention was patented or described in a printed publication in this or a foreign country ... more than one year prior to the date of the application for patent in the United States."

## FOURTH AFFIRMATIVE DEFENSE

(Public Use – 35 U.S.C. § 102(b))

48.   Certain of the claims of the patent-in-suit are unpatentable because "the invention was in public use … in this country, more than one year prior to the date of the application for patent in the United States."

## FIFTH AFFIRMATIVE DEFENSE

(Obviousness – 35 U.S.C. § 103)

49.   Certain of the claims of the patent-in-suit are unpatentable for lack of non-obviousness.

## SIXTH AFFIRMATIVE DEFENSE

(Indefiniteness – 35 U.S.C. § 112, ¶ 2)

50.   Certain of the claims of the patent-in-suit are unpatentable as indefinite pursuant to 35 U.S.C. § 112, ¶ 2.

## SEVENTH AFFIRMATIVE DEFENSE

(Lack of Causation)

51.   To the extent any infringements occurred, which Snap denies, Plaintiff is not entitled to recover any damages due to lack of causation.

///

///

///

## EIGHTH AFFIRMATIVE DEFENSE

(Valid Competition)

52. Some or all of the claims for relief in the Complaint are barred because the conduct alleged by Plaintiff was privileged to the extent that Snap may be considered a competitor of Plaintiff and the actions alleged concern matters within the scope of such privilege.

## NINTH AFFIRMATIVE DEFENSE

(Intent to Injure Competition/Restraint of Free Trade)

53. Plaintiff has used, and continues to use, whatever patent rights it may have, the existence of which are specifically denied, with the intent and result of restraining trade and of injuring competition, such that Plaintiff's alleged patent rights are unenforceable in this action.

## TENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

54. Plaintiff is not entitled to recover damages in any amount because it has failed to mitigate its damages at all times relevant herein.

## ELEVENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

55. Plaintiff's claims are barred because any damages possibly available in connection therewith are speculative and uncertain.

///

///

## TWELFTH AFFIRMATIVE DEFENSE

(Inconvenient Venue)

56. This district is not the most convenient district for this case, as Snap's principal place of business, documents, and witnesses, are located in the Central District of California.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Absence of Undivided Infringement)

57. The steps of some or all of the claims of the patent-in-suit, if performed at all, are performed by more than one person or entity.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Inequitable Conduct)

58. The patent-in-suit is unenforceable because Plaintiff by and/or through its representatives committed inequitable conduct in connection with the prosecution of the application(s) for, or related to, the patent-in-suit.

59. Specifically, *inter alia*, on January 5, 2005, prior to the issuance of the patent-in-suit on March 8, 2005, Plaintiff filed with the USPTO a continuation application for patent (Application No. 11/029,995) that claimed priority to and was related to the patent-in-suit, along with an information disclosure statement that contained a number of references that were not disclosed to, or otherwise before, the Patent Examiner in connection with the application for the patent-in-suit.

60. The specific references that Plaintiff knew about, but did not disclose to the PTO in connection with the application for the patent-in-suit included at least: (1) United States Patent

6,011,537 to Slotznick; (2) United States Patent 6,016,494 to Isensee; (3) United States Patent 5,973,692 to Knowlton; (4) United States Patent 6,101,510 to Stone; and, (5) a series of "Other Art" documents constituting references by the W3C Protocol Library, Musciano et al., Yarger et al., Laurie et al., Berners-Lee et al., and Sullivan.

61. Certainly, Plaintiff believed the references were material to patentability of the related subject matter in its continuation application, and thus, the references would have been important for the Patent Examiner to have before him in reviewing the application for the patent-in-suit, and material to patentability.

62. Plaintiff and/or its representatives did not deal in candor, good faith, and honesty with the Patent Office by failing to disclose such known, material references to the Patent Examiner prior to issuance of the patent-in-suit.

63. Furthermore, one or more information disclosure statements submitted by Plaintiff by and/or through its representatives during prosecution of the continuation application related to the patent-in-suit, but only after the issuance of the patent-in-suit, contain highly material prior art references such as United States Patent 6,271,840 to Finseth and an article entitled "Visual preview for link traversal on the World Wide Web" by Theodorich Kopetzky and Max Muhlhauser. Whether or not Plaintiff and/or its representatives were aware of these references will have to be confirmed in discovery.

64. In addition, Plaintiff by and/or through its representatives affirmatively misrepresented the teachings of at least one important prior art reference during the prosecution of the application for the patent-in-suit. Specifically, Plaintiff by and/or through its representatives, in order to avoid a claim rejection under 35 U.S.C. § 103 on a point that Plaintiff represented to be the novel and/or non-obvious feature of its invention, represented in a response

11

to the March 11, 2004 Office Action that United States Patent 6,613,100 to Miller did not "show or suggest displaying thumbnails of the home pages of the linked pages, as recited in amended claims 1 and 21."

65.     Plaintiff and/or its representatives did not deal in candor, good faith, and honesty with the Patent Office in addressing the Miller reference, and in so doing, Plaintiff created a basis for patentability where none existed. Plaintiff's misrepresentations regarding Miller are extremely material to the question of patentability of the patent-in-suit, and the misrepresentation was known to Plaintiff and/or its representatives and made for the purpose of overcoming an obviousness rejection.

## COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff, Snap, for its counterclaims against Plaintiff and Counterclaim-Defendant, Girafa, hereby alleges as follows:

66.     This counterclaim seeks a declaratory judgment of non-infringement and invalidity/unenforceability of the '904 Patent under the provisions of 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code.

