# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GIRAFA.COM, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>AMAZON WEB SERVICES, LLC,<br>AMAZON.COM, INC.,<br>ALEXA INTERNET, INC.,<br>IAC SEARCH & MEDIA, INC.,<br>SNAP TECHNOLOGIES INC.,<br>YAHOO! INC.,<br>SMARTDEVIL INC.,<br>EXALEAD INC., AND<br>EXALEAD S.A.,<br><br>       Defendants. | C.A. No. 07-787-SLR<br><br>**JURY TRIAL DEMANDED** |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties have, through counsel, stipulated to the entry of a Protective Order to prevent the unnecessary dissemination or disclosure of certain documents, transcripts, records, and other things that constitute or contain confidential or protected information within the meaning of Federal Rule of Civil Procedure 26(c); and

WHEREAS, the parties have stipulated that good cause exists for the entry of a Protective Order in accordance with Rule 26(c) to protect against improper disclosure of confidential information produced or disclosed in this litigation;

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT, as follows:

1.   **Definitions.**  As used in this Stipulated Protective Order, these terms have the following meanings:

    a.    "Confidential" information means information designated in accordance with Paragraph 3;

    b.    "Highly Confidential – Outside Counsel Eyes Only" information means information is the subset of Confidential Information designated in accordance with Paragraph 4;

    c.    "Materials" includes all documents, transcripts, records, and things (in oral, written, or electronic forms) within the scope of Federal Rule of Civil Procedure 34 and discovery in this litigation, including, without limitation, all testimony adduced at depositions, all documents or things responsive to requests for the production of documents and things, all answers to interrogatories, all responses to requests for admissions, and all other discovery requests taken in accordance with the Federal Rules of Civil Procedure, as well as hearing and trial transcripts, matters in evidence, and any other information furnished, directly or indirectly, by or on behalf of any party to this litigation or any third party;

    d.    "Agreement to be Bound By Protective Order" means an executed document in the form attached as Exhibit A.

    e.    "Party group" or "party" means a party or affiliated parties, as delineated here:

- Girafa.com, Inc.
- The Amazon Group, which includes Amazon Web Services, LLC, Amazon.Com, Inc., and Alexa Internet, Inc.
- IAC Search & Media, Inc.
- Snap Technologies Inc.
- Yahoo! Inc.
- The Exalead Group, which includes Exalead Inc. and Exalead S.A.

    f.    "Requesting party group" or "Receiving party group" means the party group, or a party within a party group, that requests or receives the disclosure of Confidential Information.

- 2 -

g.    "Producing party group" or "Producing party" means the party group, or a party within a party group, that owns or otherwise controls the Confidential Information requested by the requesting party group.

2.    **Numbering.**  All document and other materials (including copies) produced in discovery in this litigation shall be given unique production numbers (commonly referred to as "Bates" numbers) by the producing party group.  Each producing party group shall use a unique production number prefix to identify the producing party group.

3.    **"Confidential" Information or Items.**    A party group, party, or non-party may designate any material "CONFIDENTIAL" for protection under this Protective Order where that material constitutes or discloses "Confidential Information."  "Confidential Information," as that term is used herein, comprises information that the producing party group in good faith contends to constitute or contain information that is (a) confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests; (b) not generally known in the context or form as known by the producing party group; (c) not normally revealed to the public or third parties or, if disclosed to third parties, is such that the producing party group would require such third parties to maintain the information in confidence; and (d) information (regardless of how generated, stored, or maintained) or tangible thing that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).  "Confidential Information" includes, but is not limited to, confidential research, development, technical, or commercial information, as well as other such information that the requesting party group and non-parties would not have access to but for this litigation.

4.    **"Highly Confidential - Outside Counsel Eyes Only" Information or Items.**    A party group, party, or non-party may designate any material "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" for protection under this Protective Order where that material constitutes or discloses extremely sensitive "Confidential" Information or Items whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means,

- 3 -

including information which is commercial, pricing, costing, or marketing information relating to the producing party or the producing party's commercial products or planned commercial products, or technical and research information that is extremely sensitive.

