IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GIRAFA.COM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-787-SLR |
| | ) | |
| AMAZON WEB SERVICES LLC, | ) | |
| AMAZON.COM, INC., ALEXA | ) | |
| INTERNET, INC., IAC SEARCH & | ) | |
| MEDIA, INC., SNAP TECHNOLOGIES, INC., | ) | |
| YAHOO! INC., SMARTDEVIL INC., | ) | |
| EXALEAD, INC., and EXALEAD S.A., | ) | |
| | ) | |
| Defendants. | ) | |

**GIRAFA.COM, INC.'S ANSWERING MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY**

**I. INTRODUCTION**

Plaintiff Girafa.com, Inc. ("Girafa") opposes both of the motions for leave to file Surreplies, filed by Snap Technologies, Inc., ("Snap") (D.I. 118) and Amazon Web Services LLC, Amazon.com, Inc. and Alexa Internet, Inc. (collectively referred to as "the Amazon Defendants') (D.I. 119). Snap and the Amazon Defendants collectively are referred to herein as the "PI Defendants."

The proposed Surreplies are improper because they 1) offer new evidence in an attempt to establish publication of the undated Schmid reference that should have and could have been offered with their answering papers; 2) change their positions on infringement and claim construction; and 3) reargue positions set forth in their Oppositions just to have the last word.

These reasons do not justify Surreplies and therefore the PI Defendants' motions should be denied in their entirety.[1]

## II. ARGUMENT

A surreply is not a mechanism to add new arguments or change positions. *Chambers v. Doe*, 453 F. Supp. 2d 858, 861 (D. Del. 2006) (granting motion to strike surreply for raising new arguments outside the briefing schedule). Nor is a surreply appropriately used by a non-moving party to reverse the normal order of submissions and get the last word.[2] The proposed surreplies violate each of these principles.

### A. New Evidence Regarding Schmid

In opposing Girafa's motion for a preliminary injunction, the PI Defendants had the obligation of submitting all evidence supporting their position that the Schmid paper was publicly available in 1998, and therefore constitutes prior art under 35 U.S.C. § 102. Instead, they chose to only offer evidence that the author, Stefan Schmid, published some *other* papers in 1998. *See, e.g.*, Girafa Reply at 10-11. Recognizing this fatal flaw, they now attempt to offer

---

[1] Contrary to the Amazon Defendants' statement that counsel for Girafa did not respond to Amazon's request for consent to the filing of their Motion, Girafa's counsel informed Amazon's counsel via email on July 14, 2008 that Girafa did not consent to Amazon's proposed surreply. Amazon's counsel even acknowledged receipt of that email the same day.

[2] *Lintz v. American Gen. Fin., Inc.*, 50 F. Supp.2d 1074, Fn. 1 (D. Kan. 1999); *See also Lacher v. West*, 147 F. Supp.2d 538, 539 (N.D. Tex. 2001) ("Surreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter. The court…only permits [surreplies] in exceptional or extraordinary circumstances.") (emphasis added); *General Motors Corp. v. American Ecology Environmental Serv. Corp.*, 2001 U.S. Dist. LEXIS 13560, n. 1 (N.D. Tex. 2001) ("Surreplies are highly disfavored by the court because they are usually an attempt by one side to get the last word on an issue, rather than a means to bring new or supplemental authority to the attention of the court. Accordingly, the court will permit surreplies only where truly exceptional or extraordinary circumstances exist.")

another U.S. Patent, USP No. 7,047,502 ("the '502 patent") (Donoghue Ex. D)[3], that lists a Schmid paper dated 1998 without listing the number of pages. The PI Defendants then argue, that the Schmid paper listed on the '502 patent must necessarily be the same Schmid paper that they assert in their Opposition.[4,5] This latest argument is also flawed because no evidence, let alone clear and convincing evidence, has been provided to establish that the Schmid paper listed on the '502 patent is the same one asserted by the PI Defendants, as opposed to one of the other Schmid papers. And no evidence will be forthcoming because the Schmid paper was apparently not published until 2002, as the Defendants apparently knew well before filing their PI answering papers.

The '502 patent file history indicates that the Patent Office obtained that Schmid paper via a 2003 letter from none other than Mr. Stephen Lim, the CEO of the defaulted PI Defendant Smartdevil, Inc. Rabena Decl. Ex. 1. So while Smartdevil has refused to Answer or officially participate in this case, the PI Defendants have no reservations in asking this Court to rule based on out-of-court representations from the absent Mr. Lim.[6]

---

[3] The '502 patent is owned by yet another defendant in this case, IAC Search and Media (formerly AskJeeves.com) (Donoghue Ex. D).

[4] The PI Defendants also resubmit Donoghue Exhibits E and F that were previously submitted with Amazon's Opposition papers as Hardin Exs. K and L, as well as Donoghue Exhibit C, which is a continuation patent from Hardin Ex. L. These exhibits are U.S. Patents that list *different* Schmid papers, and are therefore wholly irrelevant to the question of when the *asserted* Schmid paper was published, as explained in Girafa's Reply Brief.

