IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GIRAFA.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON WEB SERVICES LLC; AMAZON.COM, INC.; ALEXA INTERNET, INC.; IAC SEARCH & MEDIA, INC.; SNAP TECHNOLOGIES, INC.; YAHOO! INC.; SMARTDEVIL, INC.; EXALEAD, INC.; and EXALEAD S.A., <br><br> Defendants. | C.A. No. 07-787-SLR |

**DEFENDANTS IAC SEARCH & MEDIA, INC., YAHOO! INC., EXALEAD, INC., AND EXALEAD S.A.'S REQUEST REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

IAC Search & Media, Inc. ("IACSAM"), Yahoo! Inc. (Yahoo!), Exalead, Inc., and Exalead S.A. (collectively "Exalead") are not parties to the preliminary injunction motion currently pending before this Court. As defendants in this case, however, IACSAM, Yahoo!, and Exalead will be affected if the Court engages in claim construction in ruling on Plaintiff's motion. As evidenced by the volume of paper filed on the pending motion, there is a significant dispute concerning the proper construction of key terms of the asserted patent. Even the defendants responding to the motion have differences over the appropriate scope of claim construction.

It is premature for the Court to rule on the construction of the claims in this case because there has been only limited discovery and briefing on the issue by a subset of the defendants. Multiple defendants, including IACSAM, Yahoo!, and Exalead, have not had a

1

chance to participate in the claim construction process. Consequently, these defendants will be prejudiced if this Court construes the claims of the asserted patent at this early stage of the litigation. The Court's constructions as part of a ruling on the preliminary injunction motion, while not technically binding going forward, would inevitably affect all defendants' future defenses. IACSAM, Yahoo!, and Exalead have not had a full and fair opportunity to be heard. For this reason, and because Plaintiff's motion for a preliminary injunction is without merit, IACSAM, Yahoo!, and Exalead respectfully request that the Court either deny Plaintiff's motion without engaging in claim construction or defer ruling on the motion until a complete claim construction process has been undertaken and completed.

Procedural Background

Girafa.com, Inc. ("Girafa") filed this lawsuit on December 5, 2007 against eight parties: Smartdevil, Inc., Exalead S.A., Exalead, Inc., Amazon Web Services, LLC, Amazon.com, Inc., Alexa Internet, Inc., IACSAM, Snap Technologies, Inc., and Yahoo! Inc. (D.I. # 1). On March 13, 2008, Girafa filed a Motion for Preliminary Injunction against some but not all of the original defendants: Smartdevil, Snap, and the "Amazon Defendants" (Alexa, Amazon.com, and Amazon Web Services) (D.I. # 41). Snap and the Amazon Defendants filed separate answering briefs on May 16 (D.I. # 74; D.I. 80); Girafa filed its reply brief on July 3 (D.I. # 112); Snap requested permission to file a surreply brief on July 14 (D.I. # 118); and the Amazon Defendants filed a separate request to file their own surreply brief on July 15 (D.I. # 119). Girafa filed a memorandum opposing both requests to file surreply briefs on July 31 (D.I. # 132). Accompanying these briefs were reports from three different experts: Professors Myers, Hardin, and Robins (D.I. # 44; D.I. # 79; D.I. # 83; D.I. # 113). Each expert was deposed, along with the inventor, Shirli Ran, and several percipient defense witnesses.

As is apparent from the preliminary injunction briefing, claim construction is hotly disputed in this case, even at this early stage in the proceedings. Each round of briefing has added to the number of claim terms in dispute,[1] and the Amazon Defendants' surreply brief suggests that even Girafa's own expert has changed his position over time. All told, there are eleven claim terms in dispute.

### Girafa's Motion for Preliminary Injunction Should Be Denied.

Girafa's preliminary injunction motion lacks merit, as amply demonstrated by the briefing in opposition to the motion. As explained by Snap and the Amazon Defendants, there are numerous reasons to deny Girafa's motion, even without undertaking a detailed analysis of the likelihood of success on the merits of its underlying claims of infringement. Consequently, Girafa's preliminary injunction motion should be denied on grounds that do not require this Court to engage in claim construction at this early juncture in the proceedings.

