IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GIRAFA.COM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-787-SLR |
| | ) | |
| AMAZON WEB SERVICES LLC, | ) | |
| AMAZON.COM, INC., ALEXA | ) | |
| INTERNET, INC., IAC SEARCH & | ) | |
| MEDIA, INC., SNAP TECHNOLOGIES, INC., | ) | |
| YAHOO! INC., SMARTDEVIL INC., | ) | |
| EXALEAD, INC., and EXALEAD S.A., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)

PLEASE TAKE NOTICE that on **October 27, 2008** at 9:00 a.m., at the offices of Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, Wilmington, Delaware 19899, or at such time and place as the parties shall agree, Plaintiff Girafa.com, Inc. ("Girafa"), by its attorneys, will take the deposition upon oral examination of Defendant **Snap Technologies Inc.** ("Snap") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The deposition will be recorded by stenographic, videographic, and/or audiographic means. The deposition will continue from day to day until the examination is complete. You are invited to attend and participate as provided in the Federal Rules of Civil Procedure.

Girafa requests examination of Snap on the topics identified in Schedule B attached hereto. Snap is directed to designate one or more officers, directors, managing agents, or other persons who will testify on its behalf, who are most knowledgeable regarding the topics identified in Schedule B. Snap is requested, at least two (2) weeks prior to the deposition, to provide a written designation of the names and positions of the officers, directors, managing agents, or other persons designated to testify concerning the matters identified in Schedule B and, for each person, identify the matters on which he or she will testify.

ASHBY & GEDDES

/s/ *John G. Day*

_____
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

William H. Mandir
John F. Rabena
Trevor C. Hill
Chandran B. Iyer
Carl J. Pellegrini
SUGHRUE MION, PLLC
2100 Pennsylvania Ave., N.W.
Washington D.C.  20037
(202) 293-7060

Dated:  September 3, 2008

## SCHEDULE A

### Definitions and Instructions

Notwithstanding any definition set forth below, each word, term, or phrase used in the instant Notice of Deposition is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in the instant Notice of Deposition, the following terms are to be interpreted in accordance with these definitions:

1.    The term "Girafa" or "Plaintiff" means plaintiff Girafa.com, Inc.

2.    The term "Snap" or "Defendant" means defendant Snap Technologies, Inc., all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

3.    The term "Person" or "Persons" means and includes any natural person, corporation, company, proprietorship, partnership, joint venture, association, firm, government entity or any other entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assignees, predecessors, and successors of each such "person."

4.    The phrase "Third Party" means and includes any Person or Persons other than Girafa and Snap.

5.    The term "Webpage" or "Web Pages" means and includes a unit of information in a format capable of being viewed on the World Wide Web or capable of being displayed in any World Wide Web browser as a webpage, now or at any time since the inception of the World Wide Web.

6.    The phrases "thumbnail," "thumbnail image," "thumbnail visual image," and "

"thumbnail image of a webpage" as used herein, mean and include any image of a webpage, in any format, smaller than a full-size rendered image of the web page.

7.    The " '904 patent" refers to United States Patent No. 6,864,904.

8.    "Document" is used herein commensurate with the broadest sense set forth in Rule 34(a)(1) and thus includes without limitation originals and non-identical copies of writings, drawings, graphs, charts, photographs, phonorecords, and any electronic, computerized, or other data compilations. Any draft or non-identical copy of a document bearing on any sheet or side thereof, any marks, which are not part of the original text or reproduction thereof, shall be considered a separate document.

9.    The terms "thing" and "things" are also used in a broad sense and include without limitation any tangible item other than a document, samples, packaging and any other physical objects.

10.    As used herein, "communication" shall mean the transmission or receipt of information of any kind through any means, including but not limited to speech, writing, language (machine, foreign, or otherwise), computer electronics of any kind, magnetic tape, video tape, photograph, graph, symbol, sign, magnetic disk, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, film or media of any kind.

11.    The terms "concerning," "referring to," "relating to," "refer or relate to," "referring or relating to," or "reflecting" mean the source document or thing (if any) and any document or thing that contains, records, discusses, mentions, notes, evidences, memorializes, examines, describes, comments upon, reflects, identifies, or refers in any way to the matters set forth.

12.    As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest reading possible.

13.    As used herein, the word "any" shall also mean "all" and vice versa.

14.    The term "person" or "persons" means and includes any natural person, corporation, company, proprietorship, joint venture, association, firm, government entity or any other entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assignees, predecessors, and successors of each such "person."

15.    The phrase "Image Servers" means and includes any computers where Snap stores thumbnails of Web Pages.

16.    The phrase "Web Server" means and includes computers that accept HTTP requests from a client (such as web browsers) and serve back to the client HTTP responses along with optional data contents, such as HTML documents and any linked objects.

17.    The phrase "Prior Art" means and includes, by way of example, the subject matter encompassed by one or more subsections of 35 U.S.C. § 102, and includes, without limitation, any information, Document, product and/or Thing.

18.    The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all," "any" means "any and all."  "Including" means "including but not limited to."  "And" and "or" encompass both "and" and "or."  Words in the masculine, feminine or neutral form shall include each of the other genders.

**SCHEDULE B**

Deposition Topics

1.      Snap's network topology including the identity, location, function and purpose of every computer, server, crawler, and other network device that hosts a website or webpage, or generates, obtains, stores, or supplies previews of webpages,

2.      The content, structure, function and operation of Snap's Image Servers including but not limited to the cluster of servers referred to as "Boa".

3.      The content, structure, function and operation of Snap's Web Servers.

4.      Interconnection and interaction between Snap's Image Servers, including but not limited to the cluster of servers referred to as "Boa," and other servers, such as Web Servers.

5.      The architecture and operation of all systems involved in downloading, generating, rendering, storing, and/or providing thumbnail images or previews of Web Pages since 2004.

6.      Requests for access to any thumbnails of Web Pages or previews that were stored or generated by or on behalf of Snap, including the number of such requests made on a daily basis, monthly basis and yearly basis and the fulfillment of such requests.

7.      Requests for access to any thumbnails of Web Pages or previews that were stored or generated by or on behalf of Snap, wherein the request was from a user or computer visiting www.snap.com, including the number of such requests made on a daily, monthly and yearly basis and the fulfillment of such requests since March 2005..

8.      Requests for access to any thumbnails of Web Pages or previews that were stored or generated by or on behalf of Snap, wherein the request was from a user or computer not visiting www.snap.com, including the number of such requests made on a daily , monthly, and yearly basis and the fulfillment of such requests since March 2005.

9.    The marketing and advertising of Snap's products, including Snap Classic, Snap Enhanced and Snap Shots, that present thumbnail images or previews of Web Pages.

10.    Snap's decision to develop products, including Snap Classic, Snap Enhanced and Snap Shots, that present thumbnail images or previews of Web Pages, and the reason for such decision or decisions.

11.    Communications with or regarding Girafa or the '904 Patent.

12.    Snap's use of information provided to it by Girafa.

13.    The identity, location, and substance of any documents relating to the topics above.