IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GIRAFA.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON WEB SERVICES LLC, AMAZON.COM, INC., ALEXA INTERNET, INC., IAC SEARCH & MEDIA, INC., SNAP TECHNOLOGIES, INC., YAHOO!, INC., SMARTDEVIL, INC., EXALEAD S.A., AND EXALEAD, INC., <br><br> Defendants. | C.A. NO. 07-787 (SLR) |

**EXHIBIT A TO SNAP TECHNOLOGIES, INC.'S UNOPPOSED
MOTION TO SUPPLEMENT THE RECORD RE: GIRAFA.COM, INC.'S
<u>MOTION FOR PRELIMINARY INJUNCTION</u>**

Arthur G. Connolly, III (I.D. #2667)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
Telephone: (302) 658-9141
Email: AConnollyIII@cblh.com

*Of Counsel*:
Daniel M. Cislo (admitted pro hac vice)
Mark D. Nielsen (admitted pro hac vice)
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
Telephone: (310) 451-0647
Telefax: (310) 394-4477
Attorneys for Defendant/Counterclaim
Plaintiff Snap Technologies, Inc.

Dated: September 30, 2008

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GIRAFA.COM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-787-SLR |
| | ) | |
| AMAZON WEB SERVICES LLC, | ) | |
| AMAZON.COM, INC., ALEXA | ) | |
| INTERNET, INC., IAC SEARCH & | ) | |
| MEDIA, INC., SNAP TECHNOLOGIES, INC., | ) | |
| YAHOO! INC., SMARTDEVIL INC., | ) | |
| EXALEAD, INC., and EXALEAD S.A., | ) | |
| | ) | |
| Defendants. | ) | |

### GIRAFA, INC.'S OBJECTIONS AND RESPONSES TO SNAP TECHNOLOGIES, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS TO GIRAFA.COM, INC.

Plaintiff Girafa, Inc. ("Girafa"), by counsel and pursuant to Fed. R. Civ. P. 26 and 36, hereby objects to and answers Snap Technologies, Inc.'s First Set of Requests for Admissions to Girafa.com, Inc., dated July 11, 2008 ("Snap's First Set of RFAs").

### I. GENERAL RESPONSES

Subject to, and without waiving, Girafa's general and specific objections to Snap's First Set of RFAs, Girafa will answer said requests for admissions pursuant to the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, the Court's Scheduling Order and/or other applicable law.

Girafa does not concede the relevancy, materiality or admissibility of any information sought by any Request for Admission herein or any answer thereto. Girafa's answers are

{00233142;v1}   1

made subject to and without waiver of any objections as to the relevancy, materiality, privilege or admissibility as evidence or for any other purpose of any of the documents or information referred to, or of the subject matter thereof, in any proceeding. Further, Girafa's responses are based solely on information presently known to Girafa and are made without prejudice to Girafa's right to supplement, amend or correct these responses or to argue other evidence during any proceeding on these issues.

The general and specific objections set forth below also are made based on the best information presently available to Girafa. Girafa reserves the right to amend, supplement or change any objection if and when additional, different or more accurate information becomes available and/or facts are developed. In making the following objections, Girafa does not waive any objections that may be applicable to the following: (a) the use, for any purpose, of any document or information identified or provided in response to Snap's First Set of RFAs; or (b) the admissibility, relevancy or materiality of any documents or information to any issues in this case.

Girafa reserves the right to make any use of, or to introduce at any hearing and at trial, documents or information responsive to Snap's First Set of RFAs but discovered subsequent to Girafa's initial responses, including, but not limited to, any documents or information obtained in discovery during this litigation.

## II. GENERAL OBJECTIONS

Girafa makes the following general objections, whether or not separately set forth in response to each Request for Admission, to each and every definition and Request for Admission in Snap's First Set of RFAs:

1.  Girafa objects to Snap's First Set of RFAs, including the Definitions, to the extent that any Request for Admission seeks to impose discovery obligations that are overbroad, unduly burdensome or beyond those obligations imposed by the Local Rules of the United States District Court for the District of Delaware, the Federal Rules of Civil Procedure and/or other applicable law.

2.  Girafa objects to Snap's First Set of RFAs, including the Definitions, to the extent that any Request for Admission seeks information not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3.  Girafa objects to Snap's First Set of RFAs, including the Definitions, to the extent that any Request for Admission is unlimited in time, or otherwise not limited to a time frame relevant to this litigation and to U.S. Patent No. 6,864,904 ("the '904 patent") on the grounds that each such Request for Admission is overly broad, unduly burdensome and seeks the discovery of information or documents that are neither relevant to a claim or defense of any party or to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4.  Girafa objects to Snap's First Set of RFAs, including the Definitions, to the extent that any Request for Admission calls for the disclosure of information protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege, including any jointly held privilege. Such information will not be produced in response to Snap's First Set of RFAs, and any inadvertent production thereof shall not be deemed a waiver of any applicable privilege. Any such inadvertent production shall be destroyed or

returned to Girafa in accordance with the terms of the Protective Order entered by the Court or in accordance with callback provisions of the Federal Rules of Civil Procedure.

