# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

GIRAFA.COM, INC.,

        Plaintiff,

v.

AMAZON WEB SERVICES LLC,
AMAZON.COM, INC., ALEXA
INTERNET, INC., IAC SEARCH &
MEDIA, INC., SNAP TECHNOLOGIES,
INC., YAHOO!, INC., SMARTDEVIL,
INC., EXALEAD S.A., and EXALEAD,
INC.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. NO. 07-787 (SLR)

**PUBLIC VERSION**

---

## SNAP TECHNOLOGIES, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO

## GIRAFA.COM'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT

Arthur G. Connolly, III (I.D. #2667)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
Telephone: (302) 658-9141
Email: AConnollyIII@cblh.com

*Of Counsel*:
Daniel M. Cislo (admitted pro hac vice)
Mark D. Nielsen (admitted pro hac vice)
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
Telephone: (310) 451-0647
Telefax: (310) 394-4477
Attorneys for Defendant/Counterclaim
Plaintiff Snap Technologies, Inc.

September 29, 2008
Public Version Dated: October 2, 2008

# TABLE OF CONTENTS

I.    NATURE AND STAGE OF PROCEEDINGS ...................................................1

II.    SUMMARY OF ARGUMENT ....................................................................1

III.    STATEMENT OF FACTS .........................................................................2

IV.    ARGUMENT ...................................................................................5

    A.    Standard for Motion for Leave to Amend.................................................5

    B.    Girafa.com's Motion for Leave to Amend Should Be Denied ...............................6

        1.    Girafa's Motion Should be Denied Because of its Excessive Delay in Bringing this Motion..............................................................6

        2.    Girafa's Motion, if Granted, Will Prejudice Snap and all of the Defendants ..................................................................10

            a.    Granting Girafa's motion will prejudice all the Defendants..........11

            b.    Granting Girafa's motion will uniquely prejudice Snap................12

        3.    Girafa's Motion Should be Denied as Futile ...........................................14

            a.    Personal jurisdiction and venue as to Idealab may be lacking.....................................................................15

            b.    Idealab is not the alter ego of Snap ................................16

        4.    Girafa's Motion is Motivated by Bad Faith and Dilatory Motives............18

V.    CONCLUSION ................................................................................20

i

# TABLE OF AUTHORITIES

## Cases

Abbott Laboratories v. Johnson & Johnson, Inc.,

    524 F. Supp. 2d 553 (D. Del. 2007) ............................................................................ 5

Adams v. Gould, Inc.,

    739 F.2d 858 (3d Cir. 1984) ................................................................................. 6, 9

Advocat v. Nexus Industries, Inc.,

    497 F. Supp. 328 (D. Del. 1980) ......................................................................... 6, 10

Bancoult v. McNamara,

    214 F.R.D. 5 (D.D.C. 2003) ................................................................................... 14

Centerforce Technologies, Inc. v. Austin Logistics, Inc.,

    2000 U.S. Dist. LEXIS 6924 (D. Del. Mar. 10, 2000) ............................................ 12

Craig v. Lake Asbestos of Quebec, Ltd.,

    843 F.2d 145, 150 (3d Cir. 1988) ........................................................................... 17

Cureton v. NCAA, 2000 U.S. Dist. LEXIS

    4790 (E.D. Pa. Apr. 14, 2000 ................................................................................... 8

Dover Steel Co., Inc. v. Hartford Accident & Indemnity,

    151 F.R.D. 570 (E.D. Pa. 1993) ............................................................................... 5

DRR L.L.C. v. Sears, Roebuck & Co.,

    171 F.R.D. 162 (D. Del. 1997) ................................................................................. 8

Foman v. Davis,

    371 U.S. 178 (1962) ................................................................................................. 5

In re Burlington Coat Factory Securities Litigation,

    114 F.3d 1410 (3d Cir. 1997) ............................................................................ 5, 14

J.E. Mamiye & Sons, Inc. v. Fidelity Bank,

    813 F.2d 610 (3d Cir. 1987) ................................................................................... 18

Lawman Armor Corp. v. Winner International, LLC,

    2003 U.S. Dist LEXIS 22119 (E.D. Pa. Dec. 10, 2003) .......................................... 14

Lockheed Martin Corp. v. Network Solutions, Inc.,

    194 F.3d 980 (9th Cir. 1999) .................................................................................. 11

Lorenz v. CSX Corp.,
   1 F.3d 1406 (3d Cir. 1993)........................................................................................................ 10

May Apparel Group, Inc. v. Ava Import-Export, Inc.,
   902 F. Supp. 93 (M.D.N.C. 1995) ........................................................................................... 14

Miller Products. Co., Inc. v. Veltek Associates, Inc.,
   218 F.R.D. 425 (D. Del. 2003) .......................................................................................... 10, 11

Tilgmann v. Sport Publishing International, Inc.,
   110 F.R.D. 68 (E.D. Pa. 1986)................................................................................................ 11

**Rules**

Federal Rules of Civil Procedure 15(a) ......................................................................................... 5

## I.   NATURE AND STAGE OF PROCEEDINGS

Plaintiff Girafa.com, Inc. ("Plaintiff" or "Girafa") commenced this case on or about December 5, 2007.   Shortly thereafter, Defendant Snap Technologies, Inc. ("Snap"), among other Defendants, answered the complaint.  On or about March 13, 2008, Girafa filed a motion for preliminary injunction ("P.I." or "P.I. Motion") directed to Snap and the Amazon Defendants, claiming a need for extraordinary relief.  Snap and the Amazon Defendants opposed the motion. A hearing on the motion was held on August 27, 2008.

