IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GIRAFA.COM, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-787-SLR |
| | ) |
| AMAZON WEB SERVICES LLC, | ) |
| AMAZON.COM, INC., ALEXA | ) |
| INTERNET, INC., IAC SEARCH & | ) |
| MEDIA, INC., SNAP TECHNOLOGIES, INC., | ) |
| YAHOO! INC., SMARTDEVIL INC., | ) |
| EXALEAD, INC., and EXALEAD S.A., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF GIRAFA.COM, INC.'S RESPONSE TO THE AMAZON DEFENDANTS'
MOTION FOR DECLARATION OF PRIORITY DATE AND
<u>MOTION FOR SANCTIONS</u>**

Having failed to meet evidentiary requirements in responding to Girafa's Preliminary Injunction Motion, the Amazon Defendants[1] now attempt to bypass these requirements through blatant misrepresentations to the Court in their Submission of Newly-Discovered Evidence, Motion for Declaration of Priority Date, and Motion for Sanctions (D.I. 180). Contrary to Amazon's representations, Girafa never admitted that the Schmid paper was published in 1998 so as to constitute prior art against the patent-in-suit. This is apparent from the very document upon which the Amazon Defendants base their motion.

Girafa is currently prosecuting a continuation application related to the patent-in-suit. Girafa is of course required by Patent Office rules, to submit any information that *may* be material to the prosecution of that application. That duty of disclosure includes a requirement for

---

[1] Defendant Snap Technologies, Inc. has joined Amazon's motion. *See* D.I. 181.

Girafa to submit to the Patent Office relevant factual assertions of the defendants in this litigation.[2] In accordance with that duty, Girafa submitted the Schmid reference and as required, listed the March 1998 date that the defendants have asserted.[3]

But, when submitting this information to the Patent Office, Girafa explained that:

> this IDS should not be construed as a representation ... that any cited document listed or attached is (or constitutes) prior art... and Applicant reserves the right to prove that the date of publication is in fact different.

D.I. 180, Def. Ex. A, Information Disclosure Statement, Par. 6 (emphasis added).

Before filing its motion, Amazon met and conferred with Girafa as required by D. Del. LR 7.1.1. In that meet and confer, Girafa pointed out this passage of the IDS that Amazon had until then overlooked; nevertheless, Amazon ignored Girafa's explanation and filed their motion without any modification and without advising the Court of the above section of Girafa's IDS.

Accordingly, it is respectfully requested that the Amazon Defendants' motion be denied in its entirety. Moreover, Girafa respectfully submits that if any party should be sanctioned for frivolous litigation tactics, it is the Amazon and Snap defendants for bringing this baseless motion in the first place.

---

[2] MPEP §2001.06(c) requires that "[w]here the subject matter for which a patent is being sought is or has been involved in litigation...any...material information arising therefrom [including any references alleged to be prior art] must be brought to the attention of the U.S. Patent and Trademark Office."

[3] Girafa has consistently maintained that the Schmid Reference would not invalidate any claims of the patent-in-suit even if it was prior art. Girafa will not discuss its basis for this belief here since this issue has already been briefed at length.

                    ASHBY & GEDDES

                    */s/ Lauren E. Maguire*

                    _____
                    Steven J. Balick (I.D. # 2114)
                    John G. Day (I.D. #2403)
                    Tiffany Geyer Lydon (I.D. #3950)
                    Lauren E. Maguire (I.D. #4261)
                    500 Delaware Avenue, 8th Floor
                    P.O. Box 1150
                    Wilmington, DE 19899
                    (302) 654-1888
                    sbalick@ashby-geddes.com
                    jday@ashby-geddes.com
                    tlydon@ashby-geddes.com
                    lmaguire@ashby-geddes.com

                    *Attorneys for Plaintiff*

*Of Counsel:*

William H. Mandir
John F. Rabena
Carl J. Pellegrini
Chandran B. Iyer
Trevor C. Hill
SUGHRUE MION, PLLC
2100 Pennsylvania Ave., N.W.
Washington D.C. 20037
(202) 293-7060

Dated: October 17, 2008