IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GIRAFA.COM, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| AMAZON WEB SERVICES LLC, AMAZON.COM, INC., ALEXA INTERNET, INC., IAC SEARCH & MEDIA, INC., SNAP TECHNOLOGIES, INC., YAHOO!, INC., SMARTDEVIL, INC., EXALEAD S.A., and EXALEAD, INC., | ) ) ) ) ) ) ) ) C.A. NO. 07-787 (SLR) |
| Defendants. | ) ) |

## DEFENDANT SNAP TECHNOLOGIES, INC.'S OBJECTIONS TO PLAINTIFF GIRAFA.COM, INC.'S NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6)

Defendant/Counterclaim-Plaintiff Snap Technologies, Inc. ("Snap") responds as follows to Plaintiff/Counterclaim-Defendant Girafa.com, Inc.'s ("Plaintiff" or "Girafa") Notice of Deposition Pursuant to Rule 30(b)(6).

### GENERAL OBJECTIONS

1.  To the extent these deposition topics call for confidential business information and/or trade secrets of Snap, Snap will provide such information pursuant to the protective order entered by the Court.

2.  Snap objects to these deposition topics to the extent they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

3. Snap objects to these deposition topics to the extent they seek information that is not relevant to the claims and defenses in this case, nor reasonably calculated to lead to the discovery of admissible evidence.

4. Snap objects to these deposition topics to the extent they impose definitions or obligations upon Snap that are beyond those required of Snap by the Federal Rules of Civil Procedure and Local Rules for the District of Delaware, and to the extent responding to said deposition topics imposes an undue burden on Snap.

5. Snap objects to Definition No. 1 in that it is an improper attempt to over-define Snap to include other persons and/or entities that are not parties to this action, nor within Snap's possession, custody, or control. In addition, Definition No. 1 is an improper attempt to circumvent the requirements of Fed.R.Civ.P. 45.

6. Definition No. 3 is objectionable to the extent is creates vagueness and ambiguity in the definitions of "Person" or "Persons" because the same terms are somewhat differently defined in Definition No. 14.

7. Definition No. 4 is objectionable as to "Snap" to the extent Definition Nos. 1 and 3 are objectionable.

8. Definition No. 5 is vague and ambiguous as to "and includes," which is non-limiting and non-specific, and as to the first "or" in the definition, which creates a facial ambiguity in the definition.

9. Definition No. 6 is objectionable to the extent that Snap disagrees that the recited definition is the correct definition for the defined term.

10. Definition No. 11 is overbroad and vague and ambiguous.

11. Definition No. 14 is vague and ambiguous to the extent it differs with the definitions for the same terms in Definition No. 3.

12. Definition No. 15 is objectionable to the extent that Snap disagrees that the recited definition is the correct definition for the defined term, and to the extent that the proposed definition is one of several proposed definitions for the term in this case, and it is not clear which is the correct and relevant term.

13. Snap objects to the time and place of the deposition in the Notice served on September 3, 2008, but notes that since service of the Notice, counsel for the parties has reached agreement such that the deposition is now scheduled to take place on November 11, 2008 at Cislo & Thomas LLP in Santa Monica, California. If the deposition cannot be completed on November 11, 2008, counsel have agreed that the deposition can be completed on November 12, 2008 at the same location.

14. Snap objects to the demand by Girafa that Snap produce witnesses "who are most knowledgeable regarding the topics identified in Schedule B." Rule 30(b)(6) does not require a company to produce a person most knowledgeable, but rather, one or more persons who have been authorized to testify on behalf of the company.

15. Snap objects to the Notice of Deposition, and the topics therein, to the extent it would be an undue burden to prepare a witness on any of the topics listed beyond information known or reasonably available to Snap.

16. These general objections are incorporated by reference into each of Snap's responses to the deposition topics set forth herein.

## RESPONSES AND OBJECTIONS TO PARTICULAR DEPOSITION TOPICS

**TOPIC NO. 1**:

Snap's network topology including the identity, location, function and purpose of every computer, server, crawler, and other network device that hosts a website or webpage, or generates, obtains, stores, or supplies previews of webpages.

**RESPONSE TO TOPIC NO. 1**:

Snap objects to this topic as vague and ambiguous as to "network topology" and "other network device."

Subject to the foregoing objections, Snap will produce a witness to testify on this topic.

**TOPIC NO. 2**:

The content, structure, function and operation of Snap's Image Servers including but not limited to the cluster of servers referred to as "Boa".

**RESPONSE TO TOPIC NO. 2**:

Snap objects to the proposed definition of "Image Server" to the extent it differs from what has previously been proposed in the case, or from how the Court ultimately construes the term. Snap also objects to this topic to the extent it attempts to suggest that Snap's cluster of servers referred to as "Boa" are "Image Servers" as that term has been defined by Girafa.

