IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GIRAFA.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> IAC SEARCH & MEDIA, INC., <br> SNAP TECHNOLOGIES INC., <br> YAHOO! INC., <br> SMARTDEVIL INC., <br> EXALEAD INC., AND <br> EXALEAD SA., <br><br> Defendants. | C.A. No. 07-787-SLR |

**JOINT CLAIM CONSTRUCTION CHART FOR THE
DISPUTED CLAIM TERMS OF U.S. PATENT NO. 6,864,904**

Pursuant to the Court's April 8, 2008 Scheduling Order, as modified by the Court's April 16, 2009 Order, Plaintiff and Counterclaim-Defendant Girafa.com, Inc. and Defendants and Counterclaim-Plaintiffs IAC Search & Media, Inc., Snap Technologies, Inc., Yahoo! Inc., Exalead Inc. and Exalead SA. submit this joint claim construction chart setting forth the parties' respective proposed constructions for certain claim terms in U.S. Patent No. 6,864,904:

| CLAIM TERM | GIRAFA'S CONSTRUCTION | DEFENDANTS' CONSTRUCTION |
|---|---|---|
| "image server" | A computer that runs software to store and provide images. | A server that stores image files and provides them to a web browser.[1] |
| "a web server separated from said image server" | A web server that is a separate computer from the image server. | A web server that is logically, functionally, and/or physically distinct from an image server. |
| "visualization functionality" | Hardware and/or software that enables or causes a web browser to download a thumbnail visual image. | Hardware and/or software that associates a thumbnail image with a given hyperlink. |
| "at least partially concurrently" | Girafa does not believe that this term requires construction as it is a non-technical term with a plain and ordinary meaning. However, if the court believes it requires construction, that construction should be:<br><br>To some extent, overlapping in time. | To some extent occurring at the same time. |
| "operative" | Girafa does not believe that this term requires construction as it is a non-technical term with a plain and ordinary meaning. However, if the court believes it requires construction, that construction should be:<br><br>Having the capability to. | Operating. |

---

[1] Snap Technologies, Inc. agrees with the Defendants' proposed construction with the caveat that the term "provides" in the proposed construction should be read based on how "providing" is construed by the Court.

| Term | | |
|---|---|---|
| "hyperlink" | Element of a webpage that links to a different web page. | An item in an electronic page that links to another location on the same electronic page, or to a different electronic page, electronic document, or electronic resource. |
| "annotated web page" | Girafa does not believe that this term requires construction as it is a non-technical term with a plain and ordinary meaning. However, if the court believes it requires construction, that construction should be:<br><br>A web page with information added to it. | A web page modified by the addition of thumbnail visual images. |
| "thumbnail visual image" | A miniature image of a web page. | A miniature image of the complete visual contents of a web page. |
| "trimming a path component based on the consideration of finding the most representative image of a given web page" | Removing part of the "given web page[s']" URL based on an algorithm designed to find the most related thumbnail in the image server. | Indefinite. |
| "the most representative image of a given web page" | Taken out of context. See construction above using this phrase in proper context of the claim language. | Indefinite. |
| "home page or homepage" | Girafa does not believe that this term requires construction as it is a non-technical term with a plain and ordinary meaning. However, if the court believes it requires construction, that construction should be: | Indefinite. |

