IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GIRAFA.COM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-787-SLR |
| | ) | |
| | ) | |
| IAC SEARCH & MEDIA, INC., | ) | |
| SNAP TECHNOLOGIES, INC., | ) | |
| YAHOO ! INC., and | ) | |
| SMARTDEVIL, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **JOINT PROPOSED FINAL JURY INSTRUCTIONS**

Pursuant to D. Del. L.R. 51.1(a) and the Court's Guidelines for Civil Trials, the

parties submit the attached Joint Proposed Final Jury Instructions in triplicate.  Where there is

disagreement, separate proposed instructions are provided.  These instructions are also being

submitted on disk in WordPerfect 9.0 format.


ASHBY & GEDDES, P.A.

*/s/ John G. Day*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888

*Attorneys for Plaintiff Girafa.Com, Inc.*

CONNOLLY BOVE LODGE & HUTZ LLP

*/s/ Arthur G. Connolly, III*
_____
Arthur G. Connolly, III (I.D. #2667)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899
(302) 658-9141

*Attorneys for Defendant Snap Technologies, Inc.*

*Of Counsel:*

John F. Rabena
William H. Mandir
Carl J. Pellegrini
Chandran B. Iyer
Ryan M. Corbett
Trevor C. Hill
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, NW, Suite 800
Washington, DC  20037
(202) 293-7060


RICHARDS, LAYTON & FINGER, P.A.

*/s/ Anne Shea Gaza*
_____
Jeffrey L. Moyer (I.D. #3309)
Anne Shea Gaza (I.D. #4093)
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700

*Attorneys for Defendant*
*IAC Search & Media, Inc.*

*Of Counsel:*

Claude M. Stern
Jennifer A. Kash
QUINN EMANUEL URQUHART
          OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600


Dated: September 18, 2009

*Of Counsel:*

Mark D. Nielsen
Daniel M. Cislo
CISLO & THOMAS LLP
1333 2nd Street., Suite 500
Santa Monica, CA  90401
(310) 451-0647


MORRIS NICHOLS ARSHT
      & TUNNELL LLP

*/s/ Rodger D. Smith, II*
_____
Jack B. Blumenfeld (I.D. #1014)
Rodger D. Smith, II (I.D. #3778)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200

*Attorneys for Defendant* Yahoo!, Inc.

*Of Counsel:*

Douglas E. Lumish
Matthew J. Antonelli
Yen P. Nguyen
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California  94065
(650) 802-3000

# TABLE OF CONTENTS

GENERAL INSTRUCTIONS .......................................................................................... 1
INTRODUCTION ......................................................................................................... 1
JURORS' DUTIES ....................................................................................................... 1
EVIDENCE DEFINED .................................................................................................. 1
DIRECT AND CIRCUMSTANTIAL EVIDENCE ............................................................ 1
CONSIDERATION OF EVIDENCE ............................................................................... 1
USE OF NOTES .......................................................................................................... 1
CREDIBILITY OF WITNESSES .................................................................................... 1
NUMBER OF WITNESSES .......................................................................................... 1
EXPERT WITNESSES ................................................................................................. 1
DEPOSITION TESTIMONY .......................................................................................... 1
THE PARTIES AND THEIR CONTENTIONS ................................................................ 2
SUMMARY OF ISSUES .............................................................................................. 5
BURDEN OF PROOF .................................................................................................. 8
THE PATENT CLAIMS ................................................................................................ 11
PATENT CLAIMS GENERALLY .................................................................................. 11
DEPENDENT AND INDEPENDENT CLAIMS ............................................................... 13
OPEN ENDED OR "COMPRISING" CLAIMS - AGREED ............................................. 15
CONSTRUCTION OF CLAIMS - AGREED ................................................................... 16
INFRINGEMENT .......................................................................................................... 18
DIRECT INFRINGEMENT GENERALLY ...................................................................... 18
DIRECT INFRINGEMENT – LITERAL INFRINGEMENT - AGREED .............................. 20
DIRECT INFRINGEMENT – DOCTRINE OF EQUIVALENTS ....................................... 22
SITUATIONS WHERE RESORT TO DOCTRINE OF EQUIVALENTS IS NOT PERMITTED
.................................................................................................................................. 25
INDIRECT INFRINGEMENT – GENERALLY ................................................................ 27
INDIRECT INFRINGEMENT – INDUCEMENT ............................................................. 30
INDIRECT INFRINGEMENT – CONTRIBUTORY INFRINGEMENT ............................... 33
WILLFUL INFRINGEMENT .......................................................................................... 35
INVALIDITY ................................................................................................................. 36
AFFIRMATIVE DEFENSE OF INVALIDITY GENERALLY - AGREED ........................... 36
PRIOR ART ................................................................................................................. 37
INVALIDITY - DATE OF INVENTION ........................................................................... 39
ANTICIPATION ........................................................................................................... 41
PRIOR ART – PRIOR PRINTED PUBLICATIONS (Plaintiff's proposed title) - PRIOR ART –
PATENTS AND PRINTED PUBLICATIONS (Defendants' proposed title) ....................... 44
PRIOR ART - PRIOR KNOWLEDGE OR PUBLIC USE ............................................... 46
PRIOR ART - ON SALE OR OFFERED FOR SALE ..................................................... 48
PRIOR ART - CONTENT OF REFERENCE NOT CHANGED BY TESTIMONY OF
AUTHOR ..................................................................................................................... 50
OBVIOUSNESS (IF OBVIOUSNESS IS TO BE DETERMINED BY THE COURT) ........... 51
OBVIOUSNESS [If Decided By The Jury] .................................................................... 53
SCOPE AND CONTENT OF THE PRIOR ART ............................................................ 57

DIFFERENCES OVER THE PRIOR ART.................................................................. 59
LEVEL OF ORDINARY SKILL IN THE ART ........................................................ 62
OBVIOUSNESS -HINDSIGHT AND THE SUGGESTION TO COMBINE OR MODIFY ..... 63
OBVIOUSNESS -HINDSIGHT AND THE SUGGESTION TO COMBINE OR MODIFY ..... 63
OBVIOUSNESS – TWO ELEMENTS ADJACENT TO EACH OTHER IN THE SAME
REFERENCE........................................................................................................ 66
OBJECTIVE CRITERIA CONCERNING OBVIOUSNESS (SECONDARY
CONSIDERATIONS)............................................................................................. 67
COMMERCIAL SUCCESS OF PATENTEE'S PRODUCTS RELEVANT TO NON-
OBVIOUSNESS ONLY IF THOSE PRODUCTS PRACTICE THE PATENT ......................... 70
COMMERCIAL SUCCESS MUST BE MEASURED IN TERMS OF MARKET SHARE ...... 71
INDEPENDENT INVENTION BY OTHERS.............................................................. 72
FAILURE TO LICENSE ........................................................................................ 73
DELIBERATION AND VERDICT ........................................................................... 74
INTRODUCTION ................................................................................................. 74
UNANIMOUS VERDICT....................................................................................... 74
DUTY TO DELIBERATE ...................................................................................... 74
COURT HAS NO OPINION................................................................................... 74

**GENERAL INSTRUCTIONS**

**INTRODUCTION**

**JURORS' DUTIES**

**EVIDENCE DEFINED**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

**CONSIDERATION OF EVIDENCE**

**USE OF NOTES**

**CREDIBILITY OF WITNESSES**

**NUMBER OF WITNESSES**

**EXPERT WITNESSES**

**DEPOSITION TESTIMONY**

[the foregoing instructions have been omitted pursuant to the Court's Guidelines for Civil Trials]

**THE PARTIES AND THEIR CONTENTIONS**

<u>Plaintiff's Proposed Instruction:</u>

The Plaintiff in this case is Girafa.com, Inc., which I will refer to as "Girafa." Girafa is an Internet company that sells thumbnail products and services to websites and users. Girafa is the owner of U.S. Patent No. 6,864,904, which I will refer to as "the '904 patent."

One of the defendants in this case is IAC Search & Media, Inc., which I will refer to as "IACSAM," "Ask," or "Ask.com." IACSAM is a company that operates a search engine now known as Ask.com and formerly known as AskJeeves.com.

Another defendant in this case is Snap Technologies, Inc., which I will refer to as "Snap." Snap (Snap.com) is a distributed media company that delivers contextual content and advertising via its semantic technology products.

Another defendant in this case is Yahoo!, Inc., which I will refer to as "Yahoo!" Yahoo! is a company that develops products and technologies that can be accessed on the Internet.

I will refer to IACSAM, Snap, and Yahoo! collectively as the "Defendants."

Girafa contends that IACSAM's Binoculars product infringes claims 1, 12, 13, 16, 18, 29, 30, 33, 35, 46, and 56 of the '904 patent.

Girafa contends that IACSAM's Embedded Images product infringes claims 16 and 33 of the '904 patent.

Girafa contends that Snap's pre-June 4, 2008 Classic product and Snap's pre-June 4, 2008 Enhanced product infringe claims 1, 12, 13, 18, 29, 30, 35, 46 and 56 of the '904 patent. Girafa contends that Snap's Image Generation System product infringes claims 16 and 33.

Girafa contends that Yahoo!'s Bookmarks product infringe claims 1, 12, 13, 16, 18, 29, 30, 33, 35, and 46 of the '904 patent.

I will refer to these certain claims of the '904 patent as the "asserted claims."

I will refer to IACSAM, Snap and Yahoo!'s products that are in dispute in this case as the "accused products."

Defendants contend they do not infringe the asserted claims.

Defendants further contend that the asserted claims of the '904 patent are invalid due to obviousness and anticipation.

**Defendants' Proposed Instruction:**

The Plaintiff in this case is Girafa.com, Inc., which I will refer to as "Girafa." Girafa is the owner of U.S. Patent No. 6,864,904, which I will refer to as "the '904 patent."

One of the defendants in this case is IAC Search & Media, Inc., which I will refer to as "IACSAM," "Ask," or "Ask.com." IACSAM is a company that operates a search engine now known as Ask.com and formerly known as AskJeeves.com.

Another defendant in this case is Snap Technologies, Inc., which I will refer to as "Snap." Snap (Snap.com) is a distributed media company that delivers contextual content and advertising via its semantic technology products.

Another defendant in this case is Yahoo!, Inc., which I will refer to as "Yahoo!" Yahoo! is a company that develops products and technologies that can be accessed on the Internet.

I will refer to IACSAM, Snap, and Yahoo! collectively as the "Defendants."

Girafa contends that IACSAM's Binoculars product infringes claims 1, 12, 13, 16, 18, 29, 30, 33, 35, 46, and 56 of the '904 patent.

Girafa contends that Snap's pre-June 4, 2008 Classic product and Snap's pre-June 4, 2008 Enhanced product infringe claims 1, 12, 13, 18, 29, 30, 35, 46 and 56 of the '904 patent. Girafa contends that Snap's Image Generation System product infringes claims 16 and 33.

Girafa contends that Yahoo!'s Bookmarks product infringe claims 1, 12, 13, 16, 18, 29, 30, 33, 35, and 46 of the '904 patent.

I will refer to these certain claims of the '904 patent as the "asserted claims."

I will refer to IACSAM, Snap and Yahoo!'s products that are in dispute in this case as the "accused products."

Defendants contend they do not infringe the asserted claims.

Defendants further contend that the asserted claims of the '904 patent are invalid due to obviousness and anticipation.

**SUMMARY OF ISSUES**

**Plaintiff's Proposed Instruction:**

I will now summarize the issues that you must decide and for which I will provide instructions to guide your deliberations. You must decide the following main issues:

(1)    Whether Girafa has proven by a preponderance of the evidence that IAC infringed any asserted claim of the'904 patent.

