IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GIRAFA.COM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-787-SLR |
| | ) | |
| AMAZON WEB SERVICES LLC, AMAZON.COM, INC., ALEXA INTERNET, INC., IAC SEARCH & MEDIA, INC., SNAP TECHNOLOGIES, INC., YAHOO! INC. and SMARTDEVIL INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OBJECTIONS OF PLAINTIFF GIRAFA.COM, INC.
TO THE COURT'S CLAIM CONSTRUCTIONS**

Plaintiff Girafa.com, Inc. ("Girafa") respectfully submit the following specific objections to the Court's claim constructions.[1]

Girafa objects to the Court's definition of the term "image server." For reasons set forth in Girafa's Opening Markman Brief (dated June 1, 2009) and Girafa's Response to Defendants' Claim Construction Brief (dated July 10, 2009), *inter alia*, Girafa submits that this term should be defined as "a computer that runs software to store and provide images."

Girafa objects to the Court's definition of the term "visualization functionality." For reasons set forth in Girafa's Opening Markman Brief (dated June 1, 2009) and Girafa's Response to Defendants' Claim Construction Brief (dated July 10, 2009), *inter alia*, Girafa submits that

---

[1] Nothing in these written objections should be construed as a waiver of any other objections.

{00340603;v1}

this term should be defined as "hardware and/or software that enables or causes a web browser to download a thumbnail visual image."

Girafa objects to the Court's definition of the term "at least partially concurrently." For reasons set forth in Girafa's Opening Markman Brief (dated June 1, 2009) and Girafa's Response to Defendants' Claim Construction Brief (dated July 10, 2009), *inter alia*, Girafa submits that this term should be defined as "to some extent, overlapping in time."

Girafa objects to the Court's definition of the term "operative." For reasons set forth in Girafa's Opening Markman Brief (dated June 1, 2009) and Girafa's Response to Defendants' Claim Construction Brief (dated July 10, 2009), *inter alia*, Girafa submits that this term should be defined as "having the capability to."

Girafa objects to the Court's definition of the term "hyperlink." For reasons set forth in Girafa's Opening Markman Brief (dated June 1, 2009) and Girafa's Response to Defendants' Claim Construction Brief (dated July 10, 2009), *inter alia*, Girafa submits that this term should be defined as "element of a webpage that links to a different web page."

Girafa objects to the Court's definition of the term "annotated web page." For reasons set forth in Girafa's Opening Markman Brief (dated June 1, 2009) and Girafa's Response to Defendants' Claim Construction Brief (dated July 10, 2009), *inter alia*, Girafa submits that this term should be defined as "a web page with information added to it."

Girafa objects to the Court's definition of the term "trimming a path component based on the consideration of finding the most representative image of a given web page." For reasons set forth in Girafa's Opening Markman Brief (dated June 1, 2009) and Girafa's Response to Defendants' Claim Construction Brief (dated July 10, 2009), *inter alia*, Girafa submits that this

term should be defined as "removing part of the 'given web page[s]' URL based on an algorithm designed to find the most related thumbnail in the image server."

Girafa objects to the Court's definition of the term "home page" or "homepage." For reasons set forth in Girafa's Opening Markman Brief (dated June 1, 2009) and Girafa's Response to Defendants' Claim Construction Brief (dated July 10, 2009), *inter alia*, Girafa submits that this term should be defined as "a main or front page of a website."

Girafa objects to the Court's definition of the term "thumbnail visual image of another web page of at least one web site which is represented by said at least one hyperlink." For reasons set forth in Girafa's Opening Markman Brief (dated June 1, 2009) and Girafa's Response to Defendants' Claim Construction Brief (dated July 10, 2009), *inter alia*, Girafa submits that this term should be defined as "the thumbnail visual image is of a web page represented by a hyperlink, but is of a different web page than the 'web page containing at least one hyperlink.'"

Girafa objects to the Court's definition of the term "multiplicity." For reasons set forth in Girafa's Opening Markman Brief (dated June 1, 2009) and Girafa's Response to Defendants' Claim Construction Brief (dated July 10, 2009), *inter alia*, Girafa submits that this term should be defined as "more than one."

Girafa objects to the Court's definition of the terms "providing to a user a visual image of a web page" and "providing [to a user] a thumbnail visual image." For reasons set forth in Girafa's Opening Markman Brief (dated June 1, 2009) and Girafa's Response to Defendants' Claim Construction Brief (dated July 10, 2009), *inter alia*, Girafa submits that this term should be defined respectively as "display, supply or make available to a user a visual image of a web page" and "display, supply or make available to a user a thumbnail visual image."

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

William H. Mandir
John F. Rabena
Carl J. Pellegrini
Chandran B. Iyer
Trevor C. Hill
Ryan M. Corbett
SUGHRUE MION, PLLC
2100 Pennsylvania Ave., N.W.
Washington D.C.  20037
(202) 293-7060

Dated:  October 13, 2009