IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GIRAFA.COM, INC., | ) |
| | ) |
| Plaintiff, | ) C.A. No. 07-787-SLR |
| | ) |
| v. | ) **REDACTED** |
| | ) **PUBLIC VERSION** |
| SMARTDEVIL INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF GIRAFA.COM, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
APPLICATION FOR FINAL DEFAULT JUDGMENT
AGAINST DEFENDANT SMARTDEVIL, INC.**

## I. INTRODUCTION

Plaintiff Girafa.com, Inc. ("Girafa") makes this application to this Court for Final Default Judgment against defendant Smartdevil Inc. ("Smartdevil"). Girafa requests that such judgment include *inter alia* (1) injunctive relief against future infringement of Girafa's intellectual property rights; (2) damages for patent infringement; (3) attorney's fees; and (4) costs of suit.

As set forth below, Smartdevil is in default and the prerequisites for a default judgment have been met.

## II. FACTUAL BACKGROUND

On April 14, 2008, Girafa moved for entry of default judgment under Fed. R. Civ. P. 55 against Smartdevil. (D.I. 63 and 64).[1] On April 15, 2008, in a letter to the Court, Smartdevil requested that the Court set aside the default judgment, arguing that it could not afford to defend itself and that it believed the subject patent was invalid. (D.I. 68). On April 21, 2008, the Court

---

[1] The Court is referred to D.I. 63 and 64, for a detailed factual background regarding Smartdevil's failure to plead or otherwise defend this action.

granted Girafa's motion for a default appearance against Smartdevil, but reserved the entry of a default judgment until the resolution of the case against the other defendants. (D.I. 67).

This Court has now denied the summary judgment invalidity attacks mounted by the remaining Defendants, and accordingly the remaining Defendants have all settled and have been or are in the process of being dismissed out of the case. (e.g., D.I. 289, 421, 439, 448, and 449).

## III. GIRAFA IS ENTITLED TO JUDGMENT AGAINST SMARTDEVIL

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter a default judgment against a party when default has been entered by the Clerk of the Court. Fed. R. Civ. P. 55(b)(2). *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1994).

When evaluating the propriety of a default judgment, courts in the Third Circuit examine the following three factors: (1) whether the plaintiff will be prejudiced if default is not granted; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's delay was the result of culpable misconduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984); *Emcasco Ins. Co. v. Sambrick*, 384 F.2d 71, 73 (3d Cir. 1987).[2]

### A. Girafa Will Be Prejudiced

Girafa will be severely prejudiced and irreparably harmed if Smartdevil's infringing actions are not enjoined. While Smartdevil complained that it could not afford to participate in the litigation, it still continued to directly compete against Girafa by participating in the infringing activity in the United States,[3] and has not shown any indication that it will stop.

---

[2] Federal Rule of Civil Procedure 55(c) provides for setting aside a default judgment under Rule 60. None of the grounds delineated under Rule 60 however, are applicable here.

[3] While Smartdevil is a Canadian company, it runs its operation, including its infringing websites www.thumbshots.com, www.thumbshots.org, and www.smartdevil.com, out of Dallas, Texas. Ran Decl. ¶¶ 12, 13, 14; Ran Decl. Exs. B, C, and D. These servers also provide thumbnails to users

Smartdevil cannot ignore the U.S. judicial system and at the same time continue the accused activity.

Smartdevil's failure to appear and otherwise defend itself in this case, has deprived Girafa of any other means to vindicate its claim. Having its claim barred completely is the gravest prejudice to Girafa. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984). "[T]his form of prejudice, when caused by defendant's own conduct, should weigh substantially in favor of upholding a default judgment." *Id.*

### B. Smartdevil Has Not Raised A Meritorious Defense

To establish a meritorious defense, the defendant must allege sufficient facts which, "if established at trial, would constitute a complete defense to the action." *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d at 195. The defendant may not establish a meritorious defense with "simple denials or conclusory statements." *Id.*

Smartdevil has failed to file any responsive pleadings or otherwise show cause why default should not be granted. Its conclusory letter to the Court of April 15, 2008 (D.I. 68), stating without basis that the Girafa patent[4] was invalid, is insufficient to establish a meritorious defense. Smartdevil's other excuse was that it could not afford to pay for the attorneys it had approached. However, the cost of participating in a lawsuit is a cost of doing business, and cannot be an excuse to ignore the lawsuit, while at the same time continuing the infringement that is harming Girafa. Smartdevil has failed to establish a meritorious defense.

---

within the United States. See, e.g., Ran Decl. Ex. F, p. 2 (citing praise from customers in Florida, Houston, and California).

[4] The asserted patent in this case is U.S. Patent No. 6,864,904, hereinafter referred to as "the Girafa patent" or "the '904 patent".

{00374020;v1}

### C. Smartdevil's Default and Continued Infringement Shows "Culpable Conduct"

An examination of Smartdevil's conduct also warrants a finding of default. While the Court may infer a defendant's culpable conduct simply from that defendant's default and decision not to defend,[5] Smartdevil has gone beyond simply ignoring the United States judicial system. Indeed, during the period that Smartdevil has ignored this lawsuit (2008-2009), Smartdevil has 1) actually increased the accused activity,[6] 2) continued to embed Girafa's name into its websites in hopes of diverting potential customers that are actually searching for Girafa,[7] and 3) attacked Girafa's patents in forums where there is no potential for redress against Smartdevil.[8] Smartdevil's actions are clearly culpable.

### IV. GIRAFA IS ENTITLED TO THE RELIEF REQUESTED

Upon entry of default, the factual allegations of Girafa's Complaint will be taken as true. *Comdyne I Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). The defendant is deemed to have admitted, upon default, all well-pled allegations in the Complaint. *Id.* As such, Smartdevil's failure to respond to the allegations of the Complaint in this action establishes its liability under each of the assertions in the Complaint. *Id.*[9]

---

[5] *See Broadcast Music v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F.Supp.2d 537, 542 (E.D. Pa. 2008).

