**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **GIRAFA.COM, INC.,**<br><br>          Plaintiff,<br><br>     v.<br><br>**SMARTDEVIL INC.,**<br><br>          Defendant. | C.A. No. 07-787-SLR |

**PLAINTIFF GIRAFA.COM, INC.'S OPPOSITION TO SMARTDEVIL'S MOTION TO
SET ASIDE DEFAULT ORDER AND RELIEVE JUDGMENT**

Plaintiff Girafa.com, Inc. ("Girafa" or "Plaintiff") respectfully submits this Opposition to Smartdevil's Motion to Set Aside Default Order and Relieve Judgment, filed March 4, 2010 (DI 463).

None of Smartdevil's arguments, separately or together, warrants setting aside the default order or allowing Smartdevil to continue infringing the '904 patent. Service was proper, Smartdevil infringes valid claims, and that infringement is harming Girafa.

At the beginning of this case, Smartdevil wrote to the Court asking that the Court hold the default judgment in abeyance until after the patent was "validated via pre-trial or trial by the other defendants." D.I. 68, p. 1. Smartdevil continued "Should the outcome be in favor of the plaintiff, we'll take the proper steps to respect the laws of the U.S." *Id*. The Court appeased Smartdevil and allowed them to continue for two years, yet Smartdevil is apparently reneging on its promise.[1]

---

[1] As also pointed out in D.I. 68, Girafa offered in 2008 to forego damages from Smartdevil if Smartdevil would stop infringing ***at that time***. Girafa warned Smartdevil that if it did not stop at that time, Girafa would pursue financial damages. D.I. 68, p. 1. Smartdevil was informed of the risks, and made the conscious business decision to continue and grow its internet presence. Smartdevil did not make that decision for the benefit of mankind; that decision was based on the "Freemium" business

{00388727;v1}

**A. Service Was Proper**

Smartdevil simply misunderstands the laws governing service of process. Smartdevil was properly served twice, once by Girafa and once by the Court. In any event, Smartdevil has waived any objection to the manner of service.

**1) Smartdevil Waived Any Objection to Service of Process**

Smartdevil waived any defense of insufficient service, by defaulting and then waiting two years to raise the issue. A defense of insufficient service of process must be made in or at the time of a responsive pleading. Fed. R. Civ. P. 12(b). Smartdevil requested and was given five extensions to file an Answer in this case (D.I. 15, 27, 30, 38, 40), and then affirmatively stated that it would not file an Answer or participate in the litigation, thus waiving any defenses it could have raised in an Answer.[2] *E.g.*, D.I. 55.

**2) Service Was Proper**

Nevertheless, the service was proper. "The Hague Convention allows service to be effected using the more liberal methods provided in the Federal Rules of Civil Procedure and state long-arm rules as long as the nation receiving service has not objected to the method used." *Desouza v. Pettinaro Construction Co., Inc. et al.* Civ. No. 05-787-SLR, Memorandum Opinion

---

model that Smartdevil says it uses. Smartdevil Mem., p. 7. Thus, Smartdevil's goal is apparently to grow its internet presence enough to be bought-out by a large internet company; all at Girafa's expense.

[2] Smartdevil's reliance on *Thompson v. Mattleman* is misplaced. *Thompson v. Mattleman, Greenberg, Shmerelson, Weinroth & Miller, et al.*, 1995 WL 321898 (E.D. Pa. May 26, 1995). In *Thompson,* one defendant was not held in default because it had moved for leave to file an answer a few weeks after the answer was initially due, demonstrating that defendant's willingness to participate in the lawsuit. For the other defendants, service of process was held improper because the process servers did not include an affidavit showing why the persons with whom they left the complaint appeared to be authorized to accept service. *Id*. at *5. In the instant case, Smartdevil expressly declined to participate in the litigation for two years, until the trial date has passed and all of the other defendants have settled. In addition, the Bailiff's Affidavit of Service indicates that Mr. Lim declared in 2008 "that he is a person appearing in care and control and/or management of [Smartdevil] and is authorized to accept service of legal process on its behalf." D.I. 14.

May 5, 2009, D.I. 104, p. 7.  *See, also*, Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 10, Nov. 15, 1965, 20 U.S.T. 361 [hereinafter "Hague Convention"].  These 'Article 10' service methods include postal channels as well as via the judicial officers or officials of the State of destination; Canada did not object to service by any of the Article 10 methods.  *See* Hague Convention art. 10; *see also* Rabena Ex. 1, p. 2.

