IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GIRAFA.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> SMARTDEVIL INC., <br><br> Defendant. | C.A. No. 07-787-SLR |

**DECLARATION OF JOHN F. RABENA IN SUPPORT OF
PLAINTIFF GIRAFA.COM, INC.'S OPPOSITION TO
SMARTDEVIL'S MOTION TO SET ASIDE
<u>DEFAULT ORDER AND RELIEVE JUDGMENT</u>**

I, John F. Rabena, hereby declare and state as follows:

1. I am one of the attorneys representing plaintiff Girafa.com Inc. in the above action.

2. Attached as Exhibit 1 is a highlighted printout from the Hague Convention website regarding Canada's Declarations:

    (http://hcch.e-vision.nl/index_en.php?act=status.comment&csid=392&disp=resdn)

I declare under the penalty of perjury that the above is true and accurate.

Signed this 12th Day of March

*/s/ John F. Rabena*

John F. Rabena

# EXHIBIT 1

# Details

Declarations

Articles: 5,8,10,11,12,15,16,2

(Click here for the Central Authorities desi2nated bv Canada and other practical information)

Text of the declarations:

2. Methods of service employed by the Central Authority (Article 5)

2.1 Formal service (Article 5, paragraph 1, sub-paragraph a)

In Canada, service will be effected according to the methods of service prescribed by the laws in force in each province and territory.
The normal procedure that will be used by Central Authorities in Canada is personal service made by a sheriff or deputy sheriff or a huissier in Quebec, on an individual or on a corporation by handing a copy of the document to the defendant in person, wherever he may be, or to the President, Chairman or other Chief Officer of a corporation at the place of business. Service may also be effected by leaving a copy of the document with a person of a reasonable age at the defendant's domicile or residence.
Where service is made on a corporation, provincial laws usually provide for service on a director or senior officer of the corporation or, in some cases, on a registered agent or on a responsible person at the registered office of the corporation.

2.2 Informal delivery (Article 5, paragraph 2)

The practice of informal delivery ("par simple remise") of judicial or extrajudicial documents is not known in Canada.

2.3 Service by a particular method (Article 5, paragraph 1, sub-paragraph b)

In Alberta, New Brunswick and Ontario, service will be made by certified mail at the option of the requesting party. In Ontario, the Central Authority will serve by any form of mail, at the option of the requesting party.

2.4 Translation requirements (Article 5, paragraph 3)

For both formal service and service by a particular method, translation requirements will depend on the province or territory concerned.
For Alberta, British Columbia, Newfoundland, Nova Scotia, Prince Edward Island, Saskatchewan, all documents must be written in or translated into English.
For Ontario, Manitoba, the Northwest Territories and Nunavut, all documents must be written in or translated into English or French.
For New Brunswick and the Yukon, all documents must be written in or translated into English or French. The Central Authority of New Brunswick or the Yukon may reserve the right to require documents to be translated into English or French depending on the language understood by the addressee.
For Quebec, translation will be required in all cases where the recipient does not understand the language in which the document is written. All documents which commence actions must be translated. Summary translation of all other documents is acceptable if the recipient agrees. Translation is to be done into the French language; however, the Quebec Central Authority may, upon request, allow a translation in English at the condition that the recipient understands this language.

Costs (Article 12, paragraph 2, sub-paragraph a)

C o s t s   f o r   e x e c u t i o n   o f   s e r v i c e   w i l l   b e   o f   $   5 0 . - C a n .                    http://hcch.e-vision.nl/index_Aen.php?act=status.comment&csid=392&disp=resdn                                                3/9/2010

3. Authority competent to complete the certificate of service (Article 6)

In addition to the Central Authorities, the sheriffs, deputy-sheriffs, sub-sheriffs, clerk of the court or his/her deputy for the judicial district (except in Manitoba where there are no judicial districts) in which the person is to be served or the huissiers (only in Quebec) are competent to complete the certificate of service.

B. Forwarding of requests for service to the Central Authority of another Contracting State

Forwarding Authorities (Article 3)

Requests for service to Central Authorities of other States may be transmitted by:

— The Attorney General for Canada
— The Attorneys General or the Ministry of Attorney General or Minister of Justice of a province or a territory — as the case may be
— Clerks of the courts and their deputies for a judicial or a court district
— The members of the law societies of all provinces and territories
— The member of the Board of Notaries of the Province of Quebec (for non-litigious matters only)
— Local registrars
— The huissiers and sheriffs
— The prothonotaries and deputy prothonotaries
— The "Percepteur des pensions alimentaires" in Quebec.

I Transmission through consular or diplomatic channels (Articles 8 and 9)

A Acceptance

On accession, Canada has not declared that it objects to service by consular or diplomatic channels on its territory.

Receiving authority (Article 9, paragraph 1)

The Central Authorities in Canada designated in accordance with Articles 2 and 18 of the Convention are competent to receive requests for service transmitted by a foreign consul within Canada.

B Forwarding to the Contracting States

Canada does not object to service by consular channels of Canadian documents abroad providing that the recipient accepts this method of service.

II Transmission through postal channels (Article 10, sub-paragraph a))

A Acceptance

Canada does not object to service by postal channels.

B Forwarding to other Contracting States

Canadian law allows the use of postal channels to serve Canadian documents to persons abroad.

III Service through judicial officers, notably "huissiers", etc. of the requested State (Article 10, sub-paragraphs b) and c))

On accession, Canada has not declared to object to methods of service of Article 10, sub-paragraphs b) and c).

IV Other direct channels (Article 11); special agreements (Articles 24 and 25)

GUARANTEES UNDER THE CONVENTION

Declarations made pursuant to Articles 15, paragraph 2, or 16, paragraph 3.

1. <u>Stays of entry</u> (Article 15, paragraph 2)

Canada declares that the judges may give judgment under the conditions stated in Article 15 of the Convention.

2. <u>Relief from expiration of the period of time for appeal</u> (Article 16, paragraph 3)

Canada declares that an application filed under Article 16 of the Convention will not be entertained if it is filed after the expiration of one year following the date of the judgment, except in exceptional cases determined by the rules of the Court seized of the matter."