IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GIRAFA.COM, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 07-787-SLR ) |
| SMARTDEVIL INC., | ) ) |
| Defendant. | ) |

Steven J. Balick, Esquire, John G. Day, Esquire, and Tiffany Geyer Lydon, Esquire, of Ashby & Geddes, Wilmington, Delaware.  Counsel for Plaintiff.  Of Counsel: William H. Mandir, Esquire, John F. Rabena, Esquire, Carl J. Pellegrini, Esquire, Chandran B. Iyer, Esquire, Trevor C. Hill, Esquire, and Ryan M. Corbett, Esquire, of Sughrue Mion, PLLC, Washington, D.C.

Stephen Lim, Quebec, Canada, pro se on behalf of defendant Smartdevil Inc.

**MEMORANDUM OPINION**

Dated: August 4, 2010
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Girafa.com, Inc. ("Girafa") initiated this patent infringement suit pursuant to 35 U.S.C. § 271 on December 5, 2007, alleging that defendant Smartdevil Inc. ("Smartdevil"), among others, infringed upon U.S. Patent No. 6,864,904 ("the '904 patent"). (D.I. 1) Although Girafa's complaint named nine defendants (collectively, "defendants"), all but Smartdevil have since been dismissed. Smartdevil did not file a responsive pleading and default in appearance was entered. (D.I. 67) Presently before the court are Girafa's motion for default judgment (D.I. 451) and Smartdevil's motion to set aside the order entering a default in appearance.[1] (D.I. 463).

## II. BACKGROUND

Following the filing of Girafa's complaint, a summons was issued as to Smartdevil on December 5, 2007. On January 2, 2008, Girafa docketed an "Affidavit of Service" dated December 10, 2007 from Michel Fiset ("Fiset") stating that, as a sworn Bailiff in the Province of Quebec, Fiset personally served Girafa's complaint and summons on Smartdevil at 2156 Rousseau Street, Montreal, Quebec, Canada. (D.I. 14) Further, Fiset swore that "Stephane Lim, President [of Smartdevil], declared to [Fiset] that he is a person appearing in care and control and/or management of [Smartdevil,] and is authorized to accept service of legal process on its behalf." (*Id.*) Smartdevil did not file a response.

From January 5 through February 29, 2008, five consecutive stipulations

---

[1]Final judgment on the merits has not been entered against Smartdevil and is the subject of Girafa's motion. Thus, Smartdevil's motion is moot to the extent that it seeks relief from final judgment, and will be treated as a motion to set aside the court's order of April 21, 2008. (D.I. 67)

between Girafa and Smartdevil were filed in order to extend Smartdevil's deadline to answer the complaint. (D.I. 15; D.I. 27; D.I. 30; D.I. 38; D.I. 40) In the pendency of an answer, Girafa filed a motion for preliminary injunction on March 13, 2008 as to all named defendants. (D.I. 41) After extensive briefing, the court denied the motion on December 9, 2008. (D.I. 242)

In lieu of filing an answer, Smartdevil's President Stephen Lim ("Lim") sent a letter to the court on March 25, 2008 which requested that judgment be postponed "until [Girafa] has proved the validity of the patent."[2] (D.I. 55 at 1) In so doing, Lim explained that he was not able to afford representation in the United States and was in the process of finding a reasonably-priced attorney. (*Id.*) In addition, Lim offered his opinion that default judgment would be improper because the '904 patent is invalid. (*Id.*)

On April 14, 2008, Girafa filed a request for entry of default in appearance under Federal Rule of Civil Procedure 55(a) against Smartdevil for failure to plead or otherwise defend the action. (D.I. 63) In an order dated April 21, 2008, the court granted Girafa's motion for a default in appearance, but reserved consideration of a motion for default judgment until the case was resolved against the other defendants.[3] (D.I. 67) On April 25, 2008, the court received a letter from Lim recalling his prior letter

---

[2]Lim also attached, inter alia, a copy of the Summons (D.I 55 at 5), a copy of the Complaint (*Id.* at 6-13), and a mailing label (*Id.* at 14 (sent from "Stephen Lin, Smartdevil, 2156 Rousseau, Lasalle, Quebec H8N 1K7 Canada")) as appendices to the letter.