## JURISDICTION

67.     This Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

68.     Girafa is subject to personal jurisdiction in this judicial district by virtue of its incorporation in the state of Delaware, among other bases, its having its principal place of

business in this judicial district, and its submitting to the jurisdiction of this Court by virtue of filing this action in this Court.

69.     Venue as to Girafa in this judicial district is proper under 28 U.S.C. §§ 1391 and 1400.

70.     Girafa alleges in its Complaint that Snap has infringed the patent-in-suit. Snap denies Girafa's allegations of infringement of the patent-in-suit. Snap does not, and has not, in any way infringed the patent-in-suit. As such, an actual and justiciable controversy therefore exists between Girafa and Snap with respect to Snap's alleged infringement of the patent-in-suit.

## COUNT I

(Declaratory Judgment of Non-Infringement)

71.     Snap repeats and incorporates the facts and allegations of paragraphs 1 through 70 of its Answer to Complaint, Affirmative Defenses, and Counterclaim, inclusive, as though fully set forth herein.

72.     Snap has not, nor has it ever, directly infringed, contributorily infringed, or induced others to infringe, any valid claim, if any, of the '904 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

73.     Snap's technology that Girafa contends infringes the '904 Patent is not covered by any valid claim, if any, of the '904 Patent, either literally or under the doctrine of equivalents.

74.     Accordingly, there exists an actual justiciable controversy between Girafa and Snap concerning whether any claims of the '904 Patent are infringed by Snap.

75.     Snap requests a judgment declaring that Snap does not, and has not, directly infringed, contributorily infringed, or induced others to infringe the '904 Patent. Such a

determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the '904 Patent.

## COUNT II

(Declaratory Judgment of Invalidity/Unenforceability)

76. Snap repeats and incorporates the facts and allegations of paragraphs 1 through 75 of its Answer to Complaint, Affirmative Defenses, and Counterclaim, inclusive, as though fully set forth herein.

77. The '904 Patent and some or all of its claims have been, and are, invalid on the grounds that the subject matter sought to be patented therein fails to comply with the conditions and requirements for patentability set forth in Title 35, United States Code, including, but not limited to, the provisions of 35 U.S.C. §§ 102(a), 102(b), 103, and 112.

78. The '904 Patent and some or all of its claims are unenforceable because of inequitable conduct committed by Plaintiff and/or its representatives in connection with the prosecution of the application(s) for, or related to, the patent-in-suit.

79. Accordingly, there exists an actual justiciable controversy between Girafa and Snap concerning whether some or all of the claims of the '904 Patent are invalid and/or unenforceable.

80. Snap requests a judgment declaring that the claims of the '904 Patent are invalid and/or unenforceable. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity and/or unenforceability of the '904 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Snap respectfully requests that this Court enter a judgment in its favor and against Girafa as follows:

(1) Striking Girafa's Complaint;

(2) Dismissing Girafa's Complaint with prejudice in its entirety, with Girafa to take nothing thereby;

(3) Denying Girafa any of the relief it has requested;

(4) Declaring that Snap does not infringe, and has not ever infringed U.S. Patent No. 6,864,904 directly, contributorily or by inducement, literally, under the doctrine of equivalents, willfully or otherwise;

(5) Declaring that each claim of U.S. Patent No. 6,864,904 is invalid and without any force or effect against Snap, its officers, agents, servants, employees, licensees, assigns, customers, and/or attorneys;

(6) Declaring that each claim of U.S. Patent No. 6,864,904 is unenforceable and without any force or effect against Snap, its officers, agents, servants, employees, licensees, assigns, customers, and/or attorneys

(7) Awarding Snap the relief requested in its Answer to Complaint, Affirmative Defenses, and Counterclaim;

(8) Deeming this to be an "exceptional case" within the meaning of 35 U.S.C. § 285, and awarding Snap its attorney's fees, expenses and costs incurred herein;

(9) Awarding Snap such other and further relief as this Court may deem just and proper.

                                            **CONNOLLY BOVE LODGE & HUTZ LLP**

Dated: June 23, 2008                          By: */s/ Arthur G. Connolly, III*
                                                              Arthur G. Connolly, III (#2667)
                                                              1007 N. Orange Street
                                                              P.O. Box 2207
                                                             Wilmington, DE 19899
                                                             Tel: (302) 658-9141
                                                             Email: AConnollyIII@cblh.com

                                                            *Of Counsel*:
                                                            Daniel M. Cislo, Esq.
                                                            Mark D. Nielsen, Esq.
                                                           CISLO & THOMAS LLP
                                                           1333 2nd Street, Suite 500
                                                           Santa Monica, California 90401
                                                            Telephone: (310) 451-0647
                                                           Telefax: (310) 394-4477
                                                           Attorneys for Defendant/Counterclaim
                                                           Plaintiff Snap Technologies, Inc.

## DEMAND FOR JURY TRIAL

Snap demands a trial by jury on all issue so triable, pursuant to Fed.R.Civ.P. 38.

**CONNOLLY BOVE LODGE & HUTZ LLP**

Dated: June 23, 2008

By: */s/ Arthur G. Connolly, III*
Arthur G. Connolly, III (#2667)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
Email: AConnollyIII@cblh.com

Attorneys for Defendant/Counterclaim-Plaintiff Snap Technologies, Inc.

*Of Counsel*:
Daniel M. Cislo, Esq.
Mark D. Nielsen, Esq.
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
Telephone: (310) 451-0647
Telefax: (310) 394-4477