    **5.    Use of Information.**    All materials containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY - SOURCE CODE" information shall be used solely for the purpose of this litigation only, including any appeal thereof, unless otherwise agreed to, in writing, by the producing party group, or directed by a court of competent jurisdiction.  Prohibited purposes include, but are not limited to, the use of Confidential Information for competitive purposes, or for the prosecution of additional intellectual property rights as detailed in and prohibited by Paragraph 8 of this Agreement.

    **6.    Access to Confidential Information.**    Access to any "CONFIDENTIAL" Information shall be limited to:

        a.   This Court, its officers (including the jury) and supporting personnel, and any appellate court to which an appeal may be taken or in which review is sought, and its officers and supporting personnel;

        b.   Outside counsel of record and their associates, legal assistants, investigators, and stenographic and clerical employees, so long as their duties and responsibilities require access to Confidential Information.

        c.   In-house representatives for each party group, which shall number no more than two (2) for each party group at any one time, so long as their duties and responsibilities require access to Confidential Information.

        d.   Court reporters retained to transcribe testimony in this litigation;

        e.   Outside experts and consultants retained by at least one party group for purposes of this litigation, including their support, administrative and clerical staff, to the extent necessary to assist the party group in this

litigation who have signed "Agreement to Be Bound by Protective Order" (Exhibit A);

f. <u>Jury consultants and other litigation vendors</u> retained by at least one party group for purposes of this litigation (including, but not limited to, mock jurors and outside photocopy, imaging, database, graphics, translation and design services), including their support, administrative, and clerical staff, to the extent necessary to assist the party group in this litigation, and who have signed "Agreement to Be Bound by Protective Order" (Exhibit A);

g. <u>Witnesses</u> of the producing party group of whom deposition or trial testimony is being taken, so long as (1) the witness is any of the following: (a) a present director, officer, employee or contractor of the producing party or party group; (b) an author, addressee, or other person indicated as a recipient of a document containing the information; or (c) a Rule 30(b)(6) designee of the producing party group; and (2) at the request of any party or party group, the portion of the transcript involving the Confidential Information shall be designated "Confidential" or "Highly Confidential-Outside Counsel Eyes Only" or "Highly Confidential-Outside Counsel Eyes Only - Source Code."

h. <u>Witnesses</u> who are authors or recipients or whose names appear on documents who could have personal knowledge of the facts or events referred to in the document (*e.g.*, third party witnesses with knowledge whose memories could be refreshed by the documents); and

i. <u>Any person</u> for whom prior authorization is obtained from the producing party group or the Court.

7.     **Access to "Highly Confidential - Outside Counsel Eyes Only" Information and Items.** The parties shall have the right to further designate any material or

portions of materials as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY." As that term is used herein, such information and items include, but are not limited to: (a) highly sensitive information relating to the development of products, including computer code and internal product specifications; (b) highly sensitive current or future business or marketing plans; (c) highly sensitive financial information or forecasts, customer lists, pricing data, cost data, customer orders, or customer quotations; (d) pending or abandoned patent, trademark and copyright applications, foreign or domestic, unless published or otherwise publicly available; (e) computer code, including source code, object code, executable code, software files, or other related files; and (f) any other documents, information, or materials that relate to proprietary information that the producing party group reasonably believes is of such nature and character that the unauthorized disclosure of such information could irreparably injure the producing party group or a party within that group. Disclosure of "Highly Confidential - Outside Counsel Eyes Only" information and items shall be limited to the persons designated in Paragraphs 6.a., 6.b., 6.d., 6.e., 6.f., 6.g., 6.h. and 6.i. Persons designated in Paragraph 6.c. ("In-house representatives") are strictly prohibited from viewing any information designated "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY."

Provided however, that any Requesting Party may request permission to allow its Paragraph 6.c. "In-house representatives" access to a Producing Party's "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" information solely for settlement purposes. Any such request shall be in writing and shall identify the specific documents to which the Requesting Party seeks to provide such access. In its discretion, the Producing Party may grant to the Paragraph 6.c "In-house representatives": (i) access to the documents themselves; (ii) permission to view summaries of the information contained in such documents; or (iii) no access whatsoever to the documents or to the information contained therein. Granting In-house representatives access to "HIGHLY CONFIDENTIAL -

OUTSIDE COUNSEL EYES ONLY" documents or information based upon such a request will not change the designation of such documents.