[5] The Amazon Defendants also offers new Donoghue Ex. B, a section of the M.P.E.P. from 2007, as rebuttal to Girafa's submission of the 2004 version of the same M.P.E.P. section. Girafa cited to the 2004 M.P.E.P. to show the standard that the Patent Office applied at the time the Patent Office obtained those Schmid references. Since the patents which cite the various Schmid papers issued prior to 2007, the 2007 version is irrelevant to how the Patent Office operated at the time in question.

[6] Apparently Smartdevil is actively working with the other PI Defendants. *See, e.g.*, Rabena Decl. Ex. 4 (emails from the active Defendants copying Smartdevil).

In his 2003 letter, Mr. Lim represented to the Patent Office that the submitted Schmid paper was available at two websites, http://www.mobileipv6.net/~sschmid/publications.shtml and http://citeseer.nj.nec.com/428225.html.[7]  Rabena Decl. Ex. 1.  Mr. Lim's representation to the Patent Office, however, was misleading because the Schmid paper was not available on either of those websites until 2002 at the earliest.  To make matters worse, the evidence that refutes Mr. Lim's representation comes from the "Wayback Machine" or "Internet Archive" (www.internetarchive.org) (Rabena Decl. Exs. 2 and 3)[8] -- the same Internet Archive that Amazon owns and in fact touted in its answering brief.  Amazon Opp. at 3.

Knowing it was their burden to prove that the asserted Schmid paper was publicly available somewhere in the world in 1998, one might expect that the *first* place Amazon would search would be its own Internet Archive.  In any event, Amazon has taken a position about the Schmid paper that its own Internet Archive directly contradicts.

The best the PI Defendants can offer as proof that the Schmid paper cited in the '502 patent was published in 1998 is three layers of hearsay,[9] the first layer coming from an AWOL defendant.  The PI Defendants also point to the fact that the Patent Office lists some other Schmid papers as being published in 1998.  Yet not one of the Schmid papers listed on the submitted U.S. Patents is in evidence, and not one of the Schmid papers listed on the submitted

---

[7] The PI Defendants also submit in their surreply, a printout from the Citeseer website that Mr. Lim references.  Donoghue Ex. G.  This printout does not say anything about the publication date of the Schmid paper, and as explained herein, the Citeseer website did not have the Schmid paper until 2002.

[8] The Lim letter also states that the Schmid paper was published by IEEE, but Plaintiff has been unable to find any evidence of such asserted publication, and of course the PI Defendants have submitted no such evidence.

[9] The three layers are: Mr. Donoghue (3) relies on a Patent Office statement (2) that relies on the September 20, 2003 letter from Stephen Lim of Smartdevil (1).

U.S. Patents has been shown to be the same Schmid paper asserted in the PI Defendants' answering papers.

As an evidentiary matter, the Court should refuse to consider the asserted Schmid paper as prior art under any section of 35 U.S.C. § 102, and should deny the PI Defendants' motion for leave to submit a surreply with respect to the arguments and evidence regarding Schmid.

### B. *Snap Should Not Be Permitted To Change Its Positions Via Surreply*

Snap also seeks leave to file its Surreply in an attempt to change its positions and undo its expert's admissions in his declaration and deposition. Again, this is not proper justification for a Surreply.

Snap and its expert, Prof. Gabriel Robins, expressly adopted the claim construction of Girafa's expert for the term "thumbnail visual image" in its answering brief and in Prof. Robins's Declaration. *See, e.g.,* Robins Decl. 5.2. Prof. Robins then admitted in his deposition that the adopted claim construction covers Snap's "Previews." Girafa Reply Ex. 7 at 127-130. His only explanation was that he initially did not want to adopt that claim construction, but that Snap's lawyers told him to do so for "strategic reasons." Girafa Reply Ex. 7 at 129:12-130:11. Snap should not be permitted to submit a fourth round of briefing in which it seeks to change positions.

Snap also attempts to undo Prof. Robins's admission that Snap "provides" Snap Classic previews to its website users "at least partially concurrently" with its underlying search result website. Prof. Robins construed "provide" as "transmitting and displaying," and "partially concurrently" as "overlapping in time." Robins Decl. Pars. 26, 28. He then drew a timeline and clearly admitted that there was at overlap of the time that the search results page and the preview were provided to the user. *See* Girafa Reply Exs. 12 and Ex. 7 at 168:4-11 ("The search results

and the preview are both being displayed, yes, and the overlap around this -- this time here (indicating))."

Snap's new argument, raised for the first time in its proposed Surreply, is that both the "transmission" and the "display" of the preview and the website must overlap. This argument was never articulated in Snap's answering brief nor was it submitted in Prof. Robins's Declaration or deposition. Aside from being untimely, this theory is not supported by anything in the intrinsic record, and Snap offers no support at all.