### All Parties Should Be Heard Before Claim Construction.

In the event that Girafa's preliminary injunction motion is not denied outright, IACSAM, Yahoo!, and Exalead respectfully request that all parties in this case be heard before any claim construction decisions are made. Claim construction rulings at the preliminary

---

[1] Girafa's opening brief proposed constructions for six terms: "hyperlink," "home page," "thumbnail visual image," "image server," "hovering over," and "visualization functionality" (D.I. # 42). The Amazon Defendants accepted all of these constructions for the limited purpose of the preliminary injunction motion (D.I. # 80). Snap similarly accepted most of Girafa's definitions, but disputed Girafa's construction of "image server" and asked for constructions of four additional terms: "at least partially concurrently," "within the visual image," "providing," and "annotated web page" (D.I. # 74). In reply, Girafa challenged the Amazon Defendants' and Snap's constructions of "home page," "image server," and "annotated web page," even though some of these terms were not originally in dispute (D.I. # 112). The Amazon Defendants' proposed surreply disputes Girafa's construction of "home page," a term not originally in dispute, and raises a disagreement over the meaning of "separate" in the context of a "web server separated from an image server" (D.I. # 119). Snap's proposed surreply disputes Girafa's construction of "thumbnail visual image," "providing," and "annotated web page" (D.I. # 118). In total, at least eleven claim terms are now in dispute.

injunction stage are not necessarily binding at trial. *See U-Fuel, Inc. v. Highland Tank & Mfg. Co.*, 228 F. Supp. 2d 597, 605 (E.D. Pa. 2002). However, a ruling on the merits at this preliminary stage inevitably places IACSAM, Yahoo!, Exalead, and similarly situated defendants at a disadvantage in later claim construction proceedings, where many of the same claim terms will be construed. *See, e.g., Cummins-Allison Corp. v. Glory, Ltd.*, 2005 U.S. Dist. LEXIS 6150, *10 (N.D. Ill. 2005) (noting that some courts see claim constructions used at the preliminary injunction stage as "a useful starting point").

The Federal Circuit grants trial courts broad discretion to postpone claim construction past the preliminary injunction stage. *See, e.g., Sofamor Danek Group, Inc. v. DePuy-Motech, Inc.*, 74 F.3d 1216, 1221 (Fed. Cir. 1996) ("A trial court may exercise its discretion to interpret the claims at a time when the parties have presented a full picture of the claimed invention and prior art.") (citing *Illinois Tool Works, Inc. v. Grip-Pak, Inc.*, 906 F.2d 679, 681 (Fed. Cir. 1990)). One factor that trial courts may consider in deferring claim construction is whether there are still "substantial issues and questions pertaining to claim construction that need to be litigated" at the preliminary injunction stage. *See International Comm. Materials v. Ricoh Co.* 108 F.3d 316, 318 (Fed. Cir. 1997). The Federal Circuit recently upheld the denial of a preliminary injunction where the district court did not specifically articulate a claim construction, but rather considered whether the defendant had raised "substantial questions" about the character of the claimed invention, holding that "[a]t the preliminary injunction stage . . . it is irrelevant whether this case presents greater issues of claim construction or validity – the existence of one or both of these issues is sufficient to justify the district court's decision to deny a preliminary injunction." *Novo Nordisk A/S v. Sanofi Aventis*, 2008 WL 2916873, at *2 (Fed. Cir. July 30, 2008). In refusing to grant a preliminary injunction,

one district court also recognized that it was the plaintiff's decision to file a motion for preliminary injunction before the claim construction hearing, thus depriving the Court of the opportunity to "interpret definitively the patent claims and their terms." *Parker-Hannifin Corp. v. Wix Filtration Corp.*, 2006 WL 3028706, *3 (E.D. Cal. Oct. 24, 2006). Faced with two plausible constructions of a disputed term, the court held that it "cannot find at this juncture that [the plaintiff]'s interpretation is the more likely correct," and denied the plaintiff's motion for failure to establish a likelihood of success on the merits where the "scope and meaning" of the disputed term were not yet clear. *Id.*