5. Girafa objects to Snap's First Set of RFAs, including the Definitions, to the extent that any Request for Admission (a) is unduly burdensome, (b) is unreasonably broad, vague or ambiguous or (c) requires a legal conclusion.

6. Girafa objects to Snap's First Set of RFAs, including the Definitions, to the extent that any Request for Admission seeks information not currently in Girafa's possession, custody or control, or refers to persons, entities or events not known to Girafa.

7. Girafa objects to Snap's First Set of RFAs, including the Definitions, to the extent that any Request for Admission seeks information beyond that which is available from a reasonable search of Girafa's files likely to contain relevant or responsive information and a reasonable inquiry of Girafa's employees likely to have information relevant to the claims or defenses asserted in this action.

8. Girafa objects to Snap's First Set of RFAs, including the Definitions, to the extent that any Request for Admission seeks information equally or more available to Snap or in the possession, custody or control of Snap.

9. Girafa objects to the Definitions in Snap's First Set of RFAs to the extent that said Definitions purport to enlarge, expand or alter, in any way, the plain meaning and scope of any specific Request for Admission on the ground that such enlargement, expansion or alteration renders said Request for Admission vague, ambiguous, unintelligible, overly broad,

unduly burdensome and/or uncertain.

10.    Girafa objects to the definitions of "YOU," "YOUR," "YOURS," "PERSON," and "WITNESS" in Snap's First Set of RFAs as overly broad and unduly burdensome to the extent that each definition improperly includes persons or entities not within Girafa's control and/or that are otherwise not within the scope of discovery contemplated by the Federal Rules of Civil Procedure. Girafa further objects to the definitions of "YOU," "YOUR," "YOURS," "PERSON," and "WITNESS" in Snap's First Set of RFAs as overly broad and unduly burdensome to the extent that each definition covers divisions, subsidiaries, affiliates or other related companies whose documents and information are neither relevant to the subject matter of this action nor likely to lead to the discovery of admissible evidence.

### III. SPECIFIC OBJECTIONS AND WRITTEN RESPONSES TO REQUESTS FOR ADMISSIONS

In addition to the foregoing General Objections, and without waiver thereof, Girafa makes the following specific objections and provides the following written responses:

**Request No. 1:**

Admit that the District of Delaware is not as convenient a venue for Snap to litigate this case as would be the Central District of California.

**RESPONSE:**

Subject to the General Objections set forth above, and without waiver thereof, the request is denied.

**Request No. 91:**

Admit that YOU knew about Snap's allegedly infringing activities for at least fifteen (15) months before YOU filed this action.

**RESPONSE:**

Subject to the General Objections set forth above, and without waiver thereof, the request is admitted.



**Request No. 92:**

Admit that YOU knew about Snap's allegedly infringing activities for at least eighteen (18) months before YOU filed this action.

**RESPONSE:**

Subject to the General Objections set forth above, and without waiver thereof, the request is admitted.

**Request No. 93:**

Admit that YOU were aware of United States Patent 6,271,840 to Finseth prior to December 6, 1999.

**RESPONSE:**

Subject to the General Objections set forth above, and without waiver thereof, the request is denied.

**Request No. 94:**

Admit that YOU were aware of United States Patent 6,271,840 to Finseth prior to March 8, 2005.

**OBJECTIONS:**

Girafa incorporates by reference its General Objections set forth above. In addition, Girafa specifically objects to this request as being vague and ambiguous.

**RESPONSE:**

To the extent that the General Objections set forth above, and the specific objections to this request fail to completely answer this request, the request is denied.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. # 2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

William H. Mandir
John F. Rabena
Carl J. Pellegrini
Chandran B. Iyer
Trevor C. Hill
SUGHRUE MION, PLLC
2100 Pennsylvania Ave., N.W.
Washington D.C. 20037
(202) 293-7060