In the interim, on March 31, 2008, the Court held a scheduling conference, and issued a Scheduling Order (D.I. 61) on April 8, 2008.  The order requires that the parties provide notice regarding any advice of counsel defense by October 1, 2008, that document production be completed by October 17, 2008, and that fact discovery be completed by January 9, 2009.  Thus, the fact discovery period is winding down, and the period for expert discovery and dispositive motions will begin in January of 2009.

Notably, while the briefing for the P.I. Motion was taking place, and thereafter, **all** of the parties to the case have also engaged in a substantial amount of written discovery.  In addition, in connection with the P.I. Motion, Snap took the deposition of Shirli Ran, COO of Girafa, and Girafa took the depositions of Thomas P. McGovern and Michael Agostino, CEO and CTO, respectively, of Snap.


## II.   SUMMARY OF ARGUMENT

1.   Girafa's motion should be denied because Girafa unduly delayed in filing this motion, and offered no legitimate explanation for its delay.  Girafa has known for over four (4) years of the alleged activities it now relies upon to attempt to add Idealab into this case.

2.      Girafa's motion should be denied because, if granted, it will prejudice all of the defendants by requiring an extension of the current dates in the Scheduling Order to fairly accommodate Idealab, thus delaying the ultimate resolution of the case for all parties.

3.      Girafa's motion should also be denied because, if granted, it will uniquely prejudice Snap, which is essentially being held hostage in its business endeavors and attempts to raise further funds to support the company, by the mere existence of this case.

4.      Girafa's motion should also be denied because the proposed amendment is futile in that jurisdiction and venue are lacking as to Idealab, and because Idealab is not Snap's alter ego.

5.      Girafa's motion should also be denied because it was brought with less than salutary motives – namely, to interfere with the relationship between Idealab and Snap; to delay resolution of the case to increase potential damages; and, to delay resolution of the case to forestall invalidation of the '904 Patent.

6.      These points, and the related points below, warrant denial of Girafa's motion.


## III.      STATEMENT OF FACTS

Because the infringement allegations in this case have been extensively briefed and argued, Snap's factual statement herein is confined to the facts pertinent to this motion.

Girafa's knowledge of Idealab, and its knowledge of Idealab's alleged connection to the allegedly infringing activities asserted in this case, dates back to at least as early as April of 2004 when Shirli Ran, COO of Girafa, engaged in several communications with an Aaron Boyer of Idealab concerning pricing for Girafa's thumbnail service.  See, Declaration of Shirli Ran (submitted in support of Girafa's P.I. Motion) (D.I. 43) (hereafter "Ran Decl.") at Exh. 5.  Girafa

contends, and Snap disagrees, that the communications between Ms. Ran and Mr. Boyer in April of 2004 provided Idealab with specific information concerning the technological details of Girafa's now-patented technology, and Girafa relies on such communications to support its allegations of willfulness *against Snap*. Ran Decl. (D.I. 43) at Exh. 5; see also, Declaration of Mark D. Nielsen (submitted concurrently herewith) (hereafter "Nielsen Decl.") at Exhs. 6 (Response to Interrogatory No. 13) and 7 (Ran Depo. at 79:17-80:14; 130:6-14; 132:21-135:8). While Snap disputes such contentions, Girafa's own assertions demonstrate that it knew about Idealab's alleged involvement with the allegedly infringing activities since April of 2004, over four (4) years before it filed this motion.

At the time Girafa filed this case in December of 2007, Girafa knew about the purported connection between Snap and Idealab. See, Nielsen Decl. at Exh. 7 (Ran Depo. at 79:17-80:14). Girafa explicitly identified www.snap.com in its original complaint (D.I. 1 at ¶ 23) and otherwise admitted, without any discovery requests from Snap, that it knew of the purported connection between Idealab and Snap from Snap's website. See, Ran Decl. at Exh. 5; Nielsen Decl. at Exh. 7 (Ran Depo. at 79:17-80:14); see also, Declaration of Brad A. Myers (D.I. 44) at Exh. J (at pages 2, 12, and 16 of Exh. J) (noting association between Snap and Idealab). In fact, since at least as early as late 2005 or early 2006, Snap's website identified Snap as "an Idealab company." McGovern Decl. at Exh. 5. As such, Girafa knew about the purported connection between Idealab and Snap since prior to the filing of this action, if not since 2004.

In March of 2008, Girafa filed its P.I. Motion, which resulted in a substantial amount of briefing and a lengthy hearing on August 27, 2008. In May of 2008, Snap opposed the P.I. Motion, in part, by filing the Declarations of Thomas P. McGovern (D.I. 75), Snap's CEO, Michael Agostino (D.I. 76), Snap's CTO, and Gabriel Robins (D.I.. 79), Snap's liability expert,

3

which resulted in Girafa taking each of their depositions by June 5, 2008. Girafa's P.I. Motion relied heavily on such deposition testimony (even though the information elucidated by Girafa in the depositions was largely known to it well before June of 2008). Nonetheless, giving the benefit of the doubt to Girafa, all of the "recently discovered" material submitted by Girafa in support of its motion shows that Girafa was fully aware of the purported connection between Idealab and Snap by no later than early June of 2008,[1] and it should have filed this motion at that time because the clock on this case had been ticking since the Court conducted a scheduling conference on or about March 31, 2008, and issued its Scheduling Order on April 8, 2008 (D.I. 61).