Subject to the foregoing objections, Snap will produce a witness to testify on this topic.

**TOPIC NO. 3**:

The content, structure, function and operation of Snap's Web Servers.

4

**RESPONSE TO TOPIC NO. 3**:

Snap objects to the proposed definition of "Web Server" to the extent it differs from what has previously been proposed in the case, or from how the Court ultimately construes the term.

Subject to the foregoing objections, Snap will produce a witness to testify on this topic.

**TOPIC NO. 4**:

Interconnection and interaction between Snap's Image Servers, including but not limited to the cluster of servers referred to as "Boa," and other servers, such as Web Servers.

**RESPONSE TO TOPIC NO. 4**:

Snap objects to the proposed definitions of "Image Server" and "Web Server" to the extent they differs from what has previously been proposed in the case, or from how the Court ultimately construes the term. Snap also objects to this topic to the extent it attempts to suggest that Snap's cluster of servers referred to as "Boa" are "Image Servers" as that term has been defined by Girafa. Snap also objects to this topic to the extent it could be read to imply that an "Image Server" and a "Web Server" must be physically separate items.

Subject to the foregoing objections, Snap will produce a witness to testify on this topic.

**TOPIC NO. 5**:

The architecture and operation of all systems involved in downloading, generating, rendering, storing, and/or providing thumbnail images or previews of Web Pages since 2004.

**RESPONSE TO TOPIC NO. 5**:

Snap objects to this topic in that it is overbroad and unduly burdensome. The topic is not limited to Snap, but instead calls for the "architecture and operation of all systems," not just Snap's systems. This is overbroad to the extent it seeks information not relevant to the claims and defenses in the case and information not in the possession of Snap nor reasonably accessible to it; and, it is overbroad and unduly burdensome in that it requires a representative of Snap to prepare to testify on "all" such systems, not just Snap's systems. Snap also objects to this topic in that it fails to describe the matters on which examination is sought with reasonable particularity, as required by Rule 30(b)(6), with respect to requiring testimony on "all" systems, but failing to identify "all" systems that exist. Furthermore, this topic calls for expert testimony to the extent it requires a broader knowledge beyond Snap's systems.

Subject to the foregoing objections, Snap will produce a witness to testify on this topic.

**TOPIC NO. 6**:

Requests for access to any thumbnails of Web Pages or previews that were stored or generated by or on behalf of Snap, including the number of such requests made on a daily basis, monthly basis and yearly basis and the fulfillment of such requests.

**RESPONSE TO TOPIC NO. 6**:

Snap objects to this topic as vague and ambiguous as to "[r]equests for access." It is unclear what a request for access means. Snap also objects to this request as vague and ambiguous as to "fulfillment of such requests" in that Snap is not clear on what "the fulfillment" of a "request for access" means. Snap also objects to the proposed definition of "thumbnails" to

6

the extent it differs from what has previously been proposed in the case, or from how the Court ultimately construes the term. Snap also objects to this topic to the extent it attempts to suggest that Snap is presenting "thumbnails" of Web Pages through any of its services, as the term "thumbnails" has been defined by Girafa. Snap also objects to this topic as unduly burdensome to the extent Snap does not maintain the requested information (to the extent it is understood) in the requested form, where providing the information in the requested form would require an inordinate amount of work. Snap further objects to this topic as overbroad as to time. The '904 Patent issued in March of 2005, and any requests for "thumbnails" before that time are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, Snap will produce a witness to testify on this topic.

**TOPIC NO. 7**:

Requests for access to any thumbnails of Web Pages or previews that were stored or generated by or on behalf of Snap, wherein the request was from a user or computer visiting www.snap.com, including the number of such requests made on a daily, monthly and yearly basis and the fulfillment of such requests since March 2005.

**RESPONSE TO TOPIC NO. 7**:

Snap objects to this topic as vague and ambiguous as to "[r]equests for access." It is unclear what a request for access means. Snap also objects to this request as vague and ambiguous as to "fulfillment of such requests" in that Snap is not clear on what "the fulfillment" of a "request for access" means. Snap also objects to the proposed definition of "thumbnails" to the extent it differs from what has previously been proposed in the case, or from how the Court

ultimately construes the term. Snap also objects to this topic to the extent it attempts to suggest that Snap is presenting "thumbnails" of Web Pages through any of its services, as the term "thumbnails" has been defined by Girafa. Snap also objects to this topic as unduly burdensome to the extent Snap does not maintain the requested information (to the extent it is understood) in the requested form, where providing the information in the requested form would require an inordinate amount of work.

Subject to the foregoing objections, Snap will produce a witness to testify on this topic.