| | | |
|---|---|---|
| | A main or front page of a website. | |
| "thumbnail visual image of another web page of at least one web site which is represented by said at least one hyperlink" | The thumbnail visual image is of a web page represented by a hyperlink, but is of a different web page than the "web page containing at least one hyperlink." | The thumbnail visual image is of a web page represented by a hyperlink, but is of a different web page than referenced by the hyperlink. |
| "multiplicity" | Girafa does not believe that this term requires construction as it is a non-technical term with a plain and ordinary meaning. However, if the court believes it requires construction, that construction should be:<br><br>More than one | A large number. |
| "downloader" | A computer that retrieves web pages and embedded objects from the Internet. | A computer that retrieves web pages and embedded objects and stores them for subsequent use. |
| "providing" | Girafa does not believe that this term requires construction as it is a non-technical term with a plain and ordinary meaning. However, if the court believes it requires construction, that construction should be:<br><br>Display, supply or make available. | **Exalead**: Exalead agrees that "providing" is a non-technical term with a plain and ordinary meaning, and does not require construction.<br><br>**IACSAM**: IACSAM agrees that "providing" is a non-technical term with a plain and ordinary meaning, and does not require construction. If the Court requires a construction, IACSAM believes that "supplying" would be appropriate.<br><br>**Snap**: Snap believes that "providing" should be construed as "transmitting." In the alternative, Snap believes that "supplying" would be an appropriate construction. |

| | | **Yahoo!**: Display |
|---|---|---|

## STIPULATED DEFINITIONS

| CLAIM TERM | GIRAFA'S CONSTRUCTION | DEFENDANTS' CONSTRUCTION |
|---|---|---|
| "a visual image of a web page" | A displayed web page. | A displayed web page. |
| "thumbnail visual image of the home page of at least one web site which is represented by said at least one hyperlink" | The thumbnail visual image is of a home page represented by a hyperlink, but is of a different web page than referenced by the hyperlink. | The thumbnail visual image is of a home page represented by a hyperlink, but is of a different web page than referenced by the hyperlink. |
| "first functionality" | Construed under §112, ¶6:<br><br>Function: Providing to a user a visual image of a web page containing at least one hyperlink.<br><br>Structure: web server and web browser | Construed under §112, ¶6:<br><br>Function: Providing to a user a visual image of a web page containing at least one hyperlink.<br><br>Structure: web server and web browser |

| | |
|---|---|
| ASHBY & GEDDES | CONNOLLY, BOVE, LODGE & HUTZ LLP |
| /s/ *John G. Day* | /s/ *Arthur G. Connlly, III* |
| Steven J. Balick (#2114) | Arthur G. Connolly, III (#2667) |
| John G. Day (#2403) | 1007 North Orange Street |
| Tiffany Geyer Lydon (#3950) | P.O. Box 2207 |
| 500 Delaware Avenue, 8th Floor | Wilmington, DE 19899 |
| P.O. Box 1150 | (302) 658-9141 |
| Wilmington, DE 19899 | aconnellyiii@cblh.com |
| (302) 654-1888 | |
| sbalick@ashby-geddes.com | *Attorneys for Defendants* |
| jday@ashby-geddes.com | *Snap Technologies, Inc.* |
| tlydon@ashby-geddes.com | |
| *Attorneys for Plaintiffs Girafa.com, Inc.* | |

| | |
|---|---|
| RICHARDS, LAYTON & FINGER, P.A. | MORRIS NICHOLS ARSHT & TUNNELL LLP |
| /s/ *Anne Shea Gaza* | /s/ *James Walter Parrett, Jr.* |
| Jeffrey L. Moyer (#3309) | Thomas C. Grimm (#1098) |
| Anne Shea Gaza (#4093) | James Walter Parrett, Jr. (#4292) |
| One Rodney Square | 1201 North Market Street, 18th Floor |
| 920 North King Street | P.O. Box 1347 |
| Wilmington, DE 19801 | Wilmington, DE 19899-1347 |
| (302) 651-7525 | (302) 658-9200 |
| moyer@rlf.com | tgrimm@mnat.com |
| gaza@rlf.com | jparrett@mnat.com |
| *Attorneys for Defendants* | *Attorneys for Defendants* |
| *IAC Search & Media, Inc.* | *Exalead, Inc. and Exalead S.A.* |

MORRIS NICHOLS ARSHT & TUNNELL LLP

/s/ *Rodger D. Smith, II*
Jack B. Blumenfeld (#1014)
Rodger D. Smith, II (#3778)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Defendants Yahoo! Inc.*