(2)    Whether Girafa has proven by a preponderance of the evidence that Snap Technologies has infringed any asserted claim of the '904 patent.

(3)    Whether Girafa has proven by clear and convincing evidence that Snap Technologies willfully infringed any asserted claim of the '904 patent.

(4)    Whether Girafa has proven by a preponderance of the evidence that Yahoo infringed any asserted claim of the '904 patent.

(5)    Whether Girafa has proven by clear and convincing evidence that Yahoo willfully infringed any asserted claim of the '904 patent.

(6)    Whether Defendants have proven by clear and convincing evidence that any of the asserted claims of the '904 patent were anticipated by the prior art.

(7)    Whether Defendants have proven by clear and convincing evidence that any of the asserted claims of the '904 patent were obvious in light of the prior art.

Source: AIPLA Post-Trial Instructions 1 "Summary of Patent Issues"

**Defendants' Proposed Instruction:**

In this case, you must decide several things according to the instructions that I shall give you.

As to infringement:

Whether Girafa has proven, by a preponderance of the evidence, that the accused Ask.com products infringe any asserted claim of the '904 patent literally.

Whether Girafa has proven, by a preponderance of the evidence, that the accused Snap products infringe any asserted claim of the '904 patent literally.

Whether Girafa has proven, by a preponderance of the evidence, that the accused Yahoo! products infringe any asserted claim of the '904 patent literally.

As to validity:

Whether defendants have proven that any asserted claim is invalid as anticipated by the prior art. For prior art that was before the Patent and Trademark Office when the '904 Patent was being prosecuted, defendants must prove by clear and convincing evidence that this prior art anticipates the '904 Patent. For prior art that was not before the Patent and Trademark Office when the '904 Patent was being prosecuted, defendants must prove by a preponderance of the evidence that this prior art anticipates the '904 Patent.

Whether defendants have proven that any asserted claim is invalid as obvious in light of the combined teachings of the prior art. For prior art that was before the Patent and Trademark Office when the '904 Patent was being prosecuted, defendants must prove by clear and convincing evidence that this prior art renders the '904 Patent obvious. For prior art that was not before the Patent and Trademark Office when the '904 Patent was being prosecuted, defendants must prove by a preponderance of the evidence that this prior art renders the '904 Patent

obvious, either alone or in combination with prior art that was before the Patent and Trademark

Office when the '904 Patent was being prosecuted.


Sources:  *Chiron Corp. v. Genentech, Inc.*, 363 F. 3d 1247, 1258-59 (Fed. Cir. 2004); National
Patent Jury Instructions, Instruction 5.1 (Invalidity—Generally) (June 17, 2009); *KSR Int'l Co. v.
Teleflex, Inc.*, 127 S.Ct. 1727, 1745 (2007); *Penn Int'l Indus., Inc. v. New World Mfg. Inc.*, 691
F.2d 1297, 1300-01 (9th Cir. 1982).

**BURDEN OF PROOF**

**Plaintiff's Proposed Instruction**

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof." In a patent case such as this, there are two different burdens of proof that are used. The first is called "preponderance of the evidence." The second is called "clear and convincing evidence."

Girafa is charging IAC, Snap Technologies and Yahoo with patent infringement. The patent owner has the burden of proving patent infringement by what is called a preponderance of the evidence. That means Girafa has to produce evidence which, when considered in light of all of the facts, leads you to believe that what Girafa claims is more likely true than not. To put it differently, if you were to put Girafa's evidence concerning infringement on opposite sides of a scale from each of the defendant's evidence of non-infringement, the evidence supporting Girafa's claims would have to make the scales tip somewhat on its side.

The defendants claim that the '904 patent is invalid. A patent, however, is presumed to be valid. Accordingly, the defendants have the burden of proving that the patents-in-suit are invalid by clear and convincing evidence. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden then proof by a preponderance of the evidence.

Girafa also claims that some of the defendant's infringement was willful. The burden of proof for proving willful infringement is also clear and convincing evidence.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That burden does not apply in a civil case and you should,

therefore, put it out of your mind in considering whether or not the plaintiff or defendant has met its burden of proof.

Source: 1993 Del. Jury Instructions 1.3

**Defendants' Proposed Instruction**

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof." In a patent case such as this, there are two different burdens of proof that are used. The first is called "preponderance of the evidence." The second is called "clear and convincing evidence."

Girafa must prove its claims of patent infringement by a preponderance of the evidence. When a party has the burden of proof by a preponderance of the evidence, it means that you must be persuaded that what the party seeks to prove is more probably true than not true. To put it differently, if you were to put Girafa's and Defendants' evidence of infringement on opposite sides of a scale, the evidence supporting Girafa's assertions would have to make the scale tip somewhat to Girafa's side.

Defendants must prove their claims that the patent-in-suit is invalid by a higher standard of proof, that is, by clear and convincing evidence. When a party has the burden of proof by clear and convincing evidence, it means that the evidence must produce in your mind a firm belief and conviction that it is highly probable that the matter sought to be established is true. However, if relevant prior art was not before the patent examiner, defendants must only prove their claims that the patent-in-suit is invalid by a preponderance of the evidence.

You may have heard of a burden of proof that is used in criminal cases called "beyond a reasonable doubt." That requirement is the highest burden of proof. It does not apply to a patent case such as this one and you, therefore, should put it out of your mind.

Sources:  *Chiron Corp. v. Genentech, Inc.*, 363 F. 3d 1247, 1258-59 (Fed. Cir. 2004); National Patent Jury Instructions, Instruction 5.1 (Invalidity—Generally) (June 17, 2009); *KSR Int'l Co. v. Teleflex, Inc.*, 127 S.Ct. 1727, 1745 (2007); *Penn Int'l Indus., Inc. v. New World Mfg. Inc.*, 691 F.2d 1297, 1300-01 (9th Cir. 1982).

**THE PATENT CLAIMS**

**PATENT CLAIMS GENERALLY**

<u>**Plaintiff's Proposed Instruction**</u>

Before you can decide whether the defendants have infringed Girafa's patent and whether the patent is valid, you will have to understand the patent "claims." The patent claims are the numbered paragraphs at the end of the patent. The claims are "word pictures" intended to define, in words, the boundaries of the invention described and illustrated in the patent. Only the claims of the patent can be infringed. Neither the specification, which is the written description of the invention, nor the drawings of a patent can be infringed. Each of the claims must be considered individually, and to show patent infringement, Girafa need only establish that one claim has been infringed. You must use the same claim meaning for both your decision on infringement and your decision on invalidity.

Claims are usually divided into parts or steps, called "limitations." For example, a claim that covers the invention of a table may recite the tabletop, four legs and the glue that secures the legs to the tabletop. The tabletop, legs and glue are each a separate limitation of the claim.

There are three types of claims at issue in this case --product claims, system claims and method claims. A product claims recites a product having certain claimed limitations. A system claim recites a system having certain claimed limitations. A method claim recites a series of steps.

<u>Sources:</u> 1993 Del. Jury Instructions 3.1[generally]; AIPLA Rule 2.0; 35 U.S.C. § 112; *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc); *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1286 (Fed. Cir. 2002); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370 (1996); *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 859 F.2d 878, 882 (Fed. Cir. 1988).

**Defendants' Proposed Instruction**

As I explained to you at the beginning of the trial, the claims of a patent are the numbered paragraphs at the end of the patent. The claims describe the invention made by the inventor and describe what the patent owner owns and what the patent owner may prevent others from doing.

Claims are usually divided into parts or steps, called "limitations." For example, a claim that covers the invention of a table may recite the tabletop, four legs and the glue that secures the legs to the tabletop. The tabletop, legs and glue are each a separate limitation of the claim.

There are two types of claims at issue in this case—system claims and method claims. A system claim recites a system having certain claimed limitations. A method claim recites a series of steps that must be performed.

Only the claims of a patent can be infringed. The claims of the '904 patent begin at column 11, line 34. Neither the specification, which is the written description of the invention, nor the drawings of a patent can be infringed. The specification and drawings merely describe certain embodiments of the invention.

Sources: Adapted from Instructions given in *SRI International, Inc. v. Internet Security Systems, et al.*, 04-1199-SLR and *Telcordia Technologies, Inc. v. Cisco Systems, Inc.*, No. 04-876-GMS; Uniform Jury Instructions For Patent Cases In The United States District Court For The District of Delaware 3.1 (1993).

**DEPENDENT AND INDEPENDENT CLAIMS**

**<u>Plaintiff's Proposed Instruction</u>**

There are two different types of claims in a patent. The first type is called an "independent" claim. An independent claim does not refer to any other claim of the patent. An independent claim is read alone to determine its scope.

The second type, a "dependent" claim, refers to at least one other claim in the patent and, thus, incorporates whatever that other claim says. Accordingly, to determine what a dependent claim covers, you must read both the dependent claim and the claim or claims to which it refers.

For example, claim 1 is an independent claim. You know this because claim 1 does not refer to any other claims. Accordingly, the words of this claim are read by themselves in order to determine what the claim covers.

On the other hand, claim 4 of the patent is a dependent claim. If you look at claim 4, it refers to claim 1. Therefore, to determine what claim 4 covers, you must consider the words of claims 1 and 4 together.

Some claims of the patents in suit are broader than other claims. You are not to imply the limitations or words of the narrower or dependent claim into a broad or independent claim if the broader claim does not include the same limitations.

<u>Sources:</u>  Instruction in *SRI Int'l., Inc. v. Internet Sec. Sys., et al.*, Civ. No. 04-1199-SLR, p. 17 (D. Del. Sept. 2008) (as modified).

**<u>Defendants' Proposed Instruction</u>**

There are two different types of claims in a patent.  The first type is called an "independent" claim.  An independent claim does not refer to any other claim of the patent.  An independent claim is read alone to determine its scope.

The second type, a "dependent" claim, refers to at least one other claim in the patent and, thus, incorporates whatever that other claim says.  Accordingly, to determine what a dependent claim covers, you must read both the dependent claim and the claim or claims to which it refers.

For example, claim 1 of the '904 patent is an independent claim.  You know this because claim 1 does not refer to any other claims.  Accordingly, the words of this claim are read by themselves in order to determine what the claim covers.

On the other hand, claim 2 is a dependent claim.  If you look at claim 2, it refers to claim 1. Therefore, to determine what claim 2 covers, you must consider both the words of claims 1 and 2 together.

**OPEN ENDED OR "COMPRISING" CLAIMS - AGREED**

Several claims of the '904 patent use the transitional term "comprising." "Comprising" is interpreted the same as "including" or "containing." In patent claims, comprising means that the claims are open ended. This means that the claim is not limited to products that include only what is in the claim and nothing else.

If you find that the accused products include all of the limitations in any of the asserted claims that use the term "comprising," the fact that they may also include additional elements or components is irrelevant. The presence of additional elements or components does not mean that the method or product does not infringe a patent claim.

Similarly, if you find that the prior art includes all of the limitations in any of the asserted claims that use the word "comprising," the fact that it may also include additional elements is irrelevant. The presence of additional elements or components does not mean that the prior art does not invalidate a patent claim.

Sources:  Adopted from Instructions given in *SRI Int'l, Inc. v. Internet Security Systems, et al.*, 04-1199-SLR.

**CONSTRUCTION OF CLAIMS - AGREED**

To decide the questions of infringement and validity, you must first understand what the claims of the patent cover. It is my duty under the law to define what the patent claims mean, and I have done so after hearing from the parties in this regard.

You must use the same meaning for each claim for both your decisions on infringement and your decisions on validity. You must ignore any different interpretation given to these terms by the witnesses or attorneys. If I have not provided a specific definition for a given term, you are to use the ordinary meaning of that term.