[6] E.g., Ran Ex. A, p. 2 ("More thumbshot users than ever before."), ("To accommodate the growing demand, we've doubled our server capacities to handle more load for everyone.")

[7] Ran Ex. E ("Whether you're searching for a car, flower, photo, or girafa, thumbshots will help you find it quickly and accurately.")(emphasis added); see also, Ran Ex. F.

[8] For example, in 2008 and 2009, Smartdevil filed five different Protests against Girafa's Canadian patent in the Canadian Patent Office. Ran Decl. ¶ 18.

[9] Dr. Brad Myers has also conducted a detailed analysis of Smartdevil's products and concluded that they infringe the '904 patent. Corbett Exs. A and B.

{00374020;v1}

The proper remedy for this liability is issuance of a permanent injunction, an award of monetary damages, and the recovery of attorney fees and costs. *See Rhino Assocs., L.P. v. Berg Mfg. & Sales Corp.*, 2008 U.S. Dist. LEXIS 2379 at *10-*11 (M.D. Pa 2008) (awarding permanent injunction and monetary damages upon granting default judgment); *see also Loctite Corp. v. Fel-Pro, Inc.*, 667 F.2d 577, 584-85 (7th Cir. 1981) (affirming district court's award of attorney's fees for failure to obey court order to provide discovery); 35 U.S.C. § 283.

### A.  A Permanent Injunction is Warranted.

Girafa requests that the Court permanently enjoin Smartdevil from infringing Girafa's '904 patent. The Court has bent over backwards for Smartdevil and enough is enough. Smartdevil's failure to respond to this litigation in parallel with its continuing disregard for Girafa's rights, warrant the issuance of a permanent injunction against further infringement of Girafa's patent.

### B.  Girafa Is Entitled To An Award Of Damages.

Smartdevil's website reports that it is "[n]ow serving over 200 million thumbshots per month." Ran Decl. ¶ 9; Ran Ex. A, p. 3. If Smartdevil had stopped infringing, this business would have been Girafa's.

Girafa charges approximately $0.20/1000 thumbnails,    **REDACTED**

Ran Decl. ¶ 10. Therefore, Smartdevil's infringement has caused Girafa to lose

**REDACTED**

approximately $860,000 to date. Ran Decl. ¶ 10.

### C. Girafa Is Entitled to Enhanced Damages Based Upon Smartdevil's Willful Infringement.

Since Smartdevil has continued to infringe without any reasonable basis, it has done so willfully. Moreover, Smardevil's embedding of Girafa's name within its websites to intercept customers seeking Girafa, further shows Smartdevil's blatant disregard for Girafa's patent rights. Ran Decl. Exs. E and F. Girafa therefore requests that the Court treble the damages award.

### D. Attorney Fees Should Be Awarded.

Girafa is entitled to recovery of reasonable attorney fees incurred pursuant to 35 U.S.C. § 285, and Girafa simply requests the amount of fees required to bring this motion, which is $16,636. Corbett Decl. ¶ 4.

### E. Costs Should Be Awarded.

Girafa also requests that this Court award costs in the total amount of $490.00. The costs consist of the following:

Filing Fee: $350.00

Process Server: $140.00

Corbett Decl. ¶ 5.

## CONCLUSION

For the reasons stated above, Girafa respectfully requests that this Court:

(1) Enter Final Default Judgment finding Smartdevil liable on all Counts of the Complaint;

(2) Enter a permanent injunction against Smartdevil in the form attached to Girafa's Motion for Entry of Default Judgment Against Defendant Smartdevil, Inc.;

(3) Award Girafa $860,000 in damages against Smartdevil, pursuant to 35 U.S.C. § 284;

{00374020;v1}

(4) Award Girafa $16,636 in reasonable attorneys' fees against Smartdevil, pursuant to 35 U.S.C. § 285; and

4) Award Girafa costs in the amount of $490.00 against Smartdevil, pursuant to 35 U.S.C. § 284.

        ASHBY & GEDDES

        */s/ Tiffany Geyer Lydon*

        Steven J. Balick (I.D. # 2114)
        John G. Day (I.D. # 2403)
        Tiffany G. Lydon (I.D. #3950)
        500 Delaware Avenue, 8th Floor
        P.O. Box 1150
        Wilmington, DE 19899
        (302) 654-1888
        sbalick@ashby-geddes.com
        jday@ashby-geddes.com
        tlydon@ashby-geddes.com

        *Attorneys for Plaintiff Girafa.com Inc.*

*Of Counsel:*

William H. Mandir
John F. Rabena
Chandran B. Iyer
Shahrzad Poormosleh
Ryan M. Corbett
SUGHRUE MION, PLLC
2100 Pennsylvania Ave., N.W.
Washington D.C. 20037
(202) 293-7060
wmandir@sughrue.com
jrabena@sughrue.com
cbiyer@sughrue.com
spoormosleh@sughrue.com
rcorbett@sughrue.com

Dated: January 22, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of January, 2010, the attached **REDACTED PUBLIC VERSION OF PLAINTIFF GIRAFA.COM, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANT SMARTDEVIL, INC.** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Stephen Lim<br>stephen@smartdevil.com | VIA ELECTRONIC MAIL |
| Justin Lim<br>jhlim@smartdevil.com | VIA ELECTRONIC MAIL |
| Jeffrey L. Moyer, Esquire<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801 | HAND DELIVERY |
| Claude M. Stern, Esquire<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA  94111 | VIA ELECTRONIC MAIL |

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon

{00186932;v1}