The Complaint was properly served upon Smartdevil in two ways.  First, pursuant to Article 10 of the Hague Convention, the Quebec Chamber of Justice sent a Bailiff to Smartdevil's business address who served Smartdevil by hand.  The Bailiff's Affidavit states: "STEPHANE LIM declared to me that he is a person appearing in care and control and/or management of the said respondent company and is authorized to accept service of legal process on its behalf." D.I. 14.[3]

Second, and also pursuant to Article 10, this Court's Deputy Clerk mailed the Summons and Complaint to that same Smartdevil address and it was received by Stephen Lim of Smartdevil.  In fact, when Mr. Lim wrote to the Court on March 25, 2008, he attached a copy of the Summons, the Complaint, and the Court's mailing label. D.I. 55.

Smartdevil's assertion that a French translation was required to be effective service is also misplaced.  First, the translation requirement is only for service "under the first paragraph [of Article 5]." Hague Convention, Article 5, paragraph 3.  Second, even under Article 5 service, English translations can be used if the recipient understands English, as Mr. Lim certainly does.  Rabena Ex. 1, p. 1 ("…allow translation in English at the condition that the recipient understands

---

[3] "Stephane" is the French name translation for "Stephen."

this language."). Moreover, no translation is required when service is effected pursuant to Article 10, to which Canada has not objected. Rabena Ex. 1, p. 2.

### B. Smartdevil Infringes Under The Court's Claim Construction

Smartdevil's belated noninfringement and invalidity arguments do not even address all of the relevant '904 patent claims, and therefore cannot possibly be the basis to avoid a default judgment.

Nevertheless, Smartdevil's arguments themselves are inapposite. First, the Court's ruling on divided infringement held that Snap's and IAC's method of displaying thumbnails, where a *user must mouse-over* a link in order to display the thumbnail, did not infringe. DI 438, p. 5 and fn. 3. But the Court's ruling has no application to Smartdevil's system. As shown in the screenshot below, Smartdevil's display method is automatic and immediate, and does not require a user to mouse over the link to be displayed.



Corbett Ex. A to Girafa's Motion for Default (D.I. 453), Par. 71.

Moreover, the patent-in-suit includes system and database structure claims that are not subject to the Court's divided infringement ruling.[4] Accordingly, there is nothing in the Court's claim construction or summary judgment rulings that precludes a default judgment against Smartdevil.

---

[4] Girafa recognizes that the Court held claims 1 and 18 to be indefinite based on the recitation of "the home page," but that ruling does not affect many of the '904 patent claims which omit that phrase. *E.g.*, claims 16, 17, 33, 34, 35, 36, 38, 40, 41, 43, 44, 46, 47, 49, 51, 52, 54, 55. At least these claims are valid and infringed by Smartdevil.

### C. Smartdevil Continues to Harm Girafa

Finally, Smartdevil submits a 2004 article about Girafa's success, in an effort to show that Smartdevil's infringement is not harming Girafa today. Nothing that Girafa's COO said to the press six years ago in 2004 about the nascent state of the market at that time, changes the fact that Smartdevil's infringement harms Girafa today. As explained more fully in the papers supporting Girafa's Motion for Entry of Default Judgment (D.I. 451-4, 461-2), Girafa's business has declined drastically since 2006 when unlawful competitors such as Smartdevil began serving hundreds of millions of thumbnails per month. *See, e.g.*, D.I. 454.

### Conclusion

For the reasons set forth above and in Girafa's papers supporting its Motion for Entry of Default Judgment (D.I. 451-4, 461-2), Girafa respectfully requests that the Court issue the requested default judgment, including enjoining Smartdevil from continuing its infringement, and awarding Girafa its damages, fees, and costs.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. # 2114)
John G. Day (I.D. # 2403)
Tiffany G. Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Girafa.com Inc.*

*Of Counsel:*

William H. Mandir
John F. Rabena
Chandran B. Iyer
Shahrzad Poormosleh
Ryan M. Corbett
SUGHRUE MION, PLLC
2100 Pennsylvania Ave., N.W.
Washington D.C. 20037
(202) 293-7060
wmandir@sughrue.com
jrabena@sughrue.com
cbiyer@sughrue.com
spoormosleh@sughrue.com
rcorbett@sughrue.com

Dated: March 12, 2010