[3]A copy of the order was mailed to "Stephen Lim, Smartdevil, Inc., 2156 Rousseau, Montreal, Quebec H8N 1K7, Canada" on April 21, 2008.

and urging his company's good faith attempt to cooperate in the proceedings. (D.I. 68)

On June 1, 2009, the remaining defendants filed motions for summary judgment on the issues of non-infringement (D.I. 302; D.I. 309; D.I. 316; D.I. 317) and invalidity (D.I. 313; D.I. 320). Deeming that summary judgment of invalidity was inappropriate under 35 U.S.C. § 112 and 35 U.S.C. § 103, the court issued an order on September 15, 2009 denying defendants' motions.[4] (D.I. 430)

On September 25, 2009, the court issued a memorandum order revising its construction of the claims in the '904 patent. (D.I. 438) Importantly, the court determined that claims 1 and 18 were indefinite under 35 U.S.C. § 112 due to the imprecise scope of the term "home page." (Id. at 3-5) In addition, the court construed the term "providing" to mean "displaying," thereby requiring multiple parties' participation to infringe the '904 patent. (Id. at 5) In so doing, the court stated, "[t]he law of divided infringement, in these instances, does prohibit infringement by defendants."[5] (Id.) Shortly thereafter, the case was dismissed by stipulation with respect to each of the other defendants.

On January 22, 2010, Girafa filed a motion for default judgment as to Smartdevil. (D.I. 451) Lim responded in a letter dated January 27, 2010. (D.I. 459) In further effort to demonstrate Smartdevil's inability to procure reasonable representation, Lim

---

[4]In a memorandum opinion dated September 14, 2009 (D.I. 429), the court reserved defendants' motions for summary judgment of non-infringement for a separate opinion.

[5]That is, direct infringement could lie only if a defendant "exercise[d] 'control or direction' over the entire process such that every step is attributable to the controlling party, i.e., the 'mastermind.'" (D.I. 438 at 6 (quoting *Muniaction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008))

3

attached financial statements to his letter, commenting that Smartdevil could not afford a minimum retainer fee of $50,000. (*Id.* at 2) On March 4, 2010, Lim filed a motion to set aside default on behalf of Smartdevil. (D.I. 463)

## III. STANDARD OF REVIEW

The entry of default, the granting of default judgment, and the setting aside of default are provided for in Federal Rule of Civil Procedure 55. This rule states in relevant part:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk–on the plaintiff's request, with an affidavit showing the amount due–must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . . .
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment . . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing . . . .
>
> (c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

Fed. R. Civ. P. 55. "In general, the entry of default and default judgment are disfavored because they prevent a plaintiff's claims from being decided on the merits." *Thompson v. Mattleman, Greenberg, Shmerelson, Weinroth & Miller*, Civ. No. 93-2290, 1995 WL 321898, at *3 (E.D. Pa. May 26, 1995) (citing *Medunic v. Lederer*, 533 F.2d 891, 893-

94 (3d Cir. 1976)); *accord United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (requiring courts to avoid default judgment in doubtful cases).

## IV. DISCUSSION

Keeping in mind the preference in the Third Circuit to allow cases to be heard on their merits, the court must consider Smartdevil's motion under Rule 55(c) and Girafa's motion under Rule 55(b). This is a two-step process. First, the court must decide whether service of process was sufficient to confer jurisdiction upon the court. Second, the court must balance the equities to determine whether the entry of default in appearance was proper and, if so, whether default judgment is warranted.

### A. Service of Process

As a threshold matter, Smartdevil argues that default in appearance should be set aside because service of process was insufficient. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1303-04 (3d Cir. 1995) (affirming the denial of entry of default where service was not proper); *see also Thompson*, 1995 WL 321898, at *4 ("Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that he must have been effectively served with process."). Girafa argues that Smartdevil waived any objection based on service of process by not filing a responsive pleading after being afforded five extensions to file and that, notwithstanding waiver, service was properly administered.

In order to effectuate service upon a corporation in a foreign country, a plaintiff must comply with Federal Rule of Civil Procedure 4(h):

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served:

> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h). Subdivision (f) states in relevant part:

> Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed - may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [(the "Hague Convention")].

Fed. R. Civ. P. 4(f). It is undisputed that Smartdevil did not file a waiver of service of process. Thus, the court must determine whether Smartdevil was properly served under the Hague Convention.

Smartdevil contends that Girafa did not comply with the formal requirements of Article 5 of the Hague Convention because Girafa did not employ the Quebec Central Authority to effectuate service, and because the summons and complaint were not translated into French. *See, e.g.*, Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 5, Nov. 15, 1965, 20 U.S.T. 361, 16 I.L.M. 1339. Although the Hague Convention allows for service through the Central Authority under Article 5, it is not mandatory. *See Id.* In conformance with Article 10 of the treaty, Third Circuit precedent does not require that a plaintiff engage the Central Authority as an intermediary. *See DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 288 (3d Cir. 1981) ("The Hague Convention allows service to be effected without utilizing the Central Authority as long as the nation receiving service has not objected to the method used."). Under Article 10 of the Hague Convention, Canada