    **8.**   **Production of Source Code.** Unless otherwise indicated, source code shall be designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" and subject to the same restrictions for "Highly Confidential - Outside Counsel Eyes Only" information identified in Section 4, 5, and 7 above. Source code is subject to the following additional restrictions:

    (a)   <u>Disclosure of Source Code</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential - Outside Counsel Eyes Only - Source Code" only to those categories of individuals listed in Paragraphs 6.a., 6.b., 6.d., 6.e., 6.f., 6.g., 6.h., and 6.i. subject to the restrictions therein. Persons designated in Paragraph 6.c. ("In-house representatives") are strictly prohibited from viewing any information designated "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY - SOURCE CODE."

    (b)   <u>Manner of Production</u>. Each Producing Party shall make properly discoverable source code in its possession, custody, or control available for inspection on a computer in a private room at the office of its lead outside counsel. Once source code has been made available for inspection by a Producing Party, the Receiving Party's Outside Counsel and its Experts shall have the opportunity to inspect the source code by making a request in writing to the Producing Party. The Producing Party shall allow inspection of the source code within two (2) business days of receiving the written request for inspection from the Receiving Party. The written request shall include the names of the individuals that will be present when the source code is inspected. The Receiving Party may inspect the source code as many times or days as reasonably necessary for preparation of its case. Source code shall be made available for inspection from the hours of 9:00 a.m. to 6:00 p.m. on regular business days. The Receiving Party shall maintain a daily log of the names

of individuals who view the source code, including the dates and times of viewing and shall provide copies of the log to the Producing Party upon request. The Receiving Party's Outside Counsel and its Experts shall be entitled to bring and use software tools stored on read-only media for viewing, searching, and analyzing source code.

        (c)    <u>No electronic copies</u>. A Receiving Party shall not make any electronic copies of source code, in whole or in part. This section does not preclude the creation of temporary copies that are made in the normal operation of the computer on which the source code resides or the creation of temporary output files created on the computer on which the source code resides through the use of software tools used to view, search, or analyze source code.

        (d)    <u>Limitations on Print-outs</u>. The Producing Party shall make available a printer for on-site printing during inspection of the source code. No paper print-outs shall be made of source code except for: (i) portions necessary for use in, and preparation for, court filings and proceedings, expert reports, and depositions of persons or entities permitted to access "Highly Confidential - Outside Counsel Eyes Only" information; and (ii) such other uses to which the Parties may agree or that the Court may order. Any printed copies shall be limited only to those portions of the source code for which a printed copy is reasonably needed at the time. Each page of any printed copies of source code shall be printed on yellow (or other non-white) colored paper. After printing, the Producing Party shall clearly label each page of any printed copies "Highly Confidential - Outside Counsel Eyes Only - Source Code" and give each page a unique identification number. The Producing Party shall make a good faith effort to provide a copy of the labeled and numbered copies on yellow (or non-white) colored paper to Outside Counsel of the Receiving Party within two business days. The Receiving Party may make one (1) copy of the printed source code pages after delivery for internal use on yellow (or non-white) colored paper. Printed copies of source code shall be securely maintained in a locked room or cabinet at the office of Outside Counsel of the Receiving Party when not in use and shall

- 8 -

be destroyed as soon as they are no longer needed. Printed copies of source code may be reviewed at the office of Outside Counsel of the Receiving Party by Outside Counsel or the Receiving Party's Experts, but may not be removed from the office of Outside Counsel except that copies may be made for and used in Court filings and proceedings, expert reports, and depositions of persons or entities permitted to access "Highly Confidential - Outside Counsel Eyes Only" information if necessary.

(e)    Final Disposition of Source Code.   At the conclusion of this action (including any appeals) and unless the Court otherwise orders, printed copies of source code shall be returned to the Producing Party or, at its choosing, the Receiving Party shall certify that any printed copies of source code have been destroyed.