Moreover, this new construction[10] contradicts the rest of the claim language. The claims expressly require only a *partial* overlap ("partially concurrently") of the two "providing" steps. That means that *any* part of the providing steps can overlap in time, in order to meet the claim language. Snap's new argument that a specific portion of the "providing" step, the "transmitting" portion, must overlap, *and* also part of the "displaying" must overlap, is unduly narrow and finds no support anywhere. Nothing in the patent or any other intrinsic evidence ever mentions or requires that the "transmission" of the thumbnail must overlap with the "transmission" of the website.

Finally, it is important to remember that the '904 claims are directed to providing a computer user with a supplemented website image, that includes not only hyperlinks to other websites, but thumbnail visual images of those hyperlinked other websites. The claimed requirement of "providing" a "thumbnail visual image" "at least partially concurrently" with the "providing" of the underlying website, allows the user to see the thumbnails of the target

---

[10] Contrary to Snap's representation that Girafa has acquiesced in Snap's proposed claim construction, Girafa never agreed to Snap's first construction of "providing," and does not agree to Snap's latest proposed construction of "providing" that requires overlap in the "transmission" time of the thumbnail and website.

websites without leaving the underlying website. Overlapping the timing of the display is what matters to the user, not the timing of the transmission.

Snap's motion for leave should be denied for this reason as well.

### C. The PI Defendants Should Not Be Permitted a Surreply Just to Reargue Positions and Have the Last Word

The remaining issues raised in the PI Defendants' Surreplies are simply attempts to reargue earlier positions and have the last word. For example, the PI Defendants seek the final word on the interpretation of the claim terms "annotated web page," "home page," and "web server separated from an image server." The PI Defendants argue that a Surreply is justified because Girafa and its expert, Dr. Brad Myers, changed their construction of these terms in Girafa's reply papers. But neither Girafa nor Dr. Myers changed any positions. Girafa's Reply brief and Dr. Myers's supporting declaration simply responded to arguments made by the PI Defendants in their briefs and the supporting declarations, especially with respect to claim construction. The fact that Girafa's Reply rebuts the PI Defendants' proposed definitions of these terms does not mean that a surreply by the PI Defendants is warranted. If it did, then *every* reply would warrant a surreply.

For example, Snap contends that Prof. Myers initially opined that the term "annotated web page" required the annotations to be thumbnails, and then contradicts that opinion in his Reply Declaration. Snap Surreply at 2. But Prof. Myers never said that the annotations must be thumbnails, as evidenced by the very quotes upon which Snap relies. Snap Surreply at 2. The statements that Snap relies on are descriptions of a screenshot from Snap Classic, and testimony describing a preferred embodiment in the '904 patent, not opinions on the meaning of the term.

Snap's mischaracterization of these citations does not amount to a change in position by Dr. Myers, and does not justify Snap getting the last word.

Similarly, Amazon accuses Girafa of raising a new claim construction regarding the "home page" requirement of independent claims 1 and 18. But Dr. Myers explained this construction in his opening Declaration. *See, e.g.*, Myers Declaration, Pars. 44, 45. As explained therein, the Patent Office initially rejected certain claims based on the Miller reference, alleging that Miller disclosed thumbnails. The inventors did not dispute this assertion, but instead explained: "Miller displays thumbnails of linked pages and does not show or suggest displaying thumbnails of **the home pages of the linked pages**, as recited in amended claims 1 and 21." Myers Decl. Par. 45, citing the '904 patent file history at page 88 in Myers Exhibit C, (emphasis in original).

It is true that this claimed requirement was again discussed in Girafa's Reply papers, but that is simply because it is missing from the asserted prior art and the Defendants glossed over this requirement in their Oppositions. Nothing in Girafa's Reply papers is inconsistent with Girafa's opening motion papers on this point. It is noteworthy, however, that even in its proposed Surreply, Amazon still never addresses or even mentions the very file history portions upon which Girafa and Dr. Myers rely.

Finally, Amazon's representation that Dr. Myers offered a new construction for "separate" servers, is also incorrect. Dr. Myers never changed his construction. In his deposition, Dr. Myers answered a hypothetical question by explaining that someone could theoretically design the claimed servers to be logically separate but physically together, as long as there was no interdependency between the two servers as explained in the '904 file history. In his Reply Declaration, Dr. Myers then explained why the servers in the asserted prior art were neither

physically nor logically separate. Dr. Myers's testimony and Reply Declaration are entirely consistent with each other, and with the intrinsic evidence.

Thus, Girafa's rebutting of issues raised in the PI Defendants' Oppositions, did not add anything new to warrant these proposed Surreplies.

### III. CONCLUSION

For the foregoing reasons, Girafa respectfully requests that the Amazon Defendants' and Snap's respective motions for leave to file a surreply be denied.

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*

_____
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany Geyer Lydon (I.D. # 3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Girafa.com Inc.*

*Of Counsel:*

William H. Mandir
John F. Rabena
Carl J. Pellegrini
Chandran B. Iyer
Trevor C. Hill
SUGHRUE MION, PLLC
2100 Pennsylvania Ave., N.W.
Washington D.C. 20037
(202) 293-7060

Dated: July 31, 2008