The fact that both Snap and the Amazon Defendants sought permission to file separate surreply briefs in this proceeding, and Girafa opposed the filing of both surreplies, illustrates just how contested claim construction is even at this preliminary stage. The Amazon Defendants initially accepted all of Girafa's proposed constructions for the purpose of preliminary injunction briefing, but then requested permission to file a surreply brief to challenge Girafa's construction of the terms "web server separated from an image server" and "homepage" after it became apparent that Girafa's expert had shifted away from the definitions used in his opening declaration and discussed during his deposition. Snap, on the other hand, challenged Girafa's construction of "image server" in its answering brief, and offered constructions of additional terms not construed by Girafa or the Amazon Defendants. Snap's proposed surreply brief raises additional concerns about Girafa's construction of "annotated web page," "providing," and "thumbnail visual image." Girafa's own definitions are inconsistent and fluid.[2]

---

[2] For example, Girafa's opening brief and Dr. Myers' opening declaration use different definitions of "image server." Girafa's Opening Memorandum of Law, D.I. # 42, p. 18; Declaration of Dr. Brad A. Myers, D.I. # 44, ¶ 48. As discussed in the Amazon Defendants' proposed surreply brief (D.I. # 119, pp. 2-4), Dr. Myers now has a different opinion on what it means for a "web server" to be separated from an "image server"—one that contradicts his earlier deposition testimony.

Inevitably, the Court's construction of these disputed terms, and others, will affect the defendants not named in the preliminary injunction motion. These defendants have had no opportunity to offer evidence or argument on the proper construction of the asserted patent claims. As a result, a claim construction ruling at this stage of the case would be both premature and prejudicial to IACSAM, Yahoo!, and Exalead.

Conclusion

For the reasons set forth in the responding defendants' papers, the Court should deny Girafa's motion for preliminary injunction without issuing a claim construction ruling. To the extent that the Court does not deny Girafa's motion outright, IACSAM, Yahoo!, and Exalead respectfully request that any claim construction be deferred until all parties have had a full and fair opportunity to conduct discovery and submit appropriate briefing.

| | |
|---|---|
| *Of Counsel:*<br>Claude M. Stern<br>Jennifer A. Kash<br>Antonio Sistos<br>Alison E. Monahan<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>(415) 875-6600 | /s/ Anne Shea Gaza<br>Jeffrey L. Moyer (#3309)<br>Anne Shea Gaza (#4093)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>(302) 651-7525<br>moyer@rlf.com<br>gaza@rlf.com<br><br>*Attorneys for Defendant*<br>*IAC Search & Media, Inc* |
| *Of Counsel:*<br>Matthew D. Powers<br>Douglas E. Lumish<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>(650) 802-3000 | /s/ Jack B. Blumenfeld<br>Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br><br>*Attorneys for Defendant Yahoo! Inc.* |
| *Of Counsel:*<br>Harold F. Johnson<br>Scott A. Timmerman<br>BRINKS HOFER GILSON & LIONE<br>NBC Tower, Suite 3600<br>455 North Cityfront Plaza Drive<br>Chicago, IL 60611-5599<br>(312) 321-4200<br><br>Dated: August 1, 2008 | /s/ Thomas C. Grimm<br>Thomas C. Grimm (#1098)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19899<br>(302) 658-9200<br>tgrimm@mnat.com<br><br>*Attorneys for Defendants*<br>*Exalead, Inc. and Exalead S.A.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2008, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Steven J. Balick, Esquire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE  19899

Arthur G. Connolly, III, Esquire
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE  19899

Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19899

I hereby certify that on August 1, 2008, I sent by Electronic Mail the foregoing document to the following non-registered participants:

Thomas G. Pasternak, Esquire
DLA Piper US LLP
203 N. LaSalle Street, Suite 1900
Chicago, IL  60601-1293

M. Elizabeth Day, Esquire
DLA Piper US LLP
2000 University Avenue
Easte Palo Alto, CA  94303-2248

William H. Mandir, Esquire
Sughrue Mion, PLLC
2100 Pennsylvania Avenue, NW
Washington, DC  20037

Daniel M. Cislo, Esquire
Cislo & Thomas LLP
1333 2nd Street, Suite 500
Santa Monica, CA  90401

Justin Lim
Smartdevil Inc.
2156 Rousseau
Montreal Quebec H8N 1K7
CANADA

*Anne Shea Gaza*
Anne Shea Gaza (#4093)
gaza@rlf.com