Dated: July 31, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July, 2008, the attached **GIRAFA, INC.'S OBJECTIONS AND RESPONSES TO SNAP TECHNOLOGIES, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS TO GIRAFA.COM, INC.** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Richard L. Horwitz, Esquire<br>Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19899 | **HAND DELIVERY** |
| Thomas G. Pasternak, Esquire<br>DLA Piper US LLP<br>203 N. LaSalle Street, Suite 1900<br>Chicago, IL 60601-1293 | **VIA ELECTRONIC MAIL** |
| M. Elizabeth Day, Esquire<br>DLA Piper US LLP<br>2000 University Avenue<br>East Palo Alto, CA 94303-2248 | **VIA ELECTRONIC MAIL** |
| Jeffrey L. Moyer, Esquire<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801 | **HAND DELIVERY** |
| Claude M. Stern, Esquire<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111 | **VIA ELECTRONIC MAIL** |
| Arthur G. Connolly, III, Esquire<br>Connolly Bove Lodge & Hutz LLP<br>1007 N. Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899 | **HAND DELIVERY** |

| | |
|---|---|
| Daniel M. Cislo, Esquire<br>Cislo & Thomas LLP<br>1333 2nd Street, Suite 500<br>Santa Monica, CA 90401 | VIA ELECTRONIC MAIL |
| Thomas C. Grimm, Esquire<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347 | HAND DELIVERY |
| Harold V. Johnson, Esquire<br>Brinks Hofer Gilson & Lione<br>NBC Tower, Suite 3600<br>455 North Cityfront Plaza Drive<br>Chicago, IL 60611-5599 | VIA ELECTRONIC MAIL |
| Jack Blumenfeld, Esquire<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347 | HAND DELIVERY |
| Douglas E. Lumish, Esquire<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 | VIA ELECTRONIC MAIL |

/s/ Tiffany Geyer Lydon
Tiffany Geyer Lydon

186932.1

## CERTIFICATE OF SERVICE

I, Arthur G. Connolly, III, hereby certify that on September 30, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the registered attorneys of record that the document has been filed and is available for viewing and downloading.

I further certify that on September 30, 2008, the foregoing document was served on the following persons as indicated below:

**Via Electronic Mail:**

| | |
|---|---|
| Steven J. Balick<br>John G. Day<br>Tiffany Geyer Lydon<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Email: sbalick@ashby-geddes.com<br>*Attorneys for Plaintiff* | William H. Mandir<br>John F. Rabena<br>Trevor C. Hill<br>Chandran B. Iyer<br>SUGHRUE MION, PLLC<br>2100 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20037<br>Email: jrabena@sughrue.com<br>*Attorneys for Plaintiff* |
| Richard L. Horwitz<br>David E. Moore<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899<br>Email: rhorwitz@potteranderson.com<br>*Attorneys for Defendants*<br>*Amazon Web Services LLC, Amazon.com, Inc., and Alexa Internet, Inc.* | Thomas G. Pasternak<br>R. David Danoghue<br>DLA PIPER US LLP<br>203 N. LaSalle Street, Suite 1900<br>Chicago, IL 60601<br>Email: tom.pasternak@dlapiper.com<br><br>M. Elizabeth Day<br>Gregory J. Lundell<br>DLA PIPER US LLP<br>2000 University Avenue<br>East Palo Alto, CA 94303<br>Email: elizabeth.day@dlapiper.com<br>*Attorneys for Defendants*<br>*Amazon Web Services LLC, Amazon.com, Inc., and Alexa Internet, Inc.* |

| | |
|---|---|
| Thomas C. Grimm (#1098)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>Email: tgrimm@mnat.com<br>*Attorneys for Defendants Exalead, Inc.*<br>*and Exalead S.A.* | Scott A. Timmerman<br>Harold V. Johnson<br>NBC Tower, Suite 3600<br>455 North Cityfront Plaza Drive<br>Chicago, IL 60611-5599<br>Email: hjohnson@usebrinks.com<br>*Attorneys for Defendants Exalead, Inc.*<br>*and Exalead S.A.* |
| Jeffrey L. Moyer<br>Anne Shea Gaza<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>Email: moyer@RLF.com<br>*Attorneys for Defendant*<br>*IAC Search & Media, Inc.* | Claude M. Stern<br>Jennifer A. Kash<br>Antonio R. Sistos<br>Alison Monahan<br>QUINN EMANUEL URQUHART OLIVER &<br>HEDGES, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Email: claudestern@quinnemanuel.com,<br>jenniferkash@quinnemanuel.com,<br>antoniosistos@quinnemanuel.com,<br>alisonmonahan@quinnemanuel.com<br>*Attorneys for Defendant*<br>*IAC Search & Media, Inc.* |
| Jack B. Blumenfeld<br>Rodger D. Smith II<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>Email: jblumenfeld@mnat.com<br>*Attorneys for Defendant*<br>*Yahoo! Inc.* | Matthew D. Powers<br>Douglas E. Lumish<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>Email: matthew.powers@weil.com,<br>doug.lumish@weil.com<br>*Attorneys for Defendant*<br>*Yahoo! Inc.* |

/s/ Arthur G. Connolly, III
Arthur G. Connolly, III (#2667)