Specifically, the Court's Scheduling Order contains a number of dates highly pertinent to this motion, as discussed below, including:

- **October 1, 2008** – Deadline to provide notice regarding intent to rely on advice of counsel as a defense to Girafa's allegations of willful infringement;

- **October 17, 2008** – Deadline to complete document production for all parties;

- **December 10, 2008** – Deadline to exchange lists of proposed claim constructions;

- **January 9, 2009** – Fact discovery cut-off.

Additional dates for the case, including those for expert discovery, dispositive motions/claim construction, and trial are also contained in the Scheduling Order. These dates will likely have to be extended if the Court grants this motion.

---

[1] The documents attached to Exhibit 7 of the Hill Declaration (D.I. 159) could have been obtained by Girafa anytime (as opposed to August 5, 2008) because the internet site used to generate those documents has been around for a number of years. Nielsen Decl. at Exhs. 8-11. Thus, the network-tools.com materials cannot be deemed "recently discovered." They have been publicly available for years. Furthermore, the conclusion Girafa draws from such materials is erroneous. See, McGovern Decl. at ¶¶ 16-17 (showing that the operator of a DNS server is not necessarily the owner of the websites that use the DNS server).

Finally, in mid-September of 2008, despite having known about the alleged relationship between Idealab and Snap for well over four (4) years, Girafa filed this motion to add Idealab into the case with no legitimate explanation for why it waited so long to do so, and without any consideration for the fact that, should this motion be granted, it would almost invariably result in a prejudicial delay of the outcome of this case for all the defendants. Idealab, as admitted by Girafa in its proposed FAC (see, D.I. 157, Attachment 1 at ¶ 9), is a California corporation with its principal place of business in Pasadena, California, which raises serious issues regarding personal jurisdiction and venue, and further calls into question the propriety of Girafa's motion.

For these reasons, as well as those set forth below, the Court should deny Girafa's motion for leave to file an amended complaint to add Idealab as a party to this case.

## IV.    ARGUMENT

### A.    Standard for Motion for Leave to Amend

Fed.R.Civ.P. 15(a) states that "leave shall be freely given when justice so requires." Amendment, however, is by no means automatic. Abbott Laboratories v. Johnson & Johnson, Inc., 524 F. Supp. 2d 553, 557 (D. Del. 2007) (citing, Dover Steel Co., Inc. v. Hartford Accident & Indemnity, 151 F.R.D. 570, 574 (E.D. Pa. 1993)). In fact, courts are authorized to deny leave to amend on grounds of undue delay in filing the motion, bad faith/dilatory motives on the part of the moving party, prejudice to the non-moving party if the motion is granted, and futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1414 (3d Cir. 1997).

### B.   Girafa.com's Motion for Leave to Amend Should Be Denied

Girafa's motion for leave to amend its complaint to add Idealab is severely flawed on a number of levels. Girafa's motion to amend its complaint is unnecessarily and inexplicably late; its lateness will prejudice the existing defendants and Idealab; its lateness will uniquely prejudice Snap; and, if these problems with Girafa's motion were not enough to warrant denial of the motion, the amended complaint is likely futile as to Idealab because Idealab is not subject to personal jurisdiction or venue in this Court, and it is not the alter ego of Snap. Finally, Girafa may have less than salutary motives in bringing this motion at this time.

### 1.   Girafa's Motion Should be Denied Because of its Excessive Delay in Bringing this Motion

Girafa's motion should be denied because it waited far too long to file this motion, and has failed to offer a legitimate and factually accurate reason for its delay. Typically, the passage of time alone does not warrant denial of a motion for leave to amend a complaint, but at some point, the delay will become undue in that it places an unwarranted burden on the court or non-moving parties. Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984). "The proper standard is one that balances the length of the delay against the resulting prejudice. In other words, the longer the period of unexplained delay, the less will be required of the nonmoving party in terms of showing prejudice." Advocat v. Nexus Industries, Inc., 497 F. Supp. 328, 331 (D. Del. 1980). Here, the delay is long and unjustified, and it will cause prejudice to the existing defendants, as well as the defendant sought to be added, as discussed hereunder and in Part IV.B.2 (a, b) below.

Girafa has known about Idealab since April of 2004. Girafa attempts to side-step this issue in its papers by failing to disclose that Shirli Ran (COO of Girafa) had communications

with Aaron Boyer of Idealab in 2004.  See, Ran Decl. (submitted with Girafa's P.I. Motion (D.I. 43)) at ¶ 23 and Exh. 5.  In her deposition in connection with the P.I. Motion, Ms. Ran testified that she was aware of the purported relationship between Idealab and Snap from Snap's website. Nielsen Decl. at Exh. 7 (Ran Depo. at 79:17-80:14; 130:6-14; 132:21-133:17).  The Declaration of Shirli Ran submitted in connection with Girafa's P.I. Motion (D.I. 43), as well as her deposition testimony, had to have been based on knowledge obtained by Girafa independent of any discovery in this case because prior to that time, no discovery had been taken in the case.