**TOPIC NO. 8**:

Requests for access to any thumbnails of Web Pages or previews that were stored or generated by or on behalf of Snap, wherein the request was from a user or computer not visiting www.snap.com, including the number of such requests made on a daily, monthly, and yearly basis and the fulfillment of such requests since March 2005.

**RESPONSE TO TOPIC NO. 8**:

Snap objects to this topic as vague and ambiguous as to "[r]equests for access." It is unclear what a request for access means. Snap also objects to this request as vague and ambiguous as to "fulfillment of such requests" in that Snap is not clear on what "the fulfillment" of a "request for access" means. Snap also objects to the proposed definition of "thumbnails" to the extent it differs from what has previously been proposed in the case, or from how the Court ultimately construes the term. Snap also objects to this topic to the extent it attempts to suggest that Snap is presenting "thumbnails" of Web Pages through any of its services, as the term "thumbnails" has been defined by Girafa. Snap also objects to this topic as unduly burdensome

to the extent Snap does not maintain the requested information (to the extent it is understood) in the requested form, where providing the information in the requested form would require an inordinate amount of work.

Subject to the foregoing objections, Snap will produce a witness to testify on this topic.

**TOPIC NO. 9**:

The marketing and advertising of Snap's products, including Snap Classic, Snap Enhanced and Snap Shots, that present thumbnail images or previews of Web Pages.

**RESPONSE TO TOPIC NO. 9**:

Snap objects to the proposed definition of "thumbnail images" to the extent it differs from what has previously been proposed in the case, or from how the Court ultimately construes the term. Snap also objects to this topic to the extent it attempts to suggest that Snap is presenting "thumbnail images" of Web Pages through any of its services, as the term "thumbnail images" has been defined by Girafa. Snap further objects to Girafa's use of the term "products" to describe the "services" Snap provides.

Subject to the foregoing objections, Snap will produce a witness to testify on this topic.

**TOPIC NO. 10**:

Snap's decision to develop products, including Snap Classic, Snap Enhanced and Snap Shots, that present thumbnail images or previews of Web Pages, and the reason for such decision or decisions.

9

**RESPONSE TO TOPIC NO. 10:**

Snap objects to the proposed definition of "thumbnail images" to the extent it differs from what has previously been proposed in the case, or from how the Court ultimately construes the term. Snap also objects to this topic to the extent it attempts to suggest that Snap is presenting "thumbnail images" of Web Pages through any of its services, as the term "thumbnail images" has been defined by Girafa. Snap further objects to Girafa's use of the term "products" to describe the "services" Snap provides. Snap further objects to this topic to the extent it calls for information protected from disclosure by the attorney-client privilege or attorney work product doctrine.

Subject to the foregoing objections, Snap will produce a witness to testify on this topic.

**TOPIC NO. 11:**

Communications with or regarding Girafa or the '904 Patent.

**RESPONSE TO TOPIC NO. 11:**

Snap objects to this topic in that it fails to describe the matters on which examination is sought with reasonable particularity, as required by Rule 30(b)(6). This topic is also overbroad and unduly burdensome in that it does not limit itself to communications by Snap. For a witness of Snap to be prepared on all communications, not simply those of Snap, with or regarding Girafa or as to the '904 Patent goes well beyond what Snap would be required to know for the deposition, and therefore, full compliance with the topic as written will be unduly burdensome. This topic also potentially calls for attorney-client communications and/or communications containing attorney work product protected material since the communications could be between

Snap and its counsel "regarding Girafa or the '904 Patent."

Subject to the foregoing objections, Snap will produce a witness to testify on this topic.

### TOPIC NO. 12:

Snap's use of information provided to it by Girafa.

### RESPONSE TO TOPIC NO. 12:

Snap objects to this topic as assuming facts not in evidence – namely, that Snap used any information provided to it by Girafa. Snap objects to this topic as vague and ambiguous, and because it fails to describe the matters on which examination is sought with reasonable particularity, as required by Rule 30(b)(6), in connection with the terms "use," "information," or "provided." The "information" in question is not specified at all. To the extent Girafa did provide any "information" to Snap, such information may not have any pertinence to the claims and defenses in this case, and therefore, this topic would be overbroad and to comply with it unduly burdensome. Furthermore, the topic does not exclude information provided by Girafa to Snap in the form of court filings in this case, or in communications in connection with this case. As such, Snap's use of such information would involve attorney-client communications, attorney work product, and possibly settlement discussions as well.

Subject to the foregoing objections, Snap will produce a witness to testify on this topic.

### TOPIC NO. 13:

The identity, location, and substance of any documents relating to the topics above.