I instruct you that the following claim terms have the following definitions:

**Image server**: A computer server that stores image files and provides them, via the internet, to one or more web browsers.

**A web server separated from said image server**: A web server that is a separate computer from the image server.

**Visualization functionality**: Hardware and/or software that produces a designed effect, that is, to download via the image server a thumbnail visual image which is associated with a given hyperlink.

**At least partially concurrently**: To some extent, occurring at the same time.

**Operative**: Producing a designed effect.

**Hyperlink**: A connection from one web resource to another.

**Annotated web page**: A web page modified by the addition of thumbnail visual images.

**Thumbnail visual image**: A miniature image of a web page.

**Trimming a path component based on the consideration of finding the most representative image of a given web page**: The trimming steps described by the algorithm identified in column 7 (ll. 17-62) is performed.

**Home page or homepage**:  The top-level entry point of a web-site.

**Thumbnail visual image of another web page of at least one web site which is represented by said at least one hyperlink**:  The thumbnail visual image is of a web page represented by a hyperlink, but is of a different web page than referenced by the hyperlink.

**Multiplicity**:  A large number.

**Downloader**:  A computer that retrieves web pages and embedded objects from the internet.

**Providing**:  Supplying.

**INFRINGEMENT**

**DIRECT INFRINGEMENT GENERALLY**

<u>**Plaintiff's Proposed Instruction**</u>

A patent owner may enforce its right to exclude others from making, using, offering to sell or selling a patented invention by filing a lawsuit for patent infringement. Here, Girafa contends that the defendants infringe one or more claims of the '904 patent. Girafa has the burden of proving, by a preponderance of the evidence, that the defendants have literally infringed at least one of the asserted claims.

A company may infringe a patent without knowledge that what it is doing is an infringement of the patent. A company may also infringe a patent even though, in good faith, it believes that what it is doing is not an infringement of the patent. Knowledge or intent to infringe is not relevant to direct infringement.

<u>Source:</u>  Instruction in *SRI Int'l., Inc. v. Internet Sec. Sys., et al.*, Civ. No. 04-1199-SLR, p. 23 (D. Del. Sept. 2008).

<u>**Defendants' Proposed Instruction**</u>

Deciding whether a patent claim has been directly infringed is a two-step process.  First, the meaning of the patent claim is determined as a matter of law.  That job is for the Court, and I have already explained to you what the key terms of the asserted claims mean as a matter of law. In the second step, you must compare each claim as I have interpreted it to the accused products and methods to determine whether the accused products satisfy each and every limitation of the asserted claims and whether any Defendant practices the claimed methods.  You must evaluate each Defendant (IACSAM, Snap, and Yahoo!) separately.

To prove direct infringement by any Defendant, Girafa must prove that the Defendant performed each and every step of a claimed method or made or used a product that satisfied each and every limitation of an asserted claim. If the Defendant omitted a single step or limitation recited in a claim, then you must find that the Defendant did not directly infringe that claim.

There is one exception. If a Defendant does not satisfy each and every limitation of a claim or practice each and every step of a claim, that Defendant nevertheless can infringe if it controls or directs other parties to perform all the remaining limitations or steps of the claim. "Controls or directs" has a special meaning here: it means that the other parties are required by contract to perform all of the remaining limitations or steps or are otherwise controlled or directed by a Defendant such that every limitation or step practiced by the other parties can be attributed to the Defendant. Mere cooperation is not enough. An arms-length agreement between a Defendant and another party is also not enough to show the Defendant controls or directs that other party. Making information available to the other party, prompting the other party, instructing the other party, providing access to Defendants' technology, or facilitating or arranging for the other party's involvement in the alleged infringement is not enough to find control or direction.

Sources: *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380-81 (Fed. Cir. 2007); *Emtel, Inc. v. Lipidlabs, Inc.*, 583 F.Supp.2d 811, 839 (S.D. Tex. 2008) (collecting and analyzing district court cases applying *BMC Resources* and *Muniauction*); *SRI International, Inc. v. Internet Security Systems, et al.*, 04-1199-SLR, Final Jury Instructions (Indirect Infringement – Inducement) (Sept. 2008); National Patent Jury Instructions, Instruction 3.13 (Joint Direct Infringement) (June 17, 2009).

**DIRECT INFRINGEMENT – LITERAL INFRINGEMENT - AGREED**

For an accused product or method to literally infringe an asserted claim, the accused product or method must include each and every limitation in the patent claim. Literal infringement must be determined with respect to each asserted claim individually by comparing each accused product or method to each of the asserted claims. If the accused product or method omits any single limitation recited in a given claim, that product or method does not literally infringe that claim. You must determine literal infringement with respect to each asserted claim and each accused product or method individually. You must determine literal infringement with respect to each Defendant (IACSAM, Snap, and Yahoo!) separately. This means that you must evaluate the accused products of each Defendant independently from the accused products of any other Defendant.

In determining whether any accused product or method of a particular Defendant literally infringes any asserted claim, you should take the following steps:

First, you should determine the scope of the asserted claim by reading the claim language, limitation by limitation, as those limitations have been construed by the Court or, if they have not been specifically construed, according to their ordinary meaning; and

Second, you should compare each accused product or method of the Defendant, element by element, to each of the limitations of the asserted claim. If you find each and every limitation of the asserted claim in at least one accused product or method of a particular Defendant, you must return a verdict of literal infringement as to that claim and product for that Defendant. If you do not find each and every limitation of the asserted claim in at least one accused product or method of a particular Defendant, you may not return a verdict of literal infringement as to that claim for that Defendant. You must repeat the above analysis with every asserted claim, and with respect to each product or method of each Defendant.

Remember the question is whether the accused product or method infringes any of the asserted claims, and not whether the accused product or method is similar or even identical to an Girafa product or method. Accordingly, you must be certain to compare the accused product or method with the claims it is alleged to infringe and not with any product or method of Girafa.

Sources: Adapted from Instructions given in *SRI Int'l, Inc. v. Internet Security Systems, et al.*, 04-1199-SLR.

**DIRECT INFRINGEMENT – DOCTRINE OF EQUIVALENTS[1]**

**Plaintiff's Proposed Instruction**

If you do not find literal infringement of a claim, you may consider infringement under the "doctrine of equivalents." I have referred to the "doctrine of equivalents" before. Now it is time to explain this term.

As I have noted, to infringe a patent every claim element must be present in the accused product. A claim element may be present in an accused product or method in one of two ways, either literally or under the doctrine of equivalents. A claim element is literally present if it exists in the accused product or method just as it is described in the claim, either as I have explained that language to you or, if I did not explain it, as you understand it from the evidence presented during trial.

A claim element is present in an accused product or method under the doctrine of equivalents if the differences between the claim element and a corresponding aspect of the accused product or method are insubstantial. One way to determine whether a difference is insubstantial is to look at whether or not the accused product structure or method step performs substantially the same function, in substantially the same way, to achieve substantially the same result as the element in the claimed invention.

Another way is to consider whether or not people of ordinary skill in the art believe that the structure of the accused product or step of the accused method and the element recited in the patent claim are interchangeable.

---

[1] By proposing this jury instruction, Defendants do not waive their argument that Girafa's doctrine of equivalents theory was untimely, insufficiently supported, and should not be submitted to the jury.

The doctrine of equivalents does not require a one-to-one correspondence between components of the accused device and the claimed invention. An accused device may infringe under the doctrine of equivalents even though a combination of its components performs a function performed by a single element in the patented invention. The accused device must nevertheless contain every limitation or its equivalent.

Sources: 2003 D. Del. Proposed Model Jury Instruction 3.4. *Dolly, Inc. v. Spalding & Evenflo Companies, Inc.*, 16 F.3d 394.

**Defendants' Proposed Instruction**

If you do not find literal infringement of a claim, you may consider infringement under the "doctrine of equivalents." I have referred to the "doctrine of equivalents" before. Now it is time to explain this term.

As I have noted, to infringe a patent every claim element must be present in the accused product. A claim element may be present in an accused product or method in one of two ways, either literally or under the doctrine of equivalents. A claim element is literally present if it exists in the accused product or method just as it is described in the claim, either as I have explained that language to you or, if I did not explain it, as you understand it from the evidence presented during trial.

A claim element is present in an accused product or method under the doctrine of equivalents if the differences between the claim element and a corresponding aspect of the accused product or method are insubstantial. One way to determine whether a difference is insubstantial is to look at whether or not the accused product structure or method step performs

substantially the same function, in substantially the same way, to achieve substantially the same result as the element in the claimed invention.

Another way is to consider whether or not people of ordinary skill in the art believe that the structure of the accused product or step of the accused method and the element recited in the patent claim are interchangeable.

<u>Source:</u>  2003 D. Del. Proposed Model Jury Instruction 3.4.

**SITUATIONS WHERE RESORT TO DOCTRINE OF EQUIVALENTS IS NOT PERMITTED**

**Plaintiff's Position**

Plaintiff does not believe that this instruction is appropriate at this time.

**Defendants' Proposed Instruction**

There are situations where resort to the doctrine of equivalents to find infringement is not permitted.

First, patent law directly imposes certain limitations on the doctrine of equivalents. It is my duty and responsibility to decide whether or not any of these limitations applies in this case and to instruct you on my decision. In this action, as a matter of law, the doctrine of equivalents analysis cannot be applied to the following elements of the asserted claims:

"thumbnail visual image" (Claims 1, 12, 13, 18, 29, 30, 33, 35, 46);

"via the Internet by employing an image server that stores and provides said thumbnail visual image" (Claim 1);

"represent" (Claim 30);

"multiplicity" (Claim 35); and

"home page" (Claim 1).

If an element in this list is not literally present within a Defendant's product or method, there can be no infringement of the claim requiring that element.

Secondly, resort to the doctrine of equivalents to find infringement is not permitted if you find that a Defendant is merely making, using or selling what was in the prior art prior to the patented invention, or what would have been obvious to persons of ordinary skill in the art in light of what was in the prior art. A patent owner cannot obtain, under the doctrine of equivalents, protection that it could not have lawfully obtained from the Patent Office.

Third, when a patent discloses subject matter but does not claim it, the patentee has dedicated that unclaimed subject matter to the public. If you find that the patent discloses, but does not claim, subject matter alleged to be equivalent to an element of the patent claim, then you cannot find that the subject matter alleged to be equivalent in a Defendant's product or method is equivalent to an element of the patent claim. This is true even if the failure to claim the subject matter was wholly unintentional.

The doctrine of equivalents must be applied on a limitation-by-limitation basis. It must not be applied to the claim as a whole or any group or combination of separate claim limitations.

You may not find infringement under the doctrine of equivalents if even one limitation of a claim or its equivalent is not present in the accused device. Thus, if you determine that a finding of infringement under the doctrine of equivalents would entirely eliminate a particular claimed element, then you should not find infringement under the doctrine of equivalents.

Sources: American Intellectual Property Law Association Model Patent Jury Instructions § 3.14 (2008); *ISCO Int'l v. Conductus*, C.A. No. 01-487-GMS; *Pfizer, Inc. v. Teva Pharms., USA, Inc.*, 429 F.3d 1364, 1378-79 (Fed. Cir. 2005); *Toro Co. v. White Consol. Indus., Inc.*, 383 F.3d 1326 (Fed. Cir. 2004); *Johnson & Johnston Assocs. Inc. v. R.E. Serv. Co.*, 285 F.3d 1046, 1054-55 (Fed. Cir. 2002) (*en banc*).

**INDIRECT INFRINGEMENT – GENERALLY[2]**

**Plaintiff's Position**

Plaintiff does not believe that this instruction is necessary given the subsequent instructions for inducement and contributory infringement.