does not object to service by postal channels. (D.I. 465 at 2); *see also DeSouza v. Pettinaro Construction Co.*, 2009 WL 1220533, at *4 (D. Del. May 5, 2009). Furthermore, Quebec only requires translation into French when the recipient does not understand the language of the document, when the sender has not requested allowance for an English translation and, importantly, only when service occurs through the Central Authority under Article 5. *See* THE WORLD ORGANISATION FOR CROSS-BORDER CO-OPERATION IN CIVIL AND COMMERCIAL MATTERS, *Declarations*, http://hcch.e-vision.nl/index_en.php?act=status.comment&csid=392&disp=resdn (last visited July 29, 2010); U.S. DEP'T OF STATE, *Judicial Assistance in Canada*, http://travel.state.gov/law/judicial/judicial_682.html (last visited July 29, 2010); *see also Wright v. American Home Products Corp.*, 768 A.2d 518, 526 (Del. Super. 2000) (finding service through mail of untranslated copies of complaint to French defendants proper under Article 10(a) of the Hague Convention). Girafa argues that Lim's correspondence proves that he is an English speaker and, notwithstanding, Girafa's methods of service do not fall under Article 5 of the Hague Convention. The court agrees. Girafa did not choose to engage the Central Authority and service may not be deemed insufficient under the formalities of Article 5.

Smartdevil further argues that service of process was insufficient because no authorized person received service on behalf of Smartdevil. The two methods of service employed by Girafa were: (1) hand service to Lim by a Bailiff of the Quebec Chamber of Justice (D.I. 14); and (2) by mail (D.I. 55 at 5-14). With respect to the first method, Girafa provides an affidavit from the Bailiff who served "Stephane Lim,"

swearing that the recipient was authorized to receive process. (D.I. 14) In opposition, Smartdevil provides an affidavit from Yue Ying Ma averring that Lim was not at the address to which process was allegedly served, and argues that "Stephane Lim" (in contrast to **Stephen** Lim) is not the name of a person connected to Smartdevil. (D.I. 463, App. B); see FROF, Inc. v. Harris, 695 F. Supp. 827, 829 n.3 (E.D. Pa. 1988) (stating that claim of insufficient service of process might be tenable if defendant provided affidavits of others placing defendant elsewhere when service was allegedly executed). Notwithstanding,[6] Girafa's second method of service was sufficient to effectuate service on Smartdevil. As evidenced by Lim's inclusion of copies of the summons, complaint, and a mailing label addressed to the office of the Clerk of this court, Smartdevil received service through the mail by at least March 27, 2008.[7] (D.I. 55 at 5-14) Thus, the court will not set aside default on the basis of insufficient service of process.

### B. Default in Appearance

Having determined that service was proper, the court must now determine whether to set aside the default in appearance under Rule 55(c). "Between the extremes of repeated contumacious conduct and innocent procedural error are the

---

[6]Although Smartdevil maintains that "Stephane Lim" is not a person connected to Smartdevil, "Stephane" is merely a French cognate of the Anglo-Saxon name Stephen. Behind the Name: Meaning, Origin, and History of the Name Stèphane, http://www.behindthename.com/name/ste10phane (last visited July 29, 2010). Thus, no controversy exists as to the identity of the individual to whom Fiset swore he served process; however, it is still unclear as to Lim's location that day.

[7]Because service took place in a foreign country under Rule 4(f), the 120-day time limit for service does not apply. See Fed. Rule. Civ. P. 4(m). Notwithstanding, Lim was served no later than 113 days after the complaint was filed.

manifold instances of neglect and inadvertence that require trial courts to weigh the equities of the situation and the need for the efficacious resolution of controversies. The exercise of such judgment does not lend itself to a rigid formula or to a per se rule." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). In weighing the equities presented in this case, three factors inform the court's analysis: "(1) prejudice to the plaintiff if default is [set aside], (2) whether the defendant appears to have a [meritorious] defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *$55,518.05 in U.S. Currency*, 728 F.2d at 195; *see International Broth. of Elec. Workers, Local Union No. 313 v. Skaggs,* 130 F.R.D. 526, 529 n.1 (D. Del. 1990) (holding that the Third Circuit applies the same standard for default in appearance as for default judgment). "It is well settled in [the Third Circuit] that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz*, 732 F.2d at 1180 (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)); *see also Langdon v. Google, Inc.*, 474 F. Supp. 2d 622, 627-28 (D. Del. 2007). Although the weighing of each factor is discretionary, the court must be mindful of the Third Circuit's preference for allowing claims to be heard on their merits. *See Thompson*, 1995 WL 321898, at *3.