9.    **Prosecution Bar.**   No Receiving Party shall disclose any "Confidential," "Highly Confidential - Outside Counsel Eyes Only," or "Highly Confidential - Outside Counsel Eyes Only - Source Code" information received from a separate Designating Party to any lawyer, patent agent, or any other person who is substantively involved in the prosecution of patent applications relating to the products or technologies at issue in this action. In addition, anyone to whom a Receiving Party discloses "Confidential," "Highly Confidential - Outside Counsel Eyes Only," or "Highly Confidential - Outside Counsel Eyes Only - Source Code" protected material shall not be involved in the prosecution of patent applications or development of products relating to the products or technologies at issue in this action until two (2) years after the final disposition of this case, including all appeals. A person is involved in the prosecution of patent applications if that person writes, prosecutes, reviews, provides input, or has the responsibility for directly overseeing the drafting of such patent applications. This prosecution bar applies only to any lawyer, patent agent, or any other person who reviews or otherwise has disclosed to him or her any "Confidential," "Highly Confidential - Outside Counsel Eyes Only," or "Highly Confidential - Outside Counsel Eyes Only - Source Code" protected material received from a separate Designating Party. This prosecution bar shall not apply to any lawyer, patent agent, or any other person

at the firm(s) of counsel representing a Receiving Party who does not review or otherwise have disclosed to him or her any "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" protected material received from a Producing Party.

10. **Third Party Materials.** Third parties producing materials in the course of this litigation may also designate such materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY - SOURCE CODE" subject to the same protections and constraints as the parties to the litigation. A copy of this Protective Order shall be served along with any subpoena served in connection with this litigation. All materials produced by such third parties shall be treated as "Highly Confidential - Outside Counsel Eyes Only" for a period of 10 days from the date of their production to any of the party groups in this litigation, regardless of the designation on those materials by the third party, so that the party groups have sufficient time to review the material to determine whether to assert that the materials contain Confidential Information of the party group.

11. **Effect of Designation.** The designation of information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY - SOURCE CODE" shall constitute a representation that an attorney believes that there is a valid basis for such designation. The designation or failure to designate information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY - SOURCE CODE" may not, however, be used against the producing party as an admission or concession that the designated information is or is not, in fact, confidential, proprietary, a trade secret, or otherwise sensitive.

12. **Handling of Confidential Materials.** Any person in possession of materials that have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE

- 10 -

COUNSEL EYES ONLY - SOURCE CODE" shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such materials to ensure that their confidential nature is maintained.  No person receiving such materials shall, directly or indirectly, transfer, disclose, or communicate in any way the materials or the contents or information of the materials to any person other than those specified in Paragraph 5, and only as specified in this Stipulated Protective Order.

13.    **"Agreement to Be Bound by Protective Order."**    Each person appropriately designated in accordance with Paragraphs 5.e and 5.f. to receive "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY - SOURCE CODE" information, shall execute an "Agreement to Be Bound by Protective Order" (Exhibit A). Counsel of record for any party group receiving protected material shall provide a copy of the "Agreement to Be Bound by Protective Order" to the counsel of record for all party groups at least seven (7) days before it first discloses such information to any such person. Such notice shall provide a reasonable description of the person to whom disclosure is sought sufficient to permit the producing party group to object to the disclosure.  If the producing party group, based upon a good-faith basis, objects in writing to such disclosure within seven (7) days, no disclosure shall be made until the producing party group withdraws its objection or the Court overrules the objection.  If the objection to a disclosure or delay associated with resolving the objection impedes a party group from meeting any of the deadlines set by the Court related to timing of discovery related to infringement and/or validity after it receives notice of the intended disclosure, and the party group informs the objecting party group of the fact, then the party groups agree to work together in good faith to request adjustment of any such deadline.

14.    **Use of Confidential Information at Deposition.**  All depositions or portions of depositions taken in this litigation that contain trade secret or other confidential information may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

OUTSIDE COUNSEL EYES ONLY" and thereby obtain the appropriate protections. Confidentiality designations for depositions shall be made either on the record or by written notice to all other party groups within thirty (30) days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" information during the thirty (30) day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses such information shall be taken only in the presence of persons who are qualified to have access to such information.