Additionally, in connection with its willfulness allegation *against Snap*, Girafa is relying on these same April 2004 communications between Girafa and *Idealab*.  See, Nielsen Decl. at Exh. 6 (Response to Interrogatory No. 13).  In other words, Girafa admits to having known about Idealab and its alleged connection with Snap with respect to the allegations in this case, since April of 2004, **53 months before it filed this motion, and 42 months since the '904 Patent issued**.  Thus, Girafa has greatly delayed in seeking to assert its patent rights against Idealab.

At a minimum, based on Ms. Ran's deposition testimony, there does not appear to be any reason to doubt that Girafa knew about the purported connection between Snap and Idealab since at least as early as the time it filed its complaint on December 5, 2007; yet, it inexplicably failed to assert its rights against Idealab at that time.  See, Nielsen Decl. at Exh. 7 (Ran Depo. at 79:17-80:14).  Girafa referenced www.snap.com in its original complaint (D.I. 1 at ¶ 23) and otherwise admitted, without any discovery, that it knew of the purported connection between Idealab and Snap from Snap's website.  See, Nielsen Decl. at Exh. 7 (Ran Depo. at 79:17-80:14); see also, Declaration of Brad A. Myers (D.I. 44) at Exh. J (at pages 2, 12, and 16 of Exh. J) (noting association between Snap and Idealab).  In fact, since late 2005 or early 2006, Snap's website identified Snap as "an Idealab company."  McGovern Decl. at Exh. 5.  Thus, it is virtually

inconceivable given these facts, that Girafa did not know about the purported connection between Idealab and Snap since the filing of this action, let alone several years earlier.

Girafa's contention at p. 4 of its opening brief that it "has recently discovered new facts showing that Idealab is controlling Snap's infringement," even if true, which it is not, is in error. As stated above, Girafa's knowledge of this alleged connection between Idealab and Snap dates back to at least as early as the filing date of this case, if not as early as 2004. Thus, Girafa's motion should be denied for its substantial delay in seeking to add Idealab.

Even if the purported connection between Idealab and Snap was not entirely clear to Girafa at the time it filed this case, which is hard to believe, it must have been entirely clear to Girafa by early June of 2008. All of the "recently discovered" material submitted by Girafa in support of its motion shows that Girafa was fully aware of the purported connection between Idealab and Snap by no later than early June of 2008.[2]

Simply put, Girafa has failed to offer a legitimate reason for its delay. See, DRR L.L.C. v. Sears, Roebuck & Co., 171 F.R.D. 162, 167 (D. Del. 1997) ("a movant who offers no adequate explanation for its delay will ordinarily be denied leave to amend."); see also, Cureton v. NCAA, 2000 U.S. Dist. LEXIS 4790 at *6-13 (E.D. Pa. Apr. 14, 2000 (denial of leave to amend supported by an unexplained delay in seeking amendment where moving party new of most of the facts relied on to support the amendment).

This delay will thus create additional burden and expense for the parties and the Court, all of which could have been avoided if Girafa had been diligent in attempting to assert its patent

---

[2] The documents attached to Exhibit 7 of the Hill Declaration (D.I. 159) could have been obtained anytime (as opposed to August 5, 2008) because the internet site used to generate those documents has been around for a number of years. Nielsen Decl. at Exhs. 8-11. Thus, the network-tools.com materials cannot be deemed "recently discovered." It has been available for years.

against Idealab. Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984) (delay becomes undue when it places an unwarranted burden on the court or non-moving parties).

To the extent Girafa claims that "discovery with respect to the Defendants not named in Girafa's Motion for Preliminary Injunction ("P.I.") has barely commenced," or that Idealab can merely adopt the already-conducted discovery without more, Girafa is mistaken. **First**, The Court held a scheduling conference on or about March 31, 2008, and discovery has been open since the end of March of 2008. The fact discovery cut-off is in early January of 2009. Thus, *discovery is closer to its end than its beginning.*

**Second**, and more revealing, is the fact that a tremendous amount of written discovery had been conducted in this case. A table illustrating the amount of written discovery in this case is attached to the Nielsen Decl. at Exh. 12. Notably, Girafa propounded written discovery to a non-P.I. Defendant (Yahoo!) in May of 2008. See, Nielsen Decl. at Exh. 12 (at D.I. 92, 93). Thus, Girafa's claim that discovery has "barely commenced" should be rejected.

**Third**, pursuant to the Scheduling Order, the deadline to produce documents in this case (other than for supplementation), is October 17, 2008. Accordingly, at least Alexa, Girafa, and Snap have produced large amounts of documents. Nielsen Decl. at Exh. 13. Therefore, again, Girafa's claim that discovery has "barely commenced" is simply wrong.

**Fourth**, there are issues Girafa is attempting to introduce regarding Idealab that are not the subject of the already-conducted discovery – namely, how Idealab is allegedly inducing infringement of the various patent claims; how Idealab is allegedly the alter-ego of Snap; and, Girafa's purported damages caused by Idealab. Thus, Girafa glossed over an important point that is unfavorable to it.

From the foregoing, Girafa has known more than enough for long enough to have not waited until now to seek to add Idealab into this case. Furthermore, Girafa's "explanations" for the delay are unavailing. As such, the Court should deny Girafa's motion.