**RESPONSE TO TOPIC NO. 13**:

Snap incorporates by reference all of its objections from Topics 1-12 into this topic. Snap objects to this topic in that it fails to describe the matters on which examination is sought with reasonable particularity, as required by Rule 30(b)(6). It is unclear what documents relate to the above topics, and to require Snap to examine the over 43,000 pages of documents it has produced to identify such documents' identity, substance, and location is unduly burdensome, oppressive, and harassing. The documents speak for themselves as far as their substance, and requiring a witness to re-state the contents of documents could call for legal conclusions as well. Furthermore, because the topics above seek information the disclosure of which would violate the attorney-client privilege and attorney work product doctrine, this topic is objectionable for the same reason.

Subject to the foregoing objections, Snap will produce a witness to testify on this topic.

**WITNESSES TO TESTIFY ON THE TOPICS LISTED ABOVE**:

At the present time, but subject to change as Snap sees fit, Snap identifies the following witnesses who will testify, subject to the objections stated herein, and the Federal Rules of Civil Procedure, on the topics listed above:

Michael Agostino – Topics 1, 2, 3, 4, 5, and to some extent 13.

Thomas P. McGovern, Jr. – Topics 6, 7, 8, 9, 10, 11, 12, and 13

Dated: October 17, 2008

By: /s/ Arthur G. Connolly, III
Arthur G. Connolly, III (#2667)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
Email: AConnollyIII@cblh.com

*Of Counsel*:
Daniel M. Cislo, Esq.
Mark D. Nielsen, Esq.
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
Telephone: (310) 451-0647
Telefax: (310) 394-4477
Attorneys for Defendant/Counterclaim Plaintiff Snap Technologies, Inc.

## **CERTIFICATE OF SERVICE**

I, Arthur G. Connolly, III, hereby certify that on October 17, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the registered attorneys of record that the document has been filed and is available for viewing and downloading.

I further certify that on October 17, 2008, the foregoing document was served on the following persons as indicated below:

**Via Electronic Mail:**

| | |
|---|---|
| Steven J. Balick<br>John G. Day<br>Tiffany Geyer Lydon<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Email: sbalick@ashby-geddes.com<br>*Attorneys for Plaintiff* | William H. Mandir<br>John F. Rabena<br>Trevor C. Hill<br>Chandran B. Iyer<br>SUGHRUE MION, PLLC<br>2100 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20037<br>Email: jrabena@sughrue.com<br>*Attorneys for Plaintiff* |
| Richard L. Horwitz<br>David E. Moore<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899<br>Email: rhorwitz@potteranderson.com<br>*Attorneys for Defendants*<br>*Amazon Web Services LLC, Amazon.com, Inc., and Alexa Internet, Inc.* | Thomas G. Pasternak<br>R. David Danoghue<br>DLA PIPER US LLP<br>203 N. LaSalle Street, Suite 1900<br>Chicago, IL 60601<br>Email: tom.pasternak@dlapiper.com<br><br>M. Elizabeth Day<br>Gregory J. Lundell<br>DLA PIPER US LLP<br>2000 University Avenue<br>East Palo Alto, CA 94303<br>Email: elizabeth.day@dlapiper.com<br>*Attorneys for Defendants*<br>*Amazon Web Services LLC, Amazon.com, Inc., and Alexa Internet, Inc.* |

| | |
|---|---|
| Thomas C. Grimm (#1098)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>Email: tgrimm@mnat.com<br>*Attorneys for Defendants Exalead, Inc.*<br>*and Exalead S.A.* | Scott A. Timmerman<br>Harold V. Johnson<br>NBC Tower, Suite 3600<br>455 North Cityfront Plaza Drive<br>Chicago, IL 60611-5599<br>Email: hjohnson@usebrinks.com<br>*Attorneys for Defendants Exalead, Inc.*<br>*and Exalead S.A.* |
| Jeffrey L. Moyer<br>Anne Shea Gaza<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>Email: moyer@RLF.com<br>*Attorneys for Defendant*<br>*IAC Search & Media, Inc.* | Claude M. Stern<br>Jennifer A. Kash<br>Antonio R. Sistos<br>Alison Monahan<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Email: claudestern@quinnemanuel.com,<br>jenniferkash@quinnemanuel.com,<br>antoniosistos@quinnemanuel.com,<br>alisonmonahan@quinnemanuel.com<br>*Attorneys for Defendant*<br>*IAC Search & Media, Inc.* |
| Jack B. Blumenfeld<br>Rodger D. Smith II<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>Email: jblumenfeld@mnat.com<br>*Attorneys for Defendant*<br>*Yahoo! Inc.* | Matthew D. Powers<br>Douglas E. Lumish<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>Email: matthew.powers@weil.com,<br>doug.lumish@weil.com<br>*Attorneys for Defendant*<br>*Yahoo! Inc.* |

    /s/ Arthur G. Connolly, III
    Arthur G. Connolly, III (#2667)