**Defendants' Proposed Instruction**

In addition to stopping infringement by those who are directly infringing, a patent owner also has the right to stop those who are known as "indirect infringers." A holder of a patent that describes a process or method in its claims often must rely on claims of indirect infringement to protect his or her rights. That is, without liability for indirect infringement, a company could manufacture a machine to perform a process described in a patent claim and then sell the machine without fear of recourse by the patent holder. There are two types of indirect infringement. First, there is infringement by those who encourage or induce others to infringe a patent; this is known as "inducing infringement." Second, there is infringement by those who contribute to infringement by, for example, supplying direct infringers with components used in the patented invention. I will explain to you in a moment the precise requirements for finding someone has induced or contributed to infringement by another person.

In this case, Girafa accuses Defendants of inducing and contributing to the infringement of the asserted claims of the '904 patent. It is your job to determine whether Girafa has proven inducement of or contributory infringement by a preponderance of the evidence.

Keep in mind that there can be no indirect infringement unless someone is directly infringing the patent. Thus, to prove that a Defendant is inducing another person to infringe or contributing to the infringement of another, Girafa must prove by a preponderance of the

---

[2] Defendants contend that Girafa has failed to present sufficient evidence of indirect infringement to create a triable issue of fact, and do not waive that contention by including the following instructions on indirect infringement.

evidence that another person is directly infringing an asserted claim of the patent. There are two ways that Girafa can prove this. First, Girafa can prove that a Defendant's products necessarily directly infringes the asserted claim. A product necessarily directly infringes a patent if its only possible use is to infringe the patent. Hypothetical instances of direct infringement are insufficient. Second, if Girafa cannot prove that a product necessarily directly infringes the asserted claim, then Girafa must prove specific instances of direct infringement that it asserts a Defendant induced or contributed to.

In order to establish that a person or a company directly infringes an asserted claim of the '904 Patent, Girafa must prove that that the person or company itself makes, uses, or performs each and every limitation or step of the asserted claim. There is one exception. If a person or company does not practice each and every limitation or step of a claim, that person or company nevertheless can directly infringe if it controls or directs other parties to perform all the remaining steps of the claim for it. But "controls or directs" has a special meaning here: it means that the other parties are required by contract to perform all of the remaining limitations or steps or are otherwise controlled or directed by a Defendant such that every limitation or step practiced by the other parties can be attributed to the Defendant. Mere cooperation is not enough. An arms-length agreement between a Defendant and another party is also not enough to show the Defendant controls or directs that other party. Making information available to the other party, prompting the other party, instructing the other party, providing access to Defendants' technology, or facilitating or arranging for the other party's involvement in the alleged infringement is not enough to find control or direction.[3]

---

[3] Defendants object to Girafa introducing a theory of joint infringement in this case, and by proposing this instruction do not waive that objection.

Sources: *Acco Brands, Inc. v. ABA Locks Mfr. Co., Ltd.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007); *Dynocare Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1275-76 (Fed. Cir. 2004); *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380-81 (Fed. Cir. 2007); *Emtel, Inc. v. Lipidlabs, Inc.*, 583 F.Supp.2d 811, 839 (S.D. Tex. 2008) (collecting and analyzing district court cases applying *BMC Resources* and *Muniauction*); *SRI International, Inc. v. Internet Security Systems, et al.*, 04-1199-SLR, Final Jury Instructions (Indirect Infringement – Inducement) (Sept. 2008); National Patent Jury Instructions, Instruction 3.13 (Joint Direct Infringement) (June 17, 2009).

## INDIRECT INFRINGEMENT – INDUCEMENT

### Plaintiff's Proposed Instruction

Girafa asserts that Defendants have induced others to infringe the patent. To show induced infringement, Girafa must prove by a preponderance of evidence that someone has directly infringed the patent and that the defendants have actively and knowingly aided and abetted that direct infringement. Girafa must show that the defendants actually intended to cause the acts that constitute direct infringement by enabling the infringement of others, that the defendants knew of the patent, and that the defendants knew or should have known that its actions would lead to actual infringement. Intent to cause the acts that constitute direct infringement may be demonstrated by direct or circumstantial evidence of steps taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use.

When considering whether the defendants knew or should have known that the induced actions would constitute infringement, in the totality of the circumstances, you may consider all of the circumstances, including whether or not the defendants obtained the advice of a competent lawyer. The absence of a lawyer's opinion, by itself, is insufficient to support a finding of inducement. However, you may consider whether the defendants sought a legal opinion as one factor in assessing whether, under the totality of circumstances, the defendants have induced others to infringe the patent.

Sources: AIPLA Rule 3.3; 35 U.S.C. § 271(b); *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 698 (Fed. Cir. 2008), *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304-05 (Fed. Cir. 2006) (*en banc*) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005)); *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1365 (Fed. Cir. 2004); *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys.*, LLC, 350 F.3d 1327, 1342 (Fed. Cir. 2003); *Fantasy Sports Props., Inc. v. Sportsline.com, Inc.*, 287 F.3d 1108, 1119 (Fed. Cir. 2002); *Bel Commc'ns Research, Inc. v. Vitalink Commc'ns Corp.*, 55 F.3d

615, 623 (Fed. Cir. 1995); *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990); *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 909 F.2d 1464, 1468-69 (Fed. Cir. 1990); *Phillips Elecs. North Am. Corp. v. Contec Corp.*, 411 F. Supp. 2d 470, 476-477 (D. Del. 2006).

## Defendants' Proposed Instruction

The act of intentionally encouraging or inducing others to directly infringe a patent is called "inducing infringement."

In this case, Girafa accuses each Defendant of inducing their customers to directly infringe the asserted claims of the '904 Patent.

Girafa must prove that Defendants intentionally caused, urged or encouraged their customers to directly infringe the patent-in-suit.  Inducing infringement cannot occur unintentionally.  This is different from direct infringement which, as I've just told you, can occur unintentionally.  Thus, in order to prove inducement by a Defendant, Girafa must prove that the defendant knew of the '904 Patent and intentionally encouraged or instructed its customers to use certain of the accused products, or combine certain of the accused products, in a manner that directly infringes that Patent.

The specific intent necessary to induce infringement requires more than just intent to cause the acts that produce direct infringement.  The inducer must have an affirmative intent to cause its customers to directly infringe the patent.  Proof of intent to cause infringing acts is a necessary but not sufficient condition for induced infringement.  Inducement additionally requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.

There can be no inducing infringement unless someone is directly infringing the patent. To prove direct infringement by a customer of any of the defendants, Girafa must prove that the customer performed each and every step of a claimed method or made or used a product that

satisfied each and every limitation of an asserted claim. If the customer omitted a single step or limitation recited in a claim, then you must find that the customer did not directly infringe that claim and so there was no inducement of infringement. Girafa must also prove specific instances of direct infringement or that the accused products necessarily infringe the '904 Patent. A product necessarily infringes a patent if its only possible use is to infringe the patent. Hypothetical instances of direct infringement are insufficient. You must consider each of the patent claims separately.

Therefore, in order to prove that a defendant induced infringement of the 904 Patent, Girafa must prove four things by the preponderance of the evidence standard:

First, that the Defendant intentionally encouraged or instructed a customer on how to use or combine its accused products in a manner that you, the jury, find infringes at least one asserted claim of the 904 Patent.

Second, that the Defendant knew of the 904 Patent at that time.

Third, that the Defendant intended that its encouragement or instructions would cause direct infringement, not merely that the Defendant had knowledge of the direct infringer's activities or intended to cause the acts that produced the direct infringement.

Fourth, that the customer directly infringed at least one asserted claim of the 904 Patent by using or combining an accused product in a manner that you, the jury, find directly infringes at least one asserted claim of the 904 Patent.


Sources: *Kinetic Concepts, Inc. v. Blue Sky Medical Group, Inc.*, 554 F.3d 1010, 1024 (Fed. Cir. 2009); *Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340, 1353-54 (Fed. Cir. 2008); *Acco Brands, Inc. v. ABA Locks Mfr. Co., Ltd.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007); *DSU Medical Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc); *Dynocare Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1275-76 (Fed. Cir. 2004).

**INDIRECT INFRINGEMENT – CONTRIBUTORY INFRINGEMENT**

**Plaintiff's Proposed Instruction**

Girafa asserts that the defendants have contributed to another's infringement. To show contributory infringement, Girafa must prove by a preponderance of the evidence that there was contributory infringement.

It is not necessary to show that the defendants have directly infringed as long as you find that there is direct or circumstantial evidence that someone has directly infringed. If there is no direct infringement by anyone, the defendants cannot have contributed to the infringement of the patent. If you find someone has directly infringed the patent, then contributory infringement exists if:

(1)    The defendants sold, offered for sale, or imported;

(2)    a material component of the patented invention that is not a staple article of commerce capable of substantial non-infringing use;

(3)    with knowledge that the component was especially made or adapted for use in an infringing method.

A "staple article of commerce capable of substantial non-infringing use" is something that has uses other than as a part or component of the patented product or other than in the patented method, and those other uses are not occasional, farfetched, impractical, experimental, or hypothetical. A product does not have a substantial non-infringing use if it enables the practice of the claimed method.

<u>Sources:</u> AIPLA Rule 3.4; 35 U.S.C. § 271(c); *PharmaStem Therapeutics, Inc. v. ViaCell, Inc. et al.*, 491 F3d 1342, 1356-58 (Fed. Cir. 2007); *Fantasy Sports Props., Inc. v. Sportsline.com, Inc.*, 287 F.3d 1108, 1119 (Fed. Cir. 2002); *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 244 F.3d 1365, 1379 (Fed. Cir. 2001); *Bell Commc'ns Research, Inc. v. Vitalink Commc'ns Corp.*, 55 F.3d 615, 623 (Fed. Cir. 1995); *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 909 F.2d 1464, 1469

(Fed. Cir. 1990); *Preemption Devices, Inc. v. Minn. Mining & Mfg. Co.*, 803 F.2d 1170, 1174 (Fed. Cir. 1986); *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1271 (Fed. Cir. 1986), cert. denied, 479 U.S. 1030 (1987); *Phillips Elecs. N. Am. Corp. v. Contec Corp.*, 411 F. Supp. 2d 470, 476-477 (D. Del. 2006); *Oak Indus., Inc. v. Zenith Elecs. Corp.*, 726 F. Supp. 1525, 1538-39 (N.D. Ill. 1989); *Oak Indus., Inc. v. Zenith Elecs. Corp.*, 697 F. Supp. 988, 995 (N.D. Ill. 1988).

## Defendants' Proposed Instruction

Girafa also asserts that the Defendants contributed to another's infringement.  To show contributory infringement, Girafa has the burden to prove that the Defendants contributed to another's infringement of the '904 patent.  Thus, Girafa must prove by a preponderance of the evidence each of the following four things:

1.	The Defendants sold or supplied a material component of the invention;

2.	that is not a staple article of commerce capable of substantial non-infringing use;

3.	with knowledge that the component was especially made or adapted for use in an infringing product.  This requires that the Defendants knew of the '904 patent and knew that the patent would be infringed by the use of their component; and

4.	the acts of the Defendants resulted in a direct infringement of a claim of the '904 Patent.

A "staple article of commerce capable of substantial non-infringing use" is something that has uses other than as a part of component of the patented product, and those other uses are not occasional, farfetched, impractical, experimental, or hypothetical.

**WILLFUL INFRINGEMENT**

**Plaintiff's Proposed Instruction**

If you find by a preponderance of the evidence that Snap or Yahoo infringed Girafa's patent, either literally or under the doctrine of equivalents, then you must further determine if this infringement was willful. Willfulness must be proven by clear and convincing evidence showing that:

1.     The Defendant was aware of Girafa's patent,

2.     The Defendant acted despite an objectively high likelihood that its actions infringed a valid patent, and

3.     This objectively high likelihood of infringement was either known or so obvious that it should have been known to the Defendant.