### 1. Prejudice

Girafa may show prejudice by proving "loss of available evidence, increased potential for fraud or collusion, or substantial reliance" upon the entry of default. *Mike Rosen & Assocs., P.C. v. Omega Builders Ltd.*, 940 F. Supp. 115, 117-18 (E.D. Pa. 1996). Girafa has failed to do so. Instead, Girafa argues that Smartdevil's lack of

appearance has caused irreparable harm and has "deprived Girafa of any other means to vindicate its claim." (D.I. 455 at 3) Without further explanation, Girafa urges that its claim will be barred if the default in appearance is set aside, and that it will experience "the gravest prejudice." (*Id.*) "Delay in realizing the satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening of a default . . . entered at an early stage of the proceeding." *Omega Builders*, 940 F. Supp. at 117-18 (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-67 (3d Cir. 1982)). Although Smartdevil's delay has been substantial, Girafa has not put forth sufficient evidence of resulting prejudice. Moreover, if the default in appearance is set aside, Girafa's claim will not be extinguished; there is no evidence of record of Girafa's costs, any indication of a time-bar, or any other reason to believe that Girafa will be completely foreclosed from bringing suit against Smartdevil. If Smartdevil's inability to procure representation persists unreasonably, then the court may consider entering default judgment. *See Feliciano*, 691 F.2d at 657 (finding no prejudice where relief under Rule 60(b) was available). Given the disfavor with which courts regard an entry of default judgment, Girafa must do more than simply conclude that prejudice exists.

### 2. Meritorious defense

"Rule 55 does not require the defaulting party 'to prove beyond a shadow of a doubt that [it] will win at trial, but merely to show that [it has] a defense to the action which at least has merit on its face.'" *Dizzley v. Friends Rehabilitation Program, Inc.*, 202 F.R.D. 146, 148 (E.D. Pa. 2001) (quoting *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Smartdevil must "allege specific facts beyond simple denials or

[conclusory] statements." *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (citing *Tozer*, 189 F.2d at 244). Girafa recognizes that the court's September 25, 2009 order granted defendants' motion for summary judgment of invalidity under 35 U.S.C. § 112 as to claims 1 and 18 of the '904 patent. (D.I. 438 at 5) In the same order, the court held that defendants do not infringe the '904 patent under the law of divided infringement without proof that they exercise control over the claimed process. (*Id.* at 6) Applying the court's order, Smartdevil attacks the validity of all of the claims of the '904 patent. (D.I. 469 at 4-5) Further, Smartdevil provides a detailed explanation as to why it does not infringe the '904 patent, including screenshots of the allegedly infringing web site "Thumbshots.net." (*Id.* at 5-9) Because Smartdevil presents facially meritorious defenses to Girafa's claim of infringement of the '904 patent, this factor weighs strongly in favor of setting aside the entry of default in appearance.

### 3. Culpable conduct

"For the purposes of Rule 55, culpable conduct is 'dilatory behavior that is willful or in bad faith.'" *Dizzley*, 202 F.R.D. at 148 (quoting *Gross v. Stereo Component Sys.*, 700 F.2d 120, 124 (3d Cir. 1983)). Smartdevil has maintained from the early stages of this proceeding that it is unable to defend against Girafa's claims due to Smartdevil's inability to afford representation in the United States. (*See, e.g.*, D.I. 55; D.I. 68; D.I. 459 (containing financial statements of Smartdevil, Inc. dated December 31, 2008)). Girafa argues that Smartdevil is attempting to skirt the American judicial system, and that Smartdevil has escalated its infringement in the process. The circumstances do not suggest that such culpable conduct is occurring. Smartdevil has submitted

evidence of its willingness to work towards resolution of this case, including: (1) correspondence with Girafa (D.I. 55 at 3); (2) correspondence with the court (D.I. 68); (3) financial records (D.I. 459 at 2); and (4) its good faith belief that it is not responsible for infringing the '904 patent (D.I. 469). Smartdevil's initial delay resulted from inability to afford counsel and its post-default delay resulted from the court's order that consideration of default judgment would be reserved until Girafa's claims were resolved against the other defendants. The time between Girafa's original motion for default in appearance (D.I. 63) and its motion for default judgment (D.I. 451) spanned nearly two years, and Smartdevil filed a motion to set aside the default in appearance (D.I. 463) shortly after it was apprised of Girafa's motion for default judgment. Thus, the court finds that Smartdevil's delay was not attributable to bad faith and, therefore, does not rise to the level of culpable conduct.[8]

## IV. CONCLUSION

For the reasons stated above, the court grants Smartdevil's motion to set aside the default in appearance entered against Smartdevil on April 21, 2008 and denies as moot Girafa's motion for default judgment. An appropriate order shall issue.

---

[8] Because the entry of default in appearance is set aside, Girafa's motion for default judgment (D.I. 451) is moot.