15.    **Inadvertent Failure to Properly Designate Documents.** Any party group that inadvertently fails to identify materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY - SOURCE CODE" shall have at least 10 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party group receiving such inadvertently unmarked materials shall make reasonable efforts to retrieve materials distributed to persons not entitled to receive materials with the corrected designation.

16.    **Inadvertent Disclosure of Privileged Documents.** The inadvertent production or disclosure of any document or thing otherwise protected by the attorney-client privilege or work product immunity shall not operate as a waiver of any such privilege or immunity if, after learning of the inadvertent production or disclosure, the party who made the inadvertent production or disclosure sends to any receiving party or party group a written request for the return or destruction of such documents or things. Upon receiving such a request, the receiving party or party group shall *immediately* take all necessary steps to return or destroy such documents or things, including all copies and electronic copies, and make a written certification to the producing party or party group of such compliance. If the receiving party disclosed the inadvertently produced document or thing before being notified

- 12 -

by the producing party, it must take reasonable steps to retrieve the inadvertently produced document or thing.

  a.  If the receiving party wishes to contest that any such document or thing was inadvertently produced or is protected by the attorney-client privilege or by work-product immunity, the receiving party shall so notify the producing party group in writing when the document or thing is returned to the Producing party group.  Within five (5) days after receiving such notification, the Producing party group shall provide to the Requesting party group a list identifying all such returned documents and things and stating the basis for the claim of privilege or immunity.  Within five (5) days after receiving such a list, and after the parties have attempted to resolve the dispute through a meaningful meet-and-confer, the receiving party may file a motion to compel production of such documents and things, the protection of which is still disputed.  If such a motion is filed, the producing party group shall have the burden of proving that the documents and things in dispute are protected by the attorney-client privilege or by work-product immunity.

  b.  With respect to documents and things subsequently generated by a receiving party , which documents and things contain information derived from such inadvertently produced documents and things, if the receiving party does not notify the producing party group that the requesting party group disputes the claims of attorney-client privilege or work-product immunity, the receiving party shall immediately destroy or redact the derivative documents and things in a manner such that the derivative information cannot in any way be retrieved or reproduced.

  c.  In no event, however, shall the return or destruction of demanded documents be delayed or refused because of a receiving party's objection to the demand or by the filing of a motion to compel.  Furthermore, until and unless such motion to compel is granted, the receiving party shall neither quote nor substantively reveal any privileged

- 13 -

information contained within the documents or things at issue, either prior to or following their return, except to the extent such information is reflected in an appropriate privilege log.

17.    **Filing Confidential, or Highly Confidential - Outside Counsel Eyes Only Information with the Court.** If a party group files a document containing Confidential or Highly Confidential - Outside Counsel Eyes Only Information with the Court, all such documents and chamber copies shall be filed under seal in a sealed envelope or container with a Certificate of Service attached to the outside of the envelope or container. The Certificate of Service shall identify the party or party group whose protected Information is disclosed, and the envelope or container shall be marked with one or more of the following notations:

**FILED UNDER SEAL**
**CONTAINS CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

**or**

**FILED UNDER SEAL**
**CONTAINS HIGHLY CONFIDENTIAL**
**OUTSIDE COUNSEL EYES ONLY INFORMATION**
**SUBJECT TO PROTECTIVE ORDER.**

18.    **Challenges to Designation.** Any party group may request a change in the designation of any information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY." Such a request must be in writing and must provide the basis for the request. Any such material shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party group seeking the change may move for appropriate relief. The party group asserting that the material is Confidential shall have the burden of proving that the

information in question is within the scope of protection afforded by Federal Rule of Civil Procedure 26(c).