### 2.      Girafa's Motion, if Granted, Will Prejudice Snap and all of the Defendants

Girafa's motion should be denied because it will greatly prejudice Snap and the other defendants. Not only will there likely need to be a delay in the resolution of the case if the motion is granted, which itself is prejudicial, but the delay will uniquely prejudice Snap in ways other than delaying the outcome of the case.

In determining whether an amendment should be allowed, prejudice is the touchstone of the analysis. Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993). The prejudice in question concerns the prejudice that will befall the non-moving party (or added party) as a result of the late amendment of the complaint. Miller Products. Co., Inc. v. Veltek Associates, Inc., 218 F.R.D. 425, 427 (D. Del. 2003). Again, "[t]he proper standard is one that balances the length of the delay against the resulting prejudice. In other words, the longer the period of unexplained delay, the less will be required of the nonmoving party in terms of showing prejudice." Advocat v. Nexus Industries, Inc., 497 F. Supp. 328, 331 (D. Del. 1980). Where an amended pleading will necessitate additional discovery and expense and delay trial, it is prejudicial. Miller Products, 218 F.R.D. at 427; Tilgmann v. Sport Publishing International, Inc., 110 F.R.D. 68, 70 (E.D. Pa. 1986); Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980. 986 (9th Cir. 1999).

###### a.    Granting Girafa's motion will prejudice all the Defendants

It will be impossible to add Idealab into this case AND for the current schedule to be maintained. Based on the timing of this motion, the current schedule for the case, and assuming Idealab is added into the case shortly after briefing on this motion is completed, several deadlines will pass by Idealab before it responds to the FAC, and it will have little, if any, time to conduct discovery thereafter. As such, the dates in the case would have to be extended to accommodate Idealab, thus resulting in the case being **delayed for all defendants**.[3]

Furthermore, if Girafa proposes that the discovery dates be pushed back *just as to Idealab*, the Court should reject that approach as equally unworkable. The present expert discovery deadlines follow quickly after the fact discovery cut-off (see, Scheduling Order (D.I. 61) at ¶¶ 2(b), 2(c)), and if Idealab's discovery deadlines are pushed back, its expert deadlines would also have to be pushed back. This would then create a **delay problem for all of the defendants** should the defendants choose to use a joint expert on some or all of the issues related to patent infringement and/or invalidity. As such, extending dates just as to Idealab is not a workable solution to the delay and prejudice caused by Girafa's belated filing of this motion. Where an amended pleading will necessitate additional discovery and expense and delay trial, it is prejudicial. Miller Products, 218 F.R.D. at 427; Tilgmann v. Sport Publishing International, Inc., 110 F.R.D. 68, 70 (E.D. Pa. 1986); Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980. 986 (9th Cir. 1999).

Finally, because of the likelihood that the schedule will have to be modified to avoid prejudice to Idealab, all of the other defendants will be forced to have the deadlines in the case pushed back, thus delaying final resolution of this case. Notably, in the Centerforce case, the

---

[3] Furthermore, if Girafa chose to file another preliminary injunction motion as to Idealab, that could delay the case even further for all of the defendants.

Court found an absence of prejudice where the moving party was simply attempting to assert another patent and add a willful infringement allegation against an existing defendant, in large part because no trial date had been set at the time the amendment was sought and the extension of discovery that the amendment required would not affect the end point of the case. Centerforce Technologies, Inc. v. Austin Logistics, Inc., 2000 U.S. Dist. LEXIS 6924 at *19 (D. Del. Mar. 10, 2000).

This case is different because the amendment concerns a new party rather than a new claim, and unlike Centerforce, a trial date already exists, and the end point of the case is defined. As stated above, discovery will have to be re-opened to accommodate Idealab, which will then require a postponement of the end point of the case, thus demonstrating the existence of prejudicial delay for all of the defendants.  Therefore, Girafa's motion should be denied.

### b.     Granting Girafa's motion will uniquely prejudice Snap

Should this motion be granted and the schedule for the case extended to accommodate the inclusion of Idealab, Snap will be uniquely prejudiced by such an extension and further harmed. Snap has been virtually paralyzed by what it perceives to be a questionable lawsuit.  McGovern Decl. at ¶ 4.

Specifically, Snap has not been able to raise additional equity investment for further research and development and growth capital in part because the mere existence of this case has created a pall of uncertainty among potential investors such that they are unwilling to assume the risk of investing in a young company in the middle of a patent infringement lawsuit.  McGovern Decl. at ¶ 5.

Furthermore, as this lawsuit has persisted, Snap has been unable to aggressively market its services with third parties, or discuss providing its services to larger, more substantial Internet companies, because such companies do not want to become entangled, or even tangentially involved, in a potential patent infringement lawsuit. McGovern Decl. at ¶ 6.

Similarly, since being served with this lawsuit, and the subsequent P.I. Motion, Snap has been slowed in seeking to build its advertiser base as it projected, which is a significant source of Snap's revenue. McGovern Decl. at ¶ 7.

Also, because of the mere existence of this case, and the pending motion for preliminary injunction, Snap has been operating under extreme uncertainty with respect to its ability to fulfill contractual obligations. McGovern Decl. at ¶ 7. While Snap does not believe that it has infringed the '904 Patent, it cannot proceed with its business by ignoring the possibility, albeit remote, that a finding of infringement could be made. McGovern Decl. at ¶ 7. Thus, the longer this lawsuit persists, the more harm Snap will experience. McGovern Decl. at ¶ 7.