In making the determination as to willfulness, you must consider the totality of the circumstances. The totality of the circumstances comprises a number of factors, which include, but are not limited to whether the Defendant intentionally copied the claimed invention or a product covered by Girafa's patent, whether the Defendant relied on competent legal advice, and whether the Defendant presented a substantial defense to infringement, including the defense that the patent is invalid or unenforceable.

Sources:  AIPLA Model Patent Jury Instruction 13 (2008); *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (*en banc*); *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1347 (Fed. Cir. 2004) (*en banc*).

**Defendants' Position**

Yahoo and Snap do not believe an instruction on willful infringement is warranted, given their understanding that willfulness has been bifurcated.

**INVALIDITY**

**AFFIRMATIVE DEFENSE OF INVALIDITY GENERALLY - AGREED**

For a patent to be valid, the invention claimed in the patent must be new, useful and nonobvious.  The terms "new," "useful" and "nonobvious" have special meanings under the patent laws.  I will explain these terms to you as we discuss defendants' grounds for asserting invalidity.

Defendants have challenged the validity of the claims of the patents-in-suit on a number of grounds.  Although the patents-in-suit were granted by the Patent and Trademark Office, it is your job to determine whether or not the legal requirements for patentability were met; that is, it is your job to determine whether or not the patents are invalid.

I will now explain to you defendants' grounds for invalidity in detail.  In making your determination as to invalidity, you should consider each claim separately.

**PRIOR ART**

<u>**Plaintiff's Proposed Instruction**</u>

Under the patent laws, a person is entitled to a patent only if the invention claimed in the patent is new and not obvious in light of what came before. That which came before is referred to as the "prior art." Girafa must prove, by the clear and convincing standard, that these items are prior art. In order to do so, the defendants must prove that the items fall within one or more of the different categories of prior art recognized by the patent laws. These categories include:

First, anything that was publicly known or used in the United States by someone other than the inventor before the inventors made the invention.

Second, any patent that issued more than one year before the effective filing date of the patent, or before the invention was made. The effective filing date of the patent is either November 8, 2000, or if Plaintiff is able to prove that a particular claim is supported in the provisional application, the earlier date of December 6, 1999.

Third, anything that was described in a printed publication anywhere in the world before the inventors made the invention, or more than one year before the effective filing date of the patent.

Fourth, anything that was invented by another person in this country before the inventors made the invention, if the other person did not abandon, suppress or conceal his or her prior invention.

Since the date of invention is in dispute, you must determine the date of invention.

<u>Sources:</u> Instruction in *SRI Int'l., Inc. v. Internet Sec. Sys., et al.*, Civ. No. 04-1199-SLR, p. 30 (D. Del. Sept. 2008); AIPLA Model Patent Jury Instructions § 5 (2008) and authorities cited therein; 35 U.S.C. §102.

## Defendants' Proposed Instruction

Under the patent laws, a person is entitled to a patent only if the invention claimed in the patent is new and not obvious in light of what came before. That which came before is referred to as the "prior art." Defendants must prove that these earlier items qualify as prior art. In order to do so, defendants must prove that each item falls within one or more of the categories of prior art recognized by the patent laws. These categories include:

First, anything that was publicly known or used in the United States by someone other than the inventor before the inventor made the invention. The invention date in this case is November 8, 2000, the filing date of the '904 Patent.

Second, anything that was in public use or on sale in the United States more than one year before the application for the Patent was filed. In this case, that means anything that was in public use or on sale in the United States before November 8, 1999, because the Patent was filed on November 8, 2000.

Third, anything that was described in a patent or printed publication anywhere in the world before the inventor made the invention, or more than one year before the application for the Patent was filed.

Fourth, anything that was invented by another person in this country before the inventor made the invention, if the other person did not abandon, suppress or conceal his or her prior invention.

**INVALIDITY - DATE OF INVENTION**

**Plaintiff's Proposed Instruction**

Many of the different categories of prior art refer to the date at which the inventor made the invention. This is called the "date of invention."

I will now explain to you how to determine this date.

There are two parts to the making of an invention. The inventor has the idea of the invention. This is referred to as "conception" of the invention. A conception of an invention is complete when the inventor has formed the idea of how to make and use every aspect of the claimed invention, and all that is required is that it be made without the need for any further inventive effort. The actual making of the invention is referred to as "reduction to practice". An invention is said to be "reduced to practice" when it is made and shown to work for its intended purpose.

Under the patent laws, the date of invention is generally the date that the patent application was filed. This is also referred to as a "constructive reduction to practice." In this case, that date is November 8, 2000. However, because the application claimed priority to a provisional patent application filed on December 6, 1999, the "constructive reduction to practice date" for claims that are supported in the provisional application is December 6, 1999. Ordinarily, art dated before the application filing date is prior art to the patent claims.

There are, however, two circumstances under which art dated before the application filing date is not prior art. The first occurs when the inventor on the patent reduced the invention to practice before the date of the art. Art dated after the reduction to practice is not prior art to the patent claims.

The second circumstance under which art dated before the application filing date is not prior art occurs when the inventor conceived of the invention before the date of the prior art and

exercised reasonable diligence from just before the date of the art up to the date of the inventor's reduction to practice. In that case, art dated after the conception date is not prior art to the patent claims.

Remember, reduction to practice occurs either as of the filing of the patent application or when the invention was actually made and was shown to work for its intended purpose.

Reasonable diligence means that the inventor worked continuously on reducing the invention to practice. Interruptions necessitated by the everyday problems and obligations of the inventor or others working with him or her do not prevent a finding of diligence.

I will now describe the specific requirements for the prior art categories relied on by the defendants in this case.

Source:  Model Patent Jury Instructions § 10.6.1 (Fed. Cir. Bar Ass'n.)

**Defendants' Position**

Defendants do not believe that this instruction is appropriate since Girafa has no evidence that it can rely on to establish an invention date or effective filing date earlier than the filing of its application for the 904 Patent.

**ANTICIPATION**

**Plaintiff's Proposed Instruction**

A person cannot obtain a patent if someone else already has made an identical invention. Simply put, the invention must be new. An invention that is not new or novel is said to be "anticipated." Under the U.S. patent laws, an invention that is "anticipated" is not entitled to patent protection. To prove anticipation, the Defendants must show that the claimed invention is not new. Defendants must prove anticipation by the clear and convincing standard.

In this case, the Defendants contend that certain claims of the '904 Patent are anticipated.

For a claim to be anticipated by the prior art, each and every element in the claim must be present in a single item of prior art. You may not combine two or more items of prior art to prove anticipation. In determining whether every one of the elements of the claimed invention is found in the prior art – whether a prior publication, a prior invention, a prior public use or sale, or some other piece of prior art – you should take into account what a person of ordinary skill in the art would have understood from his or her examination of the particular item of prior art.

In deciding whether or not a single item of prior art anticipates a patent claim, you should consider that which is expressly stated or present in the item of prior art, and also that which is inherently present. Something is inherently present in an item of prior art if it is always present in the prior art or always results from the practice of the prior art, and if a skilled person in the field would understand that to be the case.

Also, in order to anticipate a claimed invention, a prior art reference must enable one of ordinary skill in the art to make the invention without undue experimentation. In other words, the prior art must enable the claimed invention.

You must keep these requirements in mind and apply them to each kind of anticipation you consider in this case. There are additional requirements that apply to the particular categories of anticipation that the Defendants contend apply in this case. I will now instruct you about those.

Sources: Adapted from Instructions given in *SRI Int'l, Inc. v. Internet Security Systems, et al.*, 04-1199-SLR and *Energy Transportation Group, Inc. v. Sonic Innovations, Inc.,* No. 05-422 (GMS); *Impax Laboratories, Inc. v. Aventis Pharmaceuticals Inc*., 468 F.3d 1366 (Fed. Cir. 2006).

**Defendants' Proposed Instruction**

A person cannot obtain a patent if someone else already has made an identical invention. Simply put, the invention must be new. An invention that is not new or novel is said to be "anticipated." Under the U.S. patent laws, an invention that is "anticipated" is not entitled to patent protection. To prove anticipation, the Defendants must show that the claimed invention is not new. For prior art that was previously considered by the Patent Office, Defendants must prove anticipation by the clear and convincing standard. For prior art that was not previously considered by the Patent Office, Defendants must prove anticipation by a preponderance of the evidence.

In this case, the Defendants contend that claims 1, 12, 13, 16, 18, 29, 30, 33, 35, and 46 of the '904 Patent are anticipated.

For a claim to be anticipated by the prior art, each and every element in the claim must be present in a single item of prior art. You may not combine two or more items of prior art to prove anticipation. In determining whether every one of the elements of the claimed invention is found in the prior art – whether a prior publication, a prior invention, a prior public use or sale,

or some other piece of prior art – you should take into account what a person of ordinary skill in the art would have understood from his or her examination of the particular item of prior art.

In deciding whether or not a single item of prior art anticipates a patent claim, you should consider that which is expressly stated or present in the item of prior art, and also that which is inherently present. Something is inherently present in an item of prior art if it is always present in the prior art or always results from the practice of the prior art, and if a skilled person in the field would understand that to be the case.

You must keep these requirements in mind and apply them to each kind of anticipation you consider in this case. There are additional requirements that apply to the particular categories of anticipation that the Defendants contend apply in this case. I will now instruct you about those.

Sources:  Adapted from Instructions given in *SRI Int'l, Inc. v. Internet Security Systems, et al.*, 04-1199-SLR and *Energy Transportation Group, Inc. v. Sonic Innovations, Inc.,* No. 05-422 (GMS); *Impax Laboratories, Inc. v. Aventis Pharmaceuticals Inc*., 468 F.3d 1366 (Fed. Cir. 2006).

**PRIOR ART – PRIOR PRINTED PUBLICATIONS (Plaintiff's proposed title) - PRIOR ART – PATENTS AND PRINTED PUBLICATIONS (Defendants' proposed title)**

**Plaintiff's Proposed Instruction**

The defendants bears the burden of proving a document is a "printed publication" by clear and convincing evidence. A document may be deemed a "printed publication" if it has been disseminated or otherwise made available to the extent that persons interested and of ordinary skill in the subject matter or art, exercising reasonable diligence, can locate it and recognize and comprehend from it the essentials of the claimed invention without need of further research or experimentation. Publications may include not only such things as books, periodicals or newspapers, but also publications such as trade catalogues, journal articles, scholarly papers, or website postings that are publicly available. Public accessibility is the defining characteristic of a "printed publication." In determining whether a document is a "printed publication," factors such as the intent to make public, activity in disseminating information, production of a certain number of copies, and production by a method allowing reproduction of a large number of copies may be considered. Confidential documents are not "printed publications." Confidentiality need not be express so long as the printed materials are distributed with an understanding and expectation of confidentiality. If defendants cannot prove, by clear and convincing evidence, that a document is a "printed publication," they cannot prove that the document invalidates any asserted claim.

Regarding Defendants' proposed instruction, Plaintiff does not believe that it needs to address patents because they are "prior art" as long as they are early enough in time.

Source: Instruction in *SRI Int'l., Inc. v. Internet Sec. Sys., et al.*, Civ. No 04-1199-SLR, p. 32 (D. Del. Sept. 2008).

**Defendants' Proposed Instruction**

Defendants contend that the asserted claims of the '904 patent are anticipated because the inventions defined in those claims were described in prior "patents" or "printed publications." A patent or printed publication must be reasonably accessible to those members of the public who would be interested in its contents. It is not necessary that the patent or printed publication be available to every member of the public.