19.    **Use of Independently-Obtained, Unrestricted, Public, or Produced Information.** This Stipulated Protective Order shall *not* impose any restrictions on (a) the use or disclosure by a party group of information or material properly obtained by the party group independent of discovery in this litigation (even if such material is also obtained through discovery in this litigation) or (b) a party group from disclosing its own confidential information as it deems appropriate. This Stipulated Protective Order also shall not apply to information that (a) was properly known to the requesting party group before it was disclosed in this litigation, (b) is or became part of the public knowledge through no breach of the provisions of this Stipulated Protective Order, (c) is independently developed by the requesting party group without access to the Confidential Information, or (d) is disclosed to the requesting party group by a third party without restriction as to the disclosure, so long as the third party has the right to disclose the information to the requesting party group.

20.    **Return or Destruction Upon Termination of Litigation.** Upon the termination of this litigation, including any appeals, all documents and other materials designated by a producing party group as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," including all copies of such materials, shall be returned to the producing party group or at the producing party group's instruction, destroyed. Each party group's outside counsel, however, may retain one archival copy of all attorney work product, correspondence, expert reports, deposition and trial transcripts and exhibits, papers filed with the Court (including exhibits), and discovery responses (but not document production) exchanged by the party groups. Any protected

materials included in the archival copy shall remain subject to the provisions of this Order. All party groups shall certify compliance with this Paragraph in writing within 90 days of the termination of the litigation. Any materials designated "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY - SOURCE CODE" shall unconditionally be returned to the producing party or at its discretion, destroyed.

21.    **Modification of the Stipulated Protective Order.**  Any party group may apply to the Court for a modification of this Stipulated Protective Order, and nothing in this Stipulated Protective Order shall be construed to prevent a party group from seeking such further provisions enhancing or limiting confidentiality, as may be appropriate.

22.    **No waiver of claim or defense.**  No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the litigation or of any position as to discoverability or admissibility of evidence.

23.    **Injunctive Relief.**  If any person violates or threatens to violate the terms of this Stipulated Protective Order, the parties agree that the aggrieved party or party group may immediately apply to obtain injunctive relief against any such person.  The parties agree that, if the aggrieved party or party group demonstrates a reasonable likelihood of success on the merits, then in the absence of injunctive relief, the aggrieved party or party group will be irreparably harmed.  The parties and any other person subject to the terms of this Stipulated Protective Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Stipulated Protective Order, notwithstanding any subsequent disposition of this litigation.

24.    **Subpoena or Court Order.**  If a requesting party group is served with a subpoena or a court order that would compel disclosure of any information, documents or

- 16 -

things designated by a producing party group in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," then no more than 10 days after receiving the subpoena or order, the requesting party group must (1) notify the producing party group, in writing (by fax and email) of the subpoena or order, and include a copy of the subpoena or order with the notification; (2) inform the party that caused the subpoena or order to issue, in writing, that some or all of the materials covered by the subpoena or order are subject to this Stipulated Protective Order; and (3) deliver a copy of this Stipulated Protective Order to the party that caused the subpoena or order to issue. The purpose of these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the producing party group an opportunity to seek protection for its Confidential Information in the court from which the subpoena or order issued. The producing party group shall bear the burden and expense of seeking protection in that court. Nothing in this provision should be construed as authorizing or encouraging a requesting party group to disobey a lawful directive from another court.

    **25.**   **Survival of Protective Order.** The obligations imposed by this Protective Order shall survive the termination of this litigation

- 17 -

**STIPULATED TO BY THE PARTIES:**

ASHBY & GEDDES

/s/ Tiffany Geyer Lydon
Steven J. Balick (#2114)
John G. Day (#2403)
Tiffany Geyer Lydon (#3950)
500 Delaware Ave., 8th Floor
PO Box 1150
Wilmington, DE 19899
(302) 654-1880
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

William H. Mandir
John F. Rabena
Carl J. Pellegrini
Trevor C. Hill
Chandran B. Iyer
Sughrue Mion, PLLC
2100 Pennsylvania Ave., N.W.
Washington, D.C. 20037
wmandir@sughrue.com
jrabena@sughrue.com
thill@sughrue.com
cbiyer@sughrue.com

*Attorneys for Plaintiff*
*Girafa.com, Inc.*

CONNOLLY, BOVE, LODGE & HUTZ

/s/ Arthur G. Connolly, III
Arthur G. Connolly, III (#2667)
1007 N. Orange St.
PO Box 2207
Wilmington, DE 19899
(302) 658-9141
aconnollyIII@cblh.com