This lawsuit has caused significant morale and retention issues with respect to Snap's employees as these individuals are concerned over the longevity of the company given the possibility, albeit remote, of an unfavorable outcome form this case. McGovern Decl. at ¶ 8.

Finally, as Snap is a small start-up company, this case has created a material distraction to the management of the company, as well as a massive drain of financial resources that were intended for other purposes. McGovern Decl. at ¶ 9. As such, Snap greatly desires a speedy resolution of the case, and is entitled to the same pursuant to Fed.R.Civ.P. 1, so that it can go about developing its technologies and business. The longer this case lasts, the more injurious it will be to Snap, even if Snap is completely exonerated. McGovern Decl. at ¶ 9. This case is allowing Girafa to hold Snap hostage and prevent Snap from further and fully developing its

business in the manner it desires.   Therefore, to the extent adding Idealab into this case will cause a delay in the outcome of this case, Snap will be substantially and uniquely prejudiced as described above.

### 3.     Girafa's Motion Should be Denied as Futile

Girafa's motion for leave to file an amended complaint should be denied on grounds of futility.  Girafa's attempt to join Idealab into this case is futile for several reasons, including: (1) Idealab may not be subject to personal jurisdiction or venue in this Court, and (2) Idealab is not the alter ego of Snap.

In examining futility, courts typically determine whether the amended complaint states a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).   In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1434 (3d Cir. 1997).  An amendment to add a party may be futile, however, where the party to be added is not subject to personal jurisdiction of the court, or where the court is not the proper venue for the defendant to be added.   May Apparel Group, Inc. v. Ava Import-Export, Inc., 902 F. Supp. 93, 97-98 (M.D.N.C. 1995) (leave to amend complaint to add a defendant denied on futility grounds where defendant to be added not subject to personal jurisdiction in North Carolina); Lawman Armor Corp. v. Winner International, LLC, 2003 U.S. Dist LEXIS 22119 at *5-10 (E.D. Pa. Dec. 10, 2003) (court denied leave to amend to add defendants where venue under the patent statute was improper as to defendants to be added); see also, Bancoult v. McNamara, 214 F.R.D. 5, 8-13 (D.D.C. 2003). Thus, this Court can deny Girafa's motion for leave to amend to add Idealab into this case on grounds of futility in that Idealab is not subject to personal jurisdiction in Delaware and/or venue is improper in this Court.

14

### a.     Personal jurisdiction and venue as to Idealab may be lacking

Briefly, in an attempt to allege personal jurisdiction and venue as to Idealab, Girafa claims that *Snap* did not find the original complaint defective, and therefore, it must not be defective as to *Idealab*.   Girafa's contention is erroneous.   Aside from admitting that it was incorporated in Delaware, Snap did find certain allegations of the complaint to be in error, and it did not admit any of Girafa's allegations regarding personal jurisdiction or venue.   Compare D.I. 1 (Girafa's complaint) at ¶¶ 23, 24, 31 with D.I. 102 (Snap's Amended Answer) at ¶¶ 23, 24, 31, 56.    Thus, in connection with the personal jurisdiction and venue allegations, other than admitting that it was a Delaware corporation, Snap did not admit the other allegations regarding personal jurisdiction or venue, and it even raised a defense that this Court is an inconvenient venue for it.

To the extent Girafa argue that personal jurisdiction and venue as to Idealab exist based on Snap's response to the complaint, such an attempt must fail for one simple reason: *Idealab is not a Delaware corporation, but a California corporation*, as admitted by Girafa in paragraph 9 of its proposed amended complaint (D.I. 157, Attachment 1).    Girafa even admitted that Idealab's principal place of business is in Pasadena, California.    In other words, Snap only admitted that it was a Delaware corporation, but nothing else, and chose not to file a motion to dismiss because of that fact.    So, Girafa's attempt to support its jurisdiction and venue allegations for Idealab based on Idealab's purported connection to Snap must fail because the only admitted basis for jurisdiction and venue as to Snap (the fact that it is a Delaware corporation) is absent as to Idealab.   Therefore, personal jurisdiction and venue as to Idealab appear to be lacking in this Court.

In addition, the problem that this apparent jurisdiction/venue issue raises is that if the Court grants Girafa's motion to add Idealab, and Idealab then challenges jurisdiction and/or venue by a motion to dismiss, such a challenge will substantially delay the resolution of this case for the existing defendants.   Such a jurisdiction/venue challenge would inevitably require briefing (and perhaps a hearing), as well as likely requiring jurisdictional discovery, each of which would further delay the case for the existing defendants.

For example, assuming Girafa filed its reply papers on October 9, 2008, and the Court granted the motion on October 16, 2008, Idealab's response to the amended complaint would be due on October 30, 2008.   If, on October 30, 2008, Idealab filed a motion to challenge jurisdiction and venue, Girafa's opposition would be due on or about November 17, 2008, and Idealab's reply on or about November 24, 2008.   Then, if the Court denied the motion within several weeks, Idealab's answer to the Complaint would be due around the Christmas holidays. Under that scenario, and under the current case schedule, Idealab would be utterly denied any fact discovery because the fact discovery cut-off is January 9, 2008.   Thus, a substantial extension of time would be required to allow Idealab to conduct fact discovery and expert discovery, and as a result, if Idealab were to be kept in this case, all of the other motion deadlines, pre-trial dates, and the trial date would have to be significantly extended/delayed, which is unfair and prejudicial to Snap (see, McGovern Decl. at ¶¶ 4-10) and the other defendants in the case.

### b.      Idealab is not the alter ego of Snap

From Snap's point of view, Girafa's contention that Snap is the alter ego of Idealab is simply wrong. See, McGovern Decl. at ¶¶ 11-18.

16

In order for the corporate veil to be pierced, a party must first make a threshold showing of control of the corporation to be pierced that is more than mere majority or complete stock control, but is complete domination, not only of finances but of policy and business practice in respect to the transaction attacked, so that the corporate entity at the time of the transaction had no separate mind, will, or existence of its own. Craig v. Lake Asbestos of Quebec, Ltd., 843 F.2d 145, 150 (3d Cir. 1988). Girafa simply cannot make this requisite showing.

Briefly, Idealab is an investor in Snap. McGovern Decl. at ¶ 11. Snap monthly *pays* Idealab (as it does its other vendors and service providers) for a variety of services provided to it by Idealab, including providing office space, telephone and internet service, bookkeeping services, legal services, and human resource services. McGovern Decl. at ¶¶ 11-12 and Exhs. 1-3.[4] Snap operates independently of Idealab in terms of its primary management personnel, none of whom are employees of Idealab. McGovern Decl. ¶ 13. Similarly, no Idealab employees have day-to-day management responsibility for Snap. McGovern Decl. ¶ 13. Additionally, *Idealab does not operate any of Snap's technology or offer any of the allegedly infringing services*. McGovern Decl. ¶ 13. Furthermore, Snap maintains its own corporate records separate from Idealab, and it holds bi-monthly Board of Directors' meetings separate from Idealab's Board of Directors' meetings. McGovern Decl. ¶ 14.

One additional point that appears to be pertinent to this issue, and which Girafa omitted from its brief, is the fact that Snap has received the additional $4 million bridge loan referred to at page 118 of Tom McGovern's deposition. See, Hill Decl. (D.I. 159) at Exh. 1 (at McGovern Depo. at 118:4:-16); see also, McGovern Decl. at ¶ 15. As such, Girafa's contentions regarding

---

[4] Also, under the services agreement and its amendments in McGovern Decl. at Exhs. 1-3, Snap has retained Andrew Naglestad as it would any other outside attorney. As Snap's attorney, Mr. Naglestad has an attorney-client relationship with Snap. In fact, if Idealab is made a party to this case, he could not represent Idealab unless Snap agreed to waive any potential conflict.

Snap's alleged undercapitalization are misguided.  In fact, Snap is current with all its creditors. McGovern Decl. at ¶ 15.  For these reasons, Girafa's alter ego rationale for dragging Idealab into this case, and delaying resolution of this case for all of the existing defendants, is misguided and futile.

### 4.    Girafa's Motion is Motivated by Bad Faith and Dilatory Motives

Bad faith focuses upon the moving party's motives for not amending its complaint earlier.  J.E. Mamiye & Sons, Inc. v. Fidelity Bank, 813 F.2d 610, 614 (3d Cir. 1987).  Girafa appeared to file this motion at the late date that it did for a number of less than salutary reasons, including:

(1)    **To delay the case to put off invalidation of the '904 Patent** – After seeing the prior art submitted by Snap and the Amazon Defendants in connection with the P.I. Motion, Girafa is attempting to prolong whatever value its soon-to-be-invalid patent has to its would-be customers.  By its late attempt to add Idealab into the case, Girafa knew the Court would likely extend the deadlines in the case to accommodate Idealab's late addition.

(2)    **To delay the resolution of the case so that Girafa's potential damages are increased** – Assuming the preliminary injunction motion is not granted, Girafa knew that adding Idealab into the case at this late date would delay the outcome of the case because the Court would likely extend the deadlines in the case to accommodate Idealab's late addition.  Thus, Girafa is purposely attempting to prolong what they contend is the Defendants' infringing conduct simply to increase their alleged damages.

(3)     **To interfere with the relationship between Idealab and Snap** – From the Declaration of Thomas P. McGovern submitted in opposition to the P.I. Motion (D.I. 75) and Mr. McGovern's deposition in connection with the P.I. Motion, Girafa knows that Snap has received some of its funding from Idealab, and by attempting to drag Idealab into this case, it will strain the relationship between Idealab and Snap such that Idealab may no longer desire to provide support to Snap, and Snap's ability to continue in business (and allegedly lower Girafa's market share) will be thwarted.

(4)     **To side-step the jurisdiction and venue issues as to Idealab** – Girafa is attempting to support personal jurisdiction and venue in this case as to Idealab based on Snap's *choice* not to file a motion to dismiss or transfer.  Snap chose not to file a motion to dismiss or transfer because it is a Delaware corporation (even though it denied Girafa's jurisdiction and venue allegations as discussed above). Idealab is not a Delaware corporation, and to the extent Girafa bases its jurisdiction and venue allegation as to Idealab on Idealab's relationship with Snap, the facts do not support the existence of jurisdiction or venue.  Thus, Girafa has completely glossed over this significant issue even though it should have known that jurisdiction and venue over Idealab does not exist in this Court.

The aforementioned points show that this motion is motivated by Girafa's desire to delay the case, and inappropriately use such delay for its own benefit.  These are not proper reasons to bring a motion for leave to amend, and support denial of Girafa's motion.

## V.   CONCLUSION

Girafa's motion should be denied.  Girafa has unduly delayed in filing this motion, and offered no legitimate explanation for such delay.  Granting this motion will prejudice all of the defendants because the dates in the case will likely be extended, thus delaying the resolution of this case and increasing the burden and expense for all defendants.  Snap will be uniquely prejudiced because Girafa's tactics are interfering with Snap's ability to conduct its business.  Girafa's proposed amendment is also futile.  Idealab is a California corporation with its principal place of business in Pasadena, California, and it is likely not subject to personal jurisdiction or venue in this Court.  In addition, Idealab is not the alter ego of Snap.  Finally, Girafa's motion was brought with less than salutary motives.  For these reasons, as well as those set forth above, Girafa's motion should be denied.


Dated: September 29, 2008              By:    /s/ Arthur G. Connolly, III
                                              Arthur G. Connolly, III (#2667)
                                              CONNOLLY BOVE LODGE &
                                              HUTZ LLP
                                              1007 N. Orange Street
                                              P.O. Box 2207
                                              Wilmington, DE  19899
                                              Tel: (302) 658-9141
                                              Email: AConnollyIII@cblh.com

                                              *Of Counsel*:
                                              Daniel M. Cislo (admitted pro hac vice)
                                              Mark D. Nielsen (admitted pro hac vice)
                                              CISLO & THOMAS LLP
                                              1333 2nd Street, Suite 500
                                              Santa Monica, California 90401
                                              Telephone: (310) 451-0647
                                              Attorneys for Defendant/Counterclaim
                                              Plaintiff Snap Technologies, Inc.

## CERTIFICATE OF SERVICE

I, Arthur G. Connolly, III, hereby certify that on October 2, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the registered attorneys of record that the document has been filed and is available for viewing and downloading.

I further certify that on October 2, 2008, the foregoing document was served on the following persons as indicated below:

**Via Electronic Mail:**

| | |
|---|---|
| Steven J. Balick<br>John G. Day<br>Tiffany Geyer Lydon<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Email: sbalick@ashby-geddes.com<br>*Attorneys for Plaintiff* | William H. Mandir<br>John F. Rabena<br>Trevor C. Hill<br>Chandran B. Iyer<br>SUGHRUE MION, PLLC<br>2100 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20037<br>Email: jrabena@sughrue.com<br>*Attorneys for Plaintiff* |
| Richard L. Horwitz<br>David E. Moore<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899<br>Email: rhorwitz@potteranderson.com<br>*Attorneys for Defendants*<br>*Amazon Web Services LLC, Amazon.com, Inc.,*<br>*and Alexa Internet, Inc.* | Thomas G. Pasternak<br>R. David Danoghue<br>DLA PIPER US LLP<br>203 N. LaSalle Street, Suite 1900<br>Chicago, IL 60601<br>Email: tom.pasternak@dlapiper.com<br><br>M. Elizabeth Day<br>Gregory J. Lundell<br>DLA PIPER US LLP<br>2000 University Avenue<br>East Palo Alto, CA 94303<br>Email: elizabeth.day@dlapiper.com<br>*Attorneys for Defendants*<br>*Amazon Web Services LLC, Amazon.com, Inc.,*<br>*and Alexa Internet, Inc.* |

| | |
|---|---|
| Thomas C. Grimm (#1098)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>Email: tgrimm@mnat.com<br>*Attorneys for Defendants Exalead, Inc.*<br>*and Exalead S.A.* | Scott A. Timmerman<br>Harold V. Johnson<br>NBC Tower, Suite 3600<br>455 North Cityfront Plaza Drive<br>Chicago, IL 60611-5599<br>Email: hjohnson@usebrinks.com<br>*Attorneys for Defendants Exalead, Inc.*<br>*and Exalead S.A.* |
| Jeffrey L. Moyer<br>Anne Shea Gaza<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>Email: moyer@RLF.com<br>*Attorneys for Defendant*<br>*IAC Search & Media, Inc.* | Claude M. Stern<br>Jennifer A. Kash<br>Antonio R. Sistos<br>Alison Monahan<br>QUINN EMANUEL URQUHART OLIVER &<br>HEDGES, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Email: claudestern@quinnemanuel.com,<br>jenniferkash@quinnemanuel.com,<br>antoniosistos@quinnemanuel.com,<br>alisonmonahan@quinnemanuel.com<br>*Attorneys for Defendant*<br>*IAC Search & Media, Inc.* |
| Jack B. Blumenfeld<br>Rodger D. Smith II<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>Email: jblumenfeld@mnat.com<br>*Attorneys for Defendant*<br>*Yahoo! Inc.* | Matthew D. Powers<br>Douglas E. Lumish<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>Email: matthew.powers@weil.com,<br>doug.lumish@weil.com<br>*Attorneys for Defendant*<br>*Yahoo! Inc.* |

/s/ Arthur G. Connolly, III
Arthur G. Connolly, III (#2667)