A patent claim is anticipated and invalid if the entire invention defined by that claim was described in a patent or printed publication either: (i) before Girafa made its invention; or (ii) more than one year before the effective filing date of Girafa's patent application. In this case, Girafa's patent application was filed on November 8, 2000. It is presumed that an applicant's invention date is the date that his or her patent application was filed. Accordingly, if Girafa intends to rely upon an earlier invention date, it has the burden of proving the earlier invention date by a preponderance of the evidence. Regardless of Girafa's invention date, any patent or printed publication in this or a foreign country prior to November 8, 1999 constitutes prior art.

A printed publication or patent will not be anticipatory unless it contains a description of the invention covered by the patent claims that is sufficiently detailed to teach a skilled person how to make and use the invention without undue experimentation. However, the description used in an item of prior art does not have to be in the same words or use the same terminology as the patent. What is required is that a person skilled in the field of the invention reading the printed publication or patent would be able to make and use the invention using only an amount of experimentation that is appropriate for the complexity of the field of the invention and for the level of expertise and knowledge of persons skilled in that field.

**PRIOR ART - PRIOR KNOWLEDGE OR PUBLIC USE**

**Plaintiff's Proposed Instruction**

The prior public use of a claimed invention may be prior art to the patent claims under two different circumstances. The first is where the invention was known to or used by someone other than the inventors before the date of invention by the inventors on the patent. The second is where the invention was publicly used more than one year before the effective filing date of the application for the patent.

In both circumstances, the public use must have been in the United States. Prior public use or knowledge of the claimed invention outside the United States is not prior art to a patent claim.

Use or knowledge by someone other than the inventors may be prior art if it was before the date of invention by the inventor on the patent, or more than one year before the effective filing date of the application for the patent. In either case, a prior use by someone other than the inventors or the patent owner will not be prior art unless it was public. Private or secret knowledge or use by another is not prior art.

If the prior use was more than one year before the effective filing date of the application for the patent, then the date of invention for the patent claims is irrelevant. A public use more than one year before the effective filing date of the application is prior art regardless of the date of invention.

A prior use more than one year before the effective filing date of the application by the inventors or the patent owner is prior art if it was for commercial purposes, even if it was done in secret.

## Defendants' Proposed Instruction

The prior public use of a claimed invention may be prior art to the patent claims under two different circumstances. The first is where the invention was known to or used by someone other than the inventors before the date of invention by the inventors on the patent. In this case, that date would be November 8, 2000. The second is where the invention was publicly used more than one year before the application for the patent was filed. In this case, that date would be November 8, 1999.

In both circumstances, the public use must have been in the United States. Prior public use or knowledge of the claimed invention outside the United States is not prior art to a patent claim.

Use or knowledge by someone other than the inventors may be prior art if it was before the date of invention by the inventor on the patent, or more than one year before the filing of the application for the patent. In either case, a prior use by someone other than the inventors or the patent owner will not be prior art unless it was public. Private or secret knowledge or use by another is not prior art.

If the prior use was more than one year before the filing date of the application for the patent, then the date of invention for the patent claims is irrelevant. A public use more than one year before the patent application was filed is prior art regardless of the date of invention.

A prior use more than one year before the application filing date by the inventors or the patent owner is prior art if it was for commercial purposes, even if it was done in secret.

**PRIOR ART - ON SALE OR OFFERED FOR SALE**

**Plaintiff's Proposed Instruction**

The sale or offer for sale in the United States of a product may be prior art to a patent claim covering the product or a method of making the product if the product was sold or offered for sale more than one year before the effective filing date of the application for the patent. The date of invention for the patent claims is irrelevant to this category of prior art. If the sale or offer for sale of a product is more than one year before the effective filing date of the patent application, then the product or method of making it is prior art, regardless of the date of invention.

If the sale or offer for sale was of a product, then it is prior art regardless of who made the offer.

In order for there to be an offer for sale, two requirements must be met. First, the product must have been the subject of a commercial offer for sale. Second, the product must be "ready for patenting."

Even a single offer for sale to a single customer may be a commercial offer, and the customer need not accept the offer.

An invention is ready for patenting if the product offered for sale has been developed to the point where there was reason to expect that it would work for its intended purpose. The product may be ready for patenting even if it is not ready for commercial production, or has not been technically perfected.

<u>**Defendants' Proposed Instruction**</u>

The sale or offer for sale in the United States of a product may be prior art to a patent claim covering the product or a method of making the product if the product was sold or offered for sale more than one year before the application for the patent was filed.  In this case, that date is November 8, 1999.  The date of invention for the patent claims is irrelevant to this category of prior art.  If the sale or offer for sale of a product is more than one year before the patent application was filed, then the product or method of making it is prior art, regardless of the date of invention.

If the sale or offer for sale was of a product, then it is prior art regardless of who made the offer.

In order for there to be an offer for sale, two requirements must be met.  First, the product must have been the subject of a commercial offer for sale.  Second, the product must be "ready for patenting."

Even a single offer for sale to a single customer may be a commercial offer, and  the customer need not accept the offer.

An invention is ready for patenting if the product offered for sale has been developed to the point where there was reason to expect that it would work for its intended purpose.  The product may be ready for patenting even if it is not ready for commercial production, or has not been technically perfected.

**PRIOR ART - CONTENT OF REFERENCE NOT CHANGED BY TESTIMONY OF AUTHOR**

<u>**Plaintiff's Proposed Instruction**</u>

The defendants have presented certain prior art references, and in some cases the authors of those references have testified here. When evaluating what a particular reference discloses, an author's testimony concerning his or her own prior art reference may not be used to limit, enlarge, or supplement what the document itself discloses. The question to be addressed is what the reference reasonably conveys to a person of ordinary skill in the art.

<u>Source:</u>  Instruction in *SRI Int'l., Inc. v. Internet Sec. Sys., et al*., Civ. No 04-1199-SLR, p. 34 (D. Del. Sept. 2008).

<u>**Defendants' Position**</u>

Defendants do not believe that this instruction is warranted.

# OBVIOUSNESS (IF OBVIOUSNESS IS TO BE DETERMINED BY THE COURT)[4]

In this case, Defendants contend that the asserted claims of the '904 Patent are invalid as obvious. A patent claim is invalid if the claimed invention would have been obvious to a person of ordinary skill in the field of the invention at the time the application was filed. The Court, however, has the responsibility of determining whether a patent claim was obvious based on your determination of several factual questions:

First, you must decide the scope and content of the prior art. In determining the scope and content of the prior art, you must decide whether a reference is pertinent, or analogous, to the claimed invention. Pertinent, or analogous, prior art is defined by the nature of the problem solved by the invention. It includes prior art in the same field of endeavor as the claimed invention, regardless of the problem addressed by the reference, and prior art from different fields reasonably pertinent to the particular problem with which the claimed invention is concerned. Remember that prior art is not limited to patents and published materials, but includes the general knowledge that would have been available to one of ordinary skill in the field of the invention.

Second, you must decide what difference, if any, existed between the claimed invention and the prior art.

Finally, you must determine which, if any, of the following factors have been established by the evidence:

---

[4] **Plaintiffs do not believe the Court should determine the issue of obviousness; therefore, this instruction is not appropriate.** Defendants believe that the issue of obviousness should be determined by the Court, with the jury being required only to make underlying factual determinations. In the event that the Court decides to submit the issue of obviousness to the jury, Defendants have proposed additional instructions, but do not waive their objection that obviousness should be determined by the Court. This proposed instruction is from the National Patent Jury Instructions, Instruction 5.10 (Obviousness – Alternative) (June 17, 2009).

A. Factors tending to show nonobviousness:

1. commercial success due to the merits of the claimed invention;

2. a long-felt, but unsolved, need for the solution provided by the claimed invention;

3. unsuccessful attempts by others to find the solution provided by the claimed invention;

4. copying of the claimed invention by others;

5. unexpected and superior results from the claimed invention;

6. acceptance by others of the claimed invention as shown by praise from others in the field of the invention or from the licensing of the claimed invention;

7. disclosures in the prior art that criticize, discredit, or otherwise discourage the claimed invention and would therefore tend to show that the invention was not obvious; and

8. other evidence tending to show nonobviousness.

B. Factors tending to show obviousness

1. independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it; and

2. other evidence tending to show obviousness.

Sources:  35 U.S.C. § 103; *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 425-28 (2007); *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *In re Fulton*, 391 F.3d 1195, 1201 (Fed. Cir. 2004); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654 (Fed. Cir. 2000); *Arkie Lures, Inc. v. Gene Larew Tackle*, Inc., 119 F.3d 953, 957 (Fed. Cir. 1997); *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 78 F.3d 540, 545 (Fed. Cir. 1996); *Ryco Mfg. Co. v. Nu-Star, Inc.*, 950 F.2d 714, 716 (Fed. Cir. 1991); *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1000 (Fed. Cir. 1986); Pentec. *Inc. v. Graphic Controls Corp.*, 776 F.2d 309, 313 (Fed. Cir. 1985); *In re Wood*, 599 F.2d 1032, 1036 (CCPA 1979).

**OBVIOUSNESS [If Decided By The Jury]**

**Plaintiff's Proposed Instruction**

The defendants contends that the asserted claims are invalid because the claimed inventions are "obvious."

A claimed invention is invalid as "obvious" if it would have been obvious to a person of ordinary skill in the art of the claimed invention at the time the invention was made. Unlike anticipation, which allows consideration of only one item of prior art, obviousness may be shown by considering more than one item of prior art.

The following factors must be evaluated to determine whether Girafa has established that the claimed inventions are obvious:

(1)     the scope and content of the prior art relied upon by Girafa;

(2)     the difference or differences, if any, between each asserted claim of the patent that Girafa contends is obvious and the prior art;

(3)     the level of ordinary skill in the art at the time the invention of the  patent was made; and

(4)     additional considerations, if any, that indicate that the invention was obvious or not obvious.

Each of these factors must be evaluated, although they may be analyzed in any order, and you must perform a separate analysis for each of the claims. Girafa must prove obviousness by clear and convincing evidence. I will now explain each of the four factors in more detail.

Sources:  AIPLA Instruction 7.0; *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1740-41 (2007); *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966); *Leapfrog Enters., Inc. v. Fisher-Price, Inc.*, 485 F.3d 1157, 1161-62 (Fed. Cir. 2007); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 662-63 (Fed. Cir. 2000); *Arkies Lures, Inc. v. Gene Larew Tackle, Inc.*, 119 F.3d 953, 955 (Fed. Cir.

1997); *Ryko Mfg. Co. v. Nu-Star, Inc.*, 950 F.2d 714, 716 (Fed. Cir. 1991); *Nutrition 21 v. U.S.*, 930 F.2d 867, 871 n.2 (Fed. Cir. 1991); *Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 764 (Fed. Cir. 1988); *Structural Rubber Prods. Co. v. Park Rubber Co.*, 749 F.2d 707, 718-19 (Fed. Cir. 1984); *Orthopedic Equip. Co. v. Al Orthopedic Appliances, Inc.*, 707 F.2d 1376, 1382-83 (Fed. Cir. 1983); *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1538-40 (Fed. Cir. 1983).

## Defendants' Proposed Instruction

Even if an invention claimed in '904 Patent is not anticipated by the prior art, the claimed invention may nevertheless be invalid if it would have been obvious to a person of ordinary skill in the art at the time the invention was made. In determining whether the asserted claims would have been obvious to a person of ordinary skill in the art and, therefore, are invalid, you should not apply any rigid test or formula. Rather, you may consider the common sense of a person of ordinary skill in the art to determine whether the claimed invention is truly innovative, or merely a combination of known elements to achieve predictable results.

In order to prove that the invention claimed in the asserted claims is invalid for obviousness, the Defendants must prove by clear and convincing evidence for each claim that the differences between the subject matter of the claimed invention and the prior art are such that the subject matter of the claim taken as a whole would have been obvious at the time the invention was made to a person of ordinary skill in the relevant art.

The issue is not whether the claimed invention would be obvious to you as a layperson, to me as a judge, or to a genius in the art, but whether it would have been obvious to one of ordinary skill in the art at the time it was made. Unlike anticipation, which allows consideration of only one item of prior art, obviousness may be shown by considering multiple items of prior art in combination with each other.

If the invention claimed in the claims of Girafa's patent is no more than a predictable variation of the work in the prior art, the invention is obvious. Likewise, if a technique has been used to improve one item, and a person of ordinary skill in the art would recognize that it would improve other items in the same way, using the technique is obvious unless its actual application is beyond his or her skill.

One of the ways in which a patent's subject matter can be proved obvious is by noting that there existed at the time of invention a known problem for which there was an obvious solution encompassed by the patent's claims. Any need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a reason for combining the elements in the manner claimed. Common sense teaches that familiar items may have obvious uses beyond their primary purposes, and in many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle.

When there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions, a person of ordinary skill has good reason to pursue the known options within his or her technical grasp. If this leads to the anticipated success, it is likely the product not of innovation but of ordinary skill and common sense.

In determining obviousness or nonobviousness of the asserted claims, you should take the following steps:

First, you should determine the scope and content of the prior art;

Second, you should identify the differences, if any, between each asserted claim of the '904 Patent and the prior art;

Third, you should consider the level of ordinary skill in the pertinent art at the time the invention of each asserted claim was made; and

Fourth, you should consider objective evidence of both obviousness and nonobviousness, if any.

Each of these factors must be evaluated, although they may be analyzed in any order, and you must perform a separate analysis for each of the claims.  Defendants bear the burden of proving obviousness by clear and convincing evidence, if all the relevant prior art was before the Patent and Trademark Office during the prosecution of the '904 Patent.  Defendants bear the burden of  proving obviousness by a preponderance of the evidence, if not all of the relevant prior art was before the Patent and Trademark Office during the prosecution of the '904 Patent.

Against this background, you will make your decision as to whether the subject matter of the asserted claims would have been either obvious or nonobvious to a person of ordinary skill in the pertinent art.

Sources: *KSR Int'l Co. v. Teleflex, Inc.*, 127 S.Ct. 1727, 1739-42 (2007); *Leapfrog Enterprises v. Fisher-Price, Inc.*, 485 F.3d 1157 (Fed.Cir. 2007); Instruction 4.5 of *Telcordia Technologies, Inc. v. Cisco Systems, Inc.*, No. 04-876 (GMS).  Adapted from Instruction 9 given in *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 04-1371-JJF (D. Del. Sept. 21, 2007).

**SCOPE AND CONTENT OF THE PRIOR ART**

**Plaintiff's Proposed Instruction**

You must determine what is the prior art that may be considered in determining whether the patent claims are obvious. A prior art reference may be considered if it discloses information designed to solve the same problems faced by the inventors or if the reference discloses information that has obvious uses beyond its main purpose that a person of ordinary skill in the art would reasonably examine to solve the same problems faced by the inventors.

Sources: AIPLA Instruction 7.1; *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1742 (2007); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 664-65 (Fed. Cir. 2000); *Wang Labs., Inc. v. Toshiba Corp.*, 993 F.2d 858, 864 (Fed. Cir. 1993); *In re Clay*, 966 F.2d 656, 658-59 (Fed. Cir. 1992); *In re Wood*, 599 F.2d 1032, 1036-37 (C.C.P.A. 1979).

**Defendants' Proposed Instruction**

As I just instructed you, in arriving at your decision on the issue of whether or not the claimed invention is obvious to one of ordinary skill in the art, you must first determine the scope and content of the prior art. This means that you must determine what prior art is reasonably pertinent to the particular problem the inventor faced. A person or ordinary skill in the art is presumed aware of all prior art. The prior art you must consider in this case includes:

1. prior publications having a publication date before November 8, 2000;

2. prior patents that issued before November 8, 2000;

3. U.S. patents that have a filing date prior to November 8, 2000;

4. anything in public use or on sale in the United States before November 8, 1999;

5. anything that was publicly known or used by others in this country before the date of invention of the patent-in-suit as well as products on sale or in public use before November 8, 1999.

Sources: Adapted from Instruction 9.1 given in *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 04-1371-JJF (D. Del. Sept. 21, 2007)

**DIFFERENCES OVER THE PRIOR ART**

**Plaintiff's Proposed Instruction**

You should analyze whether there are any relevant differences between the prior art and the claimed invention from the view of a person of ordinary skill in the art at the time of the invention. Your analysis must determine the impact, if any, of such differences on the obviousness or of the invention as a whole, and not merely some portion of it.

In analyzing the relevance of the differences between the claimed invention and the prior art, you do not need to look for precise teaching in the prior art directed to the subject matter of the claimed invention. You may take into account the inferences and creative steps that a person of ordinary skill in the art would have employed in reviewing the prior art at the time of the invention. For example, if the claimed invention combined elements known in the prior art and the combination yielded results that were predictable to a person of ordinary skill in the art at the time of the invention, then this evidence would make it more likely that the claim was obvious. On the other hand, if the combination of known elements yielded unexpected or unpredictable results, or if the prior art teaches away from combining the known elements, then this evidence would make it more likely that the claim that successfully combined those elements was not obvious.

Importantly, a claim is not proved obvious merely by demonstrating that each of the elements was independently known in the prior art. Most, if not all, inventions rely on building blocks long since uncovered, and claimed discoveries almost of necessity will likely be combinations of what is already known. Therefore, you should consider whether a reason existed at the time of the invention that would have prompted a person of ordinary skill in the art in the relevant field to combine the known elements in the way the claimed invention does. The reason

could come from the prior art, the background knowledge of one of ordinary skill in the art, the nature of the problem to be solved, market demand, or common sense.

If you find that a reason existed at the time of the invention to combine the elements of the prior art to arrive at the claimed invention, this evidence would make it more likely that the claimed invention was obvious.

Again, you must undertake this analysis separately for each claim that defendants contend is obvious.

Sources:  AIPLA Instruction 7.2; *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 1742-43 (2007); *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966); *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1536-37 (Fed. Cir. 1983); *Medtronic, Inc., v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1567-68 (Fed. Cir. 1983).

**<u>Defendants' Proposed Instruction</u>**

You should analyze whether there are any significant differences between the prior art and the claimed invention from the view of a person of ordinary skill in the art at the time of the invention.  Your analysis must determine the impact, if any, of such differences on the obviousness or non-obviousness of the invention as a whole, and not merely some portion of it.

In analyzing the significance of the differences between the claimed invention and the prior art, you do not need to look for precise teaching in the prior art directly to the subject matter of the claimed invention.  You may take into account the inferences and creative steps that a person of ordinary skill in the art would have employed in reviewing the prior art at the time of the invention.  For example, if the claimed invention combined elements known in the prior art and the combination yielded results that were predictable to a person of ordinary skill in the art at the time of the invention, then this evidence would make it more likely that the claim

was obvious.  On the other hand, if the combination of known elements yielded unexpected or

unpredictable results, or if the prior art teaches away from combining the known elements, then

this evidence would make it more likely that the claim that successfully combined those elements

was not obvious.

A claim is not proved obvious merely by demonstrating that each of the elements was

independently known in the prior art.  You should consider whether reasons existed at the time

of the invention that would have prompted a person of ordinary skill in the art in the relevant

field to combine the known elements in the way the claimed invention does.  The reason could

come from the prior art, the background knowledge of one of ordinary skill in the art, the nature

of the problem to be solved, market forces, or common sense.

If you find that a reason existed at the time of the invention to combine the elements of

the prior art to arrive at the claimed invention, this evidence would make it more likely that the

claimed invention was obvious.

Sources:  Adapted from Instructions given in *SRI Int'l, Inc. v. Internet Security Systems, et al.*, 04-1199-SLR and *Energy Transportation Group, Inc. v. Sonic Innovations, Inc.*, No. 05-422 (GMS); *KSR Int'l Co. v. Teleflex, Inc.*, 127 S.Ct. 1727, 1739-42 (2007).

**LEVEL OF ORDINARY SKILL IN THE ART**

**Plaintiff's Proposed Instruction**

The determination of whether a claimed invention is obvious is based on the perspective of a hypothetical person of ordinary skill in the pertinent art field.

The parties agree that one of ordinary skill in the art would have had a bachelor's degree in computer science, or a related degree or equivalent experience, and at least two years of experience in Internet technologies or user interface design.

Sources:  Adapted from Instructions given in *SRI Int'l, Inc. v. Internet Security Systems, et al.*, 04-1199-SLR and *Energy Transportation Group, Inc. v. Sonic Innovations, Inc.*, No. 05-422 (GMS).

**Defendants' Proposed Instruction**

The determination of whether a claimed invention is obvious is based on the perspective of a person of ordinary skill in the pertinent art field.  The person of ordinary skill in the art is a hypothetical person presumed to know all prior art pertinent to the invention in question.  The person of ordinary skill in the art is also a person of ordinary creativity that can use common sense to solve problems.

The parties agree that one of ordinary skill in the art would have had a bachelor's degree in computer science, or a related degree or equivalent experience, and at least two years of experience in Internet technologies or user interface design.

Sources:  Adapted from Instructions given in *SRI Int'l, Inc. v. Internet Security Systems, et al.*, 04-1199-SLR and *Energy Transportation Group, Inc. v. Sonic Innovations, Inc.*, No. 05-422 (GMS).

**OBVIOUSNESS -HINDSIGHT AND THE SUGGESTION TO COMBINE OR MODIFY**

**Plaintiff's Proposed Instruction**

The question of non-obviousness is simple to ask, but difficult to answer. A person of ordinary skill in the art is presumed to have knowledge of the relevant prior art at the time of the patentee's invention. If you find the available prior art shows each of the elements of the claims in suit, you must determine whether it would then have been obvious to a person of ordinary skill in the art to combine or coordinate these elements in the same manner as the claims in suit. The difficulty that attaches to all honest attempts to answer this question can be attributed to the strong temptation to rely on hindsight while undertaking this evaluation. It is wrong to use the patent in suit as a guide through the maze of prior art references, combining the right references in the right way so as to achieve the result of the claims in suit.

Source: 1993 Del. Jury Instructions 4.8.5

**Defendants' Proposed Instruction**

In determining whether the asserted claims would have been obvious to a person of ordinary skill in the art and, therefore, are invalid, you should not apply any rigid test or formula. Rather, you may consider the common sense of a person of ordinary skill in the art to determine whether the claimed invention is truly innovative, or merely a combination of known elements to achieve predictable results.

In your analysis, you must be aware of the distortion caused by hindsight bias, that is, of relying upon a hindsight combination of the prior art. Rather, you must cast your mind back to the time of the invention and consider whether the invention as a whole would have been obvious to a person of ordinary skill in the art, taking into consideration any interrelated

teaches of the prior art, the effects of demands known to the design community or present in the marketplace, and the background knowledge possessed by a person having ordinary skill in the art, all in order to determine whether there was an apparent reason to combine any known elements in the fashion claimed by the patents at issue.

A single prior art reference can satisfy the obviousness inquiry if there is a sufficient implicit or express suggestion or motivation to modify the teachings of that reference. However, a patent claim composed of several limitations is not proved obvious merely by demonstrating that each of its limitations was independently known in the prior art. In evaluating whether such a claim would have been obvious, you may consider whether defendants have identified a reason that would have prompted a person of ordinary skill in the field to combine the elements or concepts from the prior art in the same way as in the claimed invention.

There is no single way to define the line between true inventiveness on one hand (which is patentable) and the application of common sense and ordinary skill to solve a problem on the other hand (which is not patentable). For example, market forces or other design incentives may be what produced a change, rather than true inventiveness. You may consider whether the change was merely the predictable result of using prior art elements according to their known functions, or whether it was the result of true inventiveness. You may also consider whether there is some teaching or suggestion in the prior art to make the modification or combination of elements claimed in the patent. Also, you should consider whether the innovation applies a known technique that had been used to improve a similar device or method in a similar way. You may also consider whether the claimed invention would have been obvious to try, meaning that the claimed innovation was one of a relatively small number of possible approaches to the problem with a reasonable expectation of success by those skilled in the art. You should also

consider that combining two systems or methods disclosed near each other in a prior art

reference does not require a leap of inventiveness.

Sources:  *KSR, Int'l Co. v. Teleflex, Inc.,* 550 U.S. 398, 419-21 (rejecting rigid tests for obviousness in favor of common sense inquiry into "whether the improvement is more than the predictable use of prior art elements according to their established functions"); *id.* at 421 ("When there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions, a person of ordinary skill has good reason to pursue the known options . . . [i]n that instance the fact that a combination was obvious to try might show that it was obvious under § 103"); *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1356 (Fed. Cir. 2000) ("a single prior art reference can render a claim obvious. However, there must be a showing of a suggestion or motivation to modify the teachings of that reference to the claimed invention in order to support the obviousness conclusion.") (internal citations omitted); *Boston Sci. Scimed., Inc. v. Cordis Corp.*, 554 F.3d 982, 991 (Fed. Cir. 2009) ("Combining two embodiments disclosed adjacent to each other in a prior art reference does not require a leap on inventiveness").

**OBVIOUSNESS – TWO ELEMENTS ADJACENT TO EACH OTHER IN THE SAME REFERENCE**

**Plaintiff's Position:**

Plaintiff does not believe that it is appropriate to include this jury instruction.

**Defendants' Proposed Instruction**

In determining whether the asserted claims would have been obvious to a person of ordinary skill in the art, you should consider that combining two systems or methods disclosed adjacent to each other in a prior art reference does not require a leap of inventiveness.

Sources:  *Boston Sci. Scimed., Inc. v. Cordis Corp.*, 554 F.3d 982, 991 (Fed. Cir. 2009) ("Combining two embodiments disclosed adjacent to each other in a prior art reference does not require a leap on inventiveness").

**OBJECTIVE CRITERIA CONCERNING OBVIOUSNESS (SECONDARY CONSIDERATIONS)**

**Plaintiff's Proposed Instruction**

In making your decision as to the obviousness or unobviousness of the claimed invention, you must consider the following objective evidence which may tend to show unobviousness of the claims at issue:

(1)     Commercial success or lack of commercial success of products covered by the patents in suit;

(2)     A long felt need in the art which was satisfied by the invention of the patent in suit;

(3)     The failure of others to make the invention;

(4)     Copying of the invention by others in the field;

(5)     Unexpected results achieved by the invention;

(6)     Praise of the invention by the infringer or others in the field;

(7)     The taking of licenses under the patent by others.

However, there must be a connection between the evidence showing any of these factors and the claimed invention if this evidence is to be given weight by you in arriving at your conclusion on the obviousness issue. For example, if commercial success is due to advertising, promotion, salesmanship or the like, or is due to features of the product other than those claimed in the patent in suit, then any commercial success may have no relation to the issue of obviousness.

It is inappropriate to disregard any proper evidence relating to the issue of obviousness. Although some parts of the evidence may weigh more heavily than others, your decision of

obviousness or non-obviousness should be held in abeyance, until all of the evidence has been introduced.

Sources: 1993 Del. Jury Instructions 4.8.4; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *Stratoflex, Inc v. Aeroquip Corp.*, 713 F.2d 1530 (Fed. Cir. 1983); *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888 (Fed Cir.), cert. denied, 469 U.S. 857 (1984).

## Defendants' Proposed Instruction

In making your decision as to the obviousness or nonobviousness of the asserted claims of each patent-in-suit, you must consider the following objective evidence which may tend to show nonobviousness of the claims at issue:

1. Commercial success or lack of commercial success of products covered by the asserted claims;

2. A long felt need in the art that was satisfied by the invention of the asserted claims;

3. The failure of others to make the invention;

4. Unexpected results achieved by the invention;

5. Praise of the invention by defendants or others in the field;

6. The taking of licenses under the patent by others; and

7. Other evidence tending to show nonobviousness or obviousness.

However, there must be a nexus or connection between the evidence showing any of these factors and the inventions of the asserted claims if this evidence is to be given weight by you in arriving at your conclusion on the obviousness issue. For example, if commercial success is due to advertising, promotion, salesmanship or the like, or is due to features of the product other than those described in the asserted claims, such commercial success bears no relation to the issue of obviousness and should not be considered.

In your determination of obviousness, then, you must consider whether Girafa has demonstrated, by a preponderance of the evidence, not only that such secondary considerations exist, but also that there is a sufficient nexus or connection between the considerations and the claimed invention. In other words, whether the claimed inventions of the patents-in-suit contributed to these secondary considerations rather than the considerations being due to other factors.

The existence of secondary considerations does not control the obviousness determination. Where there is a strong case of obviousness, it cannot be overcome by secondary considerations.

Sources: Adapted from Instruction No. 9.4 given in *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 04-1371-JJF (D. Del. Sept. 21, 2007); *see also Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966) (discussing these secondary considerations); *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1327 (Fed. Cir. 2008) ("[a] nexus between the merits of the claimed invention and evidence of secondary considerations is required in order for the evidence to be given substantial weight in an obviousness decision."); *Leapfrog Enter., Inc. v. Fisher-Price, Inc.*, 485 F.3d 1157, 1162 (Fed. Cir. 2007) ("given the strength of the *prima facie* obviousness showing, the evidence on secondary considerations was inadequate to overcome a final conclusion that claim 25 would have been obvious").

**COMMERCIAL SUCCESS OF PATENTEE'S PRODUCTS RELEVANT TO NON-OBVIOUSNESS ONLY IF THOSE PRODUCTS PRACTICE THE PATENT**

**Plaintiff's Proposed Instruction**

Plaintiff does not believe that this instruction is necessary because it is addressed by the objective criteria instruction above.

**Defendants' Proposed Instruction**

If Girafa introduces evidence of the commercial success of its own products, such evidence is relevant to show the non-obviousness of the '904 Patent only if Girafa can show that its product(s) practice at least one claim of the '904 Patent. If Girafa cannot demonstrate that its product(s) practice the '904 Patent, then there is no nexus between the '904 Patent and any commercial success of those products.

Sources: *Tec Air, Inc. v. Denso Mfg. Mich. Inc.*, 192 F.3d 1353, 1361 (Fed. Cir. 1999) ("A prima facie case of nexus is generally made out when the patentee shows both that there is commercial success, and that the thing (product or method) that is commercially successful is the invention disclosed and claimed in the patent."); *Rambus Inc. v. Hynix Semiconductor Inc.*, 254 F.R.D. 597, 602 (N.D. Cal. 2008) ("the patentee must show that the marketed product embodies (that is, infringes or is covered by) the patent claim. If the product does not read on the claim, there can be no relevance of the product's commercial success to whether the claim is obvious or not.")

**COMMERCIAL SUCCESS MUST BE MEASURED IN TERMS OF MARKET SHARE**

<u>**Plaintiff's Position:**</u>

Plaintiff does not believe that it is appropriate to include this jury instruction.

<u>**Defendants' Proposed Instruction**</u>

Commercial success is only relevant to show non-obviousness if this success is measured in terms of market share or some similar comparative metric. Merely providing evidence on the gross number of units sold or revenues earned is insufficient to show commercial success for purpose of the obviousness inquiry.

<u>Sources</u>: *In re Baxter Travenol Lab.,* 952 F.2d 388, 392 (Fed. Cir. 1991) ("information solely on numbers of units sold is insufficient to establish commercial success"); *Am. Standard Inc. v. Pfizer Inc.*, 722 F.Supp. 86, 137 (D. Del. 1989) ("without evidence of market share or some other economic bases for assessing the significance of these statistics in comparison with the rest of the [] industry, it would be improper to infer commercial success on the basis of gross sales figures or royalties.")

**INDEPENDENT INVENTION BY OTHERS**

**Plaintiff's Position:**

Plaintiff does not believe that it is appropriate to include this jury instruction. This instruction is already part of the secondary consideration instruction.

**Defendants' Proposed Instruction**

In reaching your determination on the issue of obviousness, you should consider whether the subject matter of the invention was also invented independently by other persons, either before the inventors of the patents-in-suit or at about the same time. Just as the failure of others to make the invention can be evidence of nonobviousness, independent making of the invention by persons other than the inventors prior to or about the same time can be evidence that the invention would have been obvious.

Sources: *Cordis Corp. v. Boston Scientific Corp.*, No. 03-027, 2006 WL 1305227, at *23 n. 10 (D. Del. May 11, 2006) (Robinson, J.) (instructing the jury as follows: "Another objective factor you must consider in determining whether Claim 36 of the Jang '021 patent is obvious or nonobvious is that of simultaneous invention. The independent development or making of an invention by others before, or at about the same time as, the invention disclosed in the patent in suit, may tend to show the obviousness or nonobviousness of the invention of the patent in suit"); *SmithKline Beecham Corp. v. Apotex Corp.*, No. 99-4304, 2005 WL 941671, at *17 (E.D. Pa. March 31, 2005) ("we find that the near-simultaneous claim of an analogous process to the '233 Patent . . . is another secondary consideration in favor of a finding of obviousness."); *Geo M. Martin Co. v. Alliance Mach. Sys. Int'l., LLC,* No. 07-692, 2008 WL 4919400, at *8 (N.D. Cal. Nov. 17, 2008) ("[t]he Tecasa machine [] remains still relevant in assessing secondary considerations, for it plainly shows 'simultaneous invention' as an indicia of obviousness.")

## FAILURE TO LICENSE[5]

### Plaintiff's Position:

Plaintiff does not believe that it is appropriate to include this jury instruction.

### Defendants' Proposed Instruction

Evidence that Girafa had failed attempts to license the '904 Patent, or evidence that Girafa was only able to license the Patent to a small number of licensees, significantly weakens any inference that Girafa's existing licenses show the non-obviousness of the Patent.

Sources: *Badalamenti v. Dunham's, Inc.*, 680 F.Supp. 256, 265 (E.D. Mich. 1988) ("Nor does the evidence of commercial acquiescence indicate nonobviousness. In the six years plaintiff has promoted his invention he has obtained only three licenses despite contacting 'many' manufacturers. The few licenses plaintiff has obtained do not indicate nonobviousness."); *CMI Corp. v. Lakeland Const. Co., Inc.*, No. 72-106, 1975 WL 21120, at *5 (N.D. Ill. Jan. 23, 1975) ("Indeed, the fact that only one licensee exists can be taken as evidence against commercial success.")

---

[5] By submitting this instruction, Defendants do not waive their objection that neither party in this case should be able to make any reference to the licenses that Girafa struck with the Amazon and Exalead former defendants, unless and until Girafa provides copies of the Amazon and Exalead license agreements to Defendants.

**DELIBERATION AND VERDICT**

**INTRODUCTION**

**UNANIMOUS VERDICT**

**DUTY TO DELIBERATE**

**COURT HAS NO OPINION**

[the foregoing instructions have been omitted pursuant to the Court's Guidelines for Civil Trials]