Daniel M. Cislo

POTTER ANDERSON & CORROON LLP

/s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Elizabeth Day
DLA Piper US LLP
2000 University Avenue
East Palo Alto, California 94303-2214
(650) 833-2000
elizabeth.day@dlapiper.com

Thomas G. Pasternak
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1293
(312) 368-4065
thomas.pasternak@dlapiper.com

*Attorneys for Defendants*
*Amazon.com, Inc.; Amazon Web Services LLC;*
*and Alexa Internet, Inc.*

RICHARDS, LAYTON & FINGER

/s/ Jeffrey L. Moyer
Jeffrey L. Moyer (# 3309)
Anne Shea Gaza(# 4093)
One Rodney Square
P.O Box 551
Wilmington, DE 19899
moyer@rlf.com
gaza@rlf.com

Mark D. Nielsen
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, CA 90401
dan@cislo.com
mnielsen@cislo.com

*Attorneys for Defendant*
*Snap Technologies, Inc.*

Antonio R. Sistos
Jennifer A. Kash
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
50 California Street 22nd Floor
San Francisco, CA 94111
antoniosistos@quinnemanuel.com
jenniferkash@quinnemanuel.com

Claude M. Stern
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
555 Twin Dolphin Dr., Suite 560
Redwood Shores, CA 94065
claudestern@quinnemanuel.com

*Attorneys for Defendant*
*IAC Search & Media, Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Thomas C. Grimm
Thomas C. Grimm (# 1098)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
tgrimm@mnat.com

Harold V. Johnson
Scott A. Timmerman
BRINKS HOFER GILSON & LIONE
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
hjohnson@usebrinks.com
stimmerman@usebrinks.com

*Attorneys for Defendants*
*Exalead Inc., Exalead S.A.*

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
Roger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com

Douglas E. Lumish
WEIL GOTCHALS
201 Redwood Shores Parkway
Redwood Shores, CA 94065
doug.lumish@weil.com

*Attorneys for Defendant*
*Yahoo! Inc.*

**IT IS SO ORDERED:**

Date: _____        _____
                              **UNITED STATES DISTRICT JUDGE**

RLF1-3304012-1

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

_____ declares that:

I reside at _____ in the city of_____,

county _____, state of _____.

I am currently employed by _____located at

and my current job title is _____.

I have read and believe I understand the terms of the Stipulated Protective Order filed in Civil

Action No. 07-787-SLR, pending in the United States District Court for the District of Delaware.

I agree to comply with and be bound by the provisions of the Stipulated Protective Order. I

understand that any violation of the Stipulated Protective Order may subject me to sanctions by

the Court, civil liability, criminal liability, or any combination of the above. I submit myself to

the jurisdiction of the United States District Court for the District of Delaware for the purpose of

enforcing or otherwise providing relief relating to the Protective Order.

I agree to abide by the terms set forth as follows:

I am an outside expert or consultant designated in accordance with Paragraphs 6.e.

or 6.f. to receive protected information. I shall not divulge any materials, or copies of materials,

designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES

ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY - SOURCE

CODE" obtained in accordance with the Stipulated Protective Order, or the contents of such

materials, to any person other than those specifically authorized by the Stipulated Protective

Order. I shall not copy or use such materials except for the purposes of this litigation and in

accordance with the terms of the Stipulated Protective Order.

As soon as is practical, but no later than 30 days after final termination of this litigation, I shall return any materials in my possession designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY - SOURCE CODE," to the attorney from whom I received such materials. I shall also return to that attorney, at that time, all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such materials.

If I review any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY - SOURCE CODE," then I agree not participate in the prosecution of patent applications or development of products relating to the products or technologies at issue in this action until two (2) years after the final disposition of this case, including all appeals. A person is involved in the prosecution of patent applications if that person writes, prosecutes, reviews, provides input, or has the responsibility for directly overseeing the drafting of such patent applications.

This prohibition does not apply to any activity related to a reexamination of the patent(s)-in-suit.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on  _____    _